CR 02-938 DOC – 2/22/2006 – Day 1, Volume I

1

1    UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA

3    HONORABLE DAVID O. CARTER, JUDGE PRESIDING

4    - - - - - - -

FILED

MAR – 1 2006

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

5    UNITED STATES OF AMERICA,       )
6            Plaintiff,              )
                                     )
7        vs.                         )  No. CR 02-938 DOC
                                     )     Day 1, Volume I
8    BARRY BYRON MILLS, TYLER DAVIS  )
     BINGHAM, CHRISTOPHER OVERTON    )
9    GIBSON, and EDGAR WESLEY HEVLE, )
                                     )
10           Defendants.             )

11   _____

**ORIGINAL**
Debbie Gale, CSR 9472

12

13

14

15   REPORTER'S TRANSCRIPT OF PROCEEDINGS

16   Jury Trial

17   Santa Ana, California

18   Wednesday, February 22, 2006

19

20   Debbie Gale, CSR 9472, RPR
21   Federal Official Court Reporter
     United States District Court
22   411 West 4th Street, Room 1-053
     Santa Ana, California 92701
23   (714) 558-8141

ENTER ON ICMS
MAR 7 2006
CSR
2838

24

25   AB2006-02-22 Jury Selection D2V1

*DEBBIE GALE, U.S. COURT REPORTER*

1    **APPEARANCES OF COUNSEL:**

2    On behalf of the Plaintiff UNITED STATES OF AMERICA:

3                    DEPARTMENT OF JUSTICE
                     OFFICE OF THE UNITED STATES ATTORNEY
4                    BY:  STEPHEN WOLFE
                          MICHAEL EMMICK
5                         Assistant United States Attorneys
                     1400 United States Courthouse
6                    312 N. Spring Street
                     Los Angeles, California 90012
7                    (213) 894-0511

8                        -AND-

9                    DEPARTMENT OF JUSTICE
                     OFFICE OF THE UNITED STATES ATTORNEY
10                   BY:  TERRI FLYNN
                          Assistant United States Attorneys
11                   411 West Fourth Street
                     Suite 8000
12                   Santa Ana, California 92701
                     (714) 338-3500

13

14

15   On behalf of the Defendant BARRY BYRON MILLS:

16                   LAW OFFICES OF H. DEAN STEWARD
                     By:  H. DEAN STEWARD
17                        Attorney at Law
                     107 Avenida Miramar
18                   Suite C
                     San Clemente, California 92672
19                   (949) 481-4900

20                       -AND-

21                   LAW OFFICES OF MARK F. FLEMING
                     By:  MARK F. FLEMING
22                        Attorney at Law
                     433 "G" Street
23                   Suite 202
                     San Diego, California 92101
24                   (619) 652-9970

25

```
 1    APPEARANCES (Continued):

 2    On behalf of the Defendant TYLER DAVIS BINGHAM:

 3
                    LAW OFFICES OF MICHAEL V. WHITE
 4                  BY:  MICHAEL V. WHITE
                         Attorney at Law
 5                  1717 Fourth Street
                    Third Floor
 6                  Santa Monica, California 90401
                    (310) 576-6242
 7
                    -AND-
 8

 9                  STEWART & HARRIS
                    BY:  WILLIAM S. HARRIS
10                       Attorney at Law
                    1499 Huntington Drive
11                  Suite 403
                    South Pasadena, California 91030
12                  (626) 441-9300

13

14    On behalf of the Defendant CHRISTOPHER OVERTON GIBSON:

15
                    LAW OFFICES OF KENNETH A. REED
16                  BY:  KENNETH A. REED
                         Attorney at Law
17                  404 West Fourth Street
                    Suite C
18                  Santa Ana, California 92701
                    (714) 953-7400
19
                    -AND-
20

21                  LAW OFFICES OF PETER SCALISI
                    BY:  PETER SCALISI (Not present)
22                       Attorney at Law
                    17897 MacArthur Boulevard
23                  Second Floor
                    Irvine, California 92614
24                  (949) 261-9914

25
```

1    APPEARANCES (Continued):

2

3    On behalf of the Defendant EDGAR WESLEY HEVLE:

4

5                   LAW OFFICES OF BERNARD J. ROSEN
                    BY:  BERNARD J. ROSEN
6                        Attorney at Law
                    1717 Fourth Street
7                    Suite 300
                    Santa Monica, California 90401
8                    (310) 451-4577

9                    -AND-

10                   LAW OFFICES OF DONALD J. CALABRIA
                    BY:  DONALD J. CALABRIA
11                       Attorney at Law
                    16133 Ventura Boulevard
12                   Suite 600
                    Encino, California 91436
13                   (818) 990-0110

14

15

16

17

18

19

20

21

22

23

24

25

1                            I N D E X

2    **PROCEEDINGS**                                    **PAGE**

3    Jury Voir Dire                                     31

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

|          |    |                                                          |
|----------|----|----------------------------------------------------------|
|          | 1  | **SANTA ANA, CALIFORNIA, WEDNESDAY, FEBRUARY 22, 2006**   |
|          | 2  | **Jury Trial - Day 1, Volume I**                         |
|          | 3  | *(9:02 a.m.)*                                            |
| 09:02:22 | 4  | THE COURT:  Let's go on the record.                      |
| 09:02:43 | 5  | We're on the record.  And first of all, Mr. Mills,       |
| 09:02:46 | 6  | good morning.  Mr. Fleming's here, also.  Mr. Steward.    |
| 09:02:50 | 7  | Gentlemen, how are each of you today?                    |
| 09:02:53 | 8  | COUNSEL AND DEFENDANT:  Fine, Your Honor.                |
| 09:02:54 | 9  | THE COURT:  Good.                                         |
| 09:02:54 | 10 | Mr. Bingham's here.  Mr. White, Mr. Harris.  Good        |
| 09:02:57 | 11 | morning, gentlemen.                                       |
| 09:02:58 | 12 | COUNSEL AND DEFENDANT:  Good morning.                    |
| 09:02:59 | 13 | THE COURT:  Mr. Calabria, Mr. Rosen, Mr. Hevle are       |
| 09:03:02 | 14 | here.  Good morning.                                      |
| 09:02:58 | 15 | COUNSEL AND DEFENDANT:  Good morning.                    |
| 09:03:04 | 16 | THE COURT:  Mr. Reed and Mr. Gibson are here.            |
| 09:03:06 | 17 | Good morning.  Mr. Scalisi is not here.                   |
| 09:02:58 | 18 | COUNSEL AND DEFENDANT:  Good morning.                    |
| 09:03:07 | 19 | THE COURT:  What happened was the jury                   |
| 09:03:09 | 20 | commissioner couldn't mix the names -- I didn't think that |
| 09:03:15 | 21 | through fully -- because they didn't know how many of the |
| 09:03:16 | 22 | 151 would return.  So I'm going to slow it down today a   |
| 09:03:16 | 23 | little bit.  We have 143 people downstairs.  They're mixing |
| 09:03:21 | 24 | the names now.                                            |
| 09:03:22 | 25 | I'm going to have the names brought up, and we'll         |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

7

| | | |
|---|---|---|
| 09:03:25 | 1 | look at the first 18 names.  We just won't push the |
| 09:03:27 | 2 | envelope.  That means we'll probably need another half hour |
| 09:03:32 | 3 | with the jurors down there, 'cause I promised counsel that |
| 09:03:35 | 4 | they can have the names, and they can get out the first 18. |
| 09:03:37 | 5 | Can I have your permission to take the last seven |
| 09:03:41 | 6 | or eight people who will be habitually late and just add |
| 09:03:45 | 7 | them to the backside?  So if we have 143, and they mix now, |
| 09:03:50 | 8 | the last eight are thrown up in a random order and brought |
| 09:03:52 | 9 | up as they arrive. |
| 09:03:55 | 10 | Would that be okay, Mr. Fleming? |
| 09:03:55 | 11 | MR. FLEMING:  Yes. |
| 09:03:56 | 12 | THE COURT:  Mr. Steward? |
| 09:03:58 | 13 | MR. STEWARD:  Yes. |
| 09:03:59 | 14 | THE COURT:  Mr. White? |
| 09:04:01 | 15 | MR. WHITE:  Yes. |
| 09:04:01 | 16 | THE COURT:  Mr. Harris? |
| 09:04:04 | 17 | MR. HARRIS:  Yes. |
| 09:04:05 | 18 | THE COURT:  Mr. Rosen? |
| 09:04:09 | 19 | MR. ROSEN:  Yes. |
| 09:04:10 | 20 | THE COURT:  Mr. Calabria? |
| 09:04:11 | 21 | MR. CALABRIA:  Yes. |
| 09:04:12 | 22 | THE COURT:  Mr. Reed? |
| 09:04:14 | 23 | MR. REED:  Yes. |
| 09:04:16 | 24 | THE COURT:  I received a note also from |
| 09:04:17 | 25 | Juror No. 47 asking, "If at all possible, request to be |

| | | |
|---|---|---|
| 09:04:22 | 1 | relieved of jury duty due to the following: |
| 09:04:26 | 2 | Just returned from Tucson, Arizona, on Monday |
| 09:04:30 | 3 | the 20th of February after eight days." A long-time friend |
| 09:04:34 | 4 | of theirs was in St. Joseph's Hospital in Tucson. "They |
| 09:04:36 | 5 | requested we come in immediately because she had a second |
| 09:04:39 | 6 | heart attack." It goes on, "She needs constant supervision. |
| 09:04:47 | 7 | My wife cannot constantly do this. She is 73 years old, not |
| 09:04:53 | 8 | in good health. She called me last night and wants to come |
| 09:04:58 | 9 | home. I'd like to be excused so I can go there to help my |
| 09:05:02 | 10 | wife. I'm 74 years old." |
| 09:05:05 | 11 | MR. WHITE: We would stipulate, Your Honor. |
| 09:05:05 | 12 | THE COURT: Mr. Fleming? Mr. Steward? |
| 09:05:07 | 13 | MR. STEWARD: Stipulate. |
| 09:05:11 | 14 | MR. ROSEN: Stipulate. |
| 09:05:12 | 15 | MR. CALABRIA: Stipulate. |
| 09:05:14 | 16 | THE COURT: And Mr. Read? |
| 09:05:17 | 17 | MR. REED: Stipulate. |
| 09:05:20 | 18 | THE COURT: The government? |
| 09:05:22 | 19 | MR. WOLFE: Yes, Your Honor. |
| 09:05:23 | 20 | THE COURT: Now, the government. Mr. Wolfe, good |
| 09:05:23 | 21 | morning to you. Ms. Flynn, good morning. And Mr. Emmick |
| 09:05:23 | 22 | good morning. |
| 09:05:23 | 23 | COUNSEL: Good morning. |
| 09:05:23 | 24 | THE COURT: We have 143 jurors downstairs finally, |
| 09:05:26 | 25 | and it took a long time just to process them in. Remember, |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

9

| | | |
|---|---|---|
| 09:05:30 | 1 | I kept saying come back at 8:30?  Well, the jury |
| 09:05:36 | 2 | commissioner ordered them back at 7:45.  So a lot came in at |
| 09:05:39 | 3 | 7:45, some came in at 8:15, a lot came in at 8:30. |
| 09:05:41 | 4 | Can we mix the 143 names, and then take the last |
| 09:05:47 | 5 | seven or eight or whoever appears and just tack them onto |
| 09:05:48 | 6 | the end?  Mr. Wolfe, would that be acceptable? |
| 09:05:56 | 7 | MR. WOLFE:  Yes, Your Honor. |
| 09:05:57 | 8 | THE COURT:  Now, you're going the have the 18 |
| 09:05:57 | 9 | names just as soon as we can bring them up.  So you can put |
| 09:05:57 | 10 | them in order. |
| 09:05:57 | 11 | The next thing is, Mr. White -- I'm sorry -- |
| 09:06:01 | 12 | Mr. Steward, I reread the transcript. |
| 09:06:06 | 13 | On the Oechsle transcript, I kind of speed read |
| 09:06:09 | 14 | it.  I looked at it, don't think I fully understood when I |
| 09:06:12 | 15 | read it the first time, the 18-page letter, et cetera, sent |
| 09:06:16 | 16 | to the Attorney General.  It was something I read.  I just |
| 09:06:19 | 17 | didn't absorb it. |
| 09:06:22 | 18 | I'm wondering how to handle it.  I think the |
| 09:06:25 | 19 | gentleman's name who's the alleged homosexual who's put in |
| 09:06:26 | 20 | H-Unit is named Mr. Burr; is that correct? |
| 09:06:30 | 21 | MR. STEWARD:  Yes, Your Honor. |
| 09:06:30 | 22 | THE COURT:  Mr. Burr. |
| 09:06:30 | 23 | And there's allegedly an 18-page letter. |
| 09:06:33 | 24 | Mr. Emmick, have you read this, or Ms. Flynn?  I |
| 09:06:35 | 25 | expect you to divide your duties.  So I don't know who read |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

| | | |
|---|---|---|
| 09:06:35 | 1 | Oechlse's transcript. |
| 09:06:39 | 2 | MR. WOLFE:  I think perhaps we all have, |
| 09:06:41 | 3 | Your Honor. |
| 09:06:45 | 4 | THE COURT:  All right.  On Friday, I'd like to |
| 09:06:47 | 5 | take that up.  I'd like to know a couple things.  Maybe we |
| 09:06:50 | 6 | can cover that later, but not today.  I'd like to know if |
| 09:06:54 | 7 | the 18-page letter exists, to the Attorney General. |
| 09:06:58 | 8 | I'm going to be interested in some correspondence, |
| 09:07:00 | 9 | and I'm going to be interested in the Marion tapes, if there |
| 09:07:06 | 10 | are actually tapes involving the January incident. |
| 09:07:15 | 11 | Oechsle's not under oath, so whatever credibility I give to |
| 09:07:19 | 12 | that right now is whatever I give to it.  I don't know. |
| 09:07:22 | 13 | But the information's specific, and I think that |
| 09:07:25 | 14 | the defense has the right to bolster Oechsle's credibility. |
| 09:07:32 | 15 | And this is something that could bolster it. |
| 09:07:35 | 16 | Whether it pertains to outrageous government |
| 09:07:38 | 17 | conduct or not, I leave that way to the side for a moment. |
| 09:07:42 | 18 | That's an issue for the future.  And, as I said to both |
| 09:07:46 | 19 | sides, I want to look at that throughout the trial.  I'm |
| 09:07:49 | 20 | going to hear a lot more throughout this trial. |
| 09:07:52 | 21 | So I'm thinking, if you have the 18-page document, |
| 09:07:55 | 22 | you might start looking for it, you know, if it's in |
| 09:07:59 | 23 | Jessner's materials.  Some of this correspondence that |
| 09:08:02 | 24 | they're asking for, I'm going to be asking for. |
| 09:08:05 | 25 | I will certainly want to know if the Marion tape |

CR 02-938 DOC – 2/22/2006 – Day 1, Volume I

11

| | | |
|---|---|---|
| 09:08:07 | 1 | exists.  I'm not covering everything right now.  And |
| 09:08:08 | 2 | eventually, I might want to see -- I forget if it was Shoff, |
| 09:08:16 | 3 | allegedly, who helped Mr. Burr get from J-Unit to H-Unit or |
| 09:08:21 | 4 | something. |
| 09:08:22 | 5 | MR. FLEMING:  It was actually Manby. |
| 09:08:27 | 6 | THE COURT:  Manby.  I haven't spoken to Mr. Manby |
| 09:08:32 | 7 | yet, have I? |
| 09:08:33 | 8 | MR. FLEMING:  No. |
| 09:08:35 | 9 | THE COURT:  Is he available? |
| 09:08:35 | 10 | MR. FLEMING:  He still is employed at the ADX.  I |
| 09:08:39 | 11 | think we just confirmed that. |
| 09:08:41 | 12 | THE COURT:  At some point, I may want to talk to |
| 09:08:43 | 13 | Mr. Manby outside the presence of the jury, not now, and I'm |
| 09:08:47 | 14 | not sure if I do, yet.  And I certainly am going to want to |
| 09:08:49 | 15 | talk to Mr. Burr, and I don't know when. |
| 09:08:52 | 16 | I don't know if it's important right now, but |
| 09:08:54 | 17 | you're certainly going to have the 18 pages, if it exists. |
| 09:08:59 | 18 | You're going to have some of this correspondence, if it |
| 09:09:01 | 19 | exists.  But I'm not going to press the government, you |
| 09:09:04 | 20 | know, on the day of jury selection to do that.  So I'll |
| 09:09:07 | 21 | schedule a meeting with us on Friday, and we'll just talk |
| 09:09:11 | 22 | about it at that time. |
| 09:09:13 | 23 | I don't want you to lose your focus.  I want the |
| 09:09:15 | 24 | government to get a jury.  I don't want the defense to lose |
| 09:09:18 | 25 | their focus in terms of getting the jury.  We can resolve |

| | | |
|---|---|---|
| 09:09:22 | 1 | this on Friday -- Tuesday and Wednesday, if we need to next |
| 09:09:23 | 2 | week. |
| 09:09:24 | 3 | I also want Mr. Pennington *(sic)* down at that |
| 09:09:26 | 4 | time, and I want Mr. Beckwith back. So start thinking about |
| 09:09:37 | 5 | a date. Because a couple of these items, I'm going to want |
| 09:09:37 | 6 | under affidavit, I think. I'm still thinking that through. |
| 09:09:39 | 7 | And I want to read the transcript one more time. It's quite |
| 09:09:42 | 8 | a long transcript. But now, it's much more understandable. |
| 09:09:48 | 9 | Is there any reason we shouldn't just take a |
| 09:09:51 | 10 | half-hour recess? |
| 09:09:53 | 11 | MR. WHITE: Your Honor? |
| 09:09:54 | 12 | THE COURT: Mr. White. |
| 09:09:54 | 13 | MR. WHITE: Your Honor, the Court brought up the |
| 09:09:56 | 14 | issue of what kind of voir dire the Court might do. It |
| 09:09:59 | 15 | would be our request that the Court cover issues like |
| 09:10:02 | 16 | presumption of innocence, reasonable doubt, things like |
| 09:10:05 | 17 | that, if the Court would be so kind. |
| 09:10:12 | 18 | THE COURT: You'd like me to read that to them? |
| 09:10:15 | 19 | In other words, I'll bring up the fact that the government |
| 09:10:17 | 20 | has the burden of proof; that they must prove their case |
| 09:10:21 | 21 | beyond a reasonable doubt -- |
| 09:10:22 | 22 | MR. WHITE: Okay. |
| 09:10:22 | 23 | THE COURT: -- that the charging document is |
| 09:10:24 | 24 | simply to put us on notice; once again, that the defendants |
| 09:10:28 | 25 | are presumed to be innocent. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

13

| | | |
|---|---|---|
| 09:10:30 | 1 | MR. WHITE:  Thank you. |
| 09:10:30 | 2 | THE COURT:  If you would like me to explain |
| 09:10:33 | 3 | reasonable doubt -- |
| 09:10:34 | 4 | MR. WHITE:  No, no.  I don't think anybody can do |
| 09:10:35 | 5 | that. |
| 09:10:37 | 6 | THE COURT:  But I'll certainly make that reminder. |
| 09:10:40 | 7 | MR. WHITE:  Okay. |
| 09:10:40 | 8 | THE COURT:  But beyond that, I have no questions |
| 09:10:42 | 9 | to ask them.  They've answered everything.  It really sounds |
| 09:10:46 | 10 | like it's going to be musical chairs, except I want to give |
| 09:10:50 | 11 | Mr. Calabria and Mr. Reed a chance to introduce themselves |
| 09:10:53 | 12 | to the jury.  You haven't been able to ask questions yet, |
| 09:10:56 | 13 | and I want to give you gentlemen a chance.  I want to give |
| 09:10:58 | 14 | the government a chance. |
| 09:10:59 | 15 | Who would like to go first on voir diring the |
| 09:11:04 | 16 | jury -- |
| 09:11:05 | 17 | MR. STEWARD:  Mr. Fleming volunteers, Your Honor. |
| 09:11:07 | 18 | THE COURT:  -- when we get 12 into box? |
| 09:11:11 | 19 | MR. FLEMING:  I'll start. |
| 09:11:12 | 20 | THE COURT:  And Mr. White or Mr. Harris? |
| 09:11:14 | 21 | MR. WHITE:  I will do it. |
| 09:11:16 | 22 | THE COURT:  Mr. Harris? |
| 09:11:18 | 23 | MR. HARRIS:  *(Nods head.)* |
| 09:11:18 | 24 | THE COURT:  Mr. Calabria or Mr. Rosen, who's going |
| 09:11:22 | 25 | to ask questions? |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

14

| | | |
|---|---|---|
| 09:11:23 | 1 | MR. CALABRIA:  I will. |
| 09:11:25 | 2 | THE COURT:  Mr. Calabria? |
| 09:11:26 | 3 | MR. CALABRIA:  Yes. |
| 09:11:27 | 4 | And Mr. Reed? |
| 09:11:30 | 5 | MR. REED:  Mr. Scalisi will. |
| 09:11:32 | 6 | *(Laughter.)* |
| 09:11:33 | 7 | THE COURT:  All right, Mr. Reed. |
| 09:11:33 | 8 | The government, you know, there's four defense |
| 09:11:33 | 9 | interests.  They're much the same.  You can split them if |
| 09:11:37 | 10 | you want to.  I really don't care. |
| 09:11:38 | 11 | MR. WOLFE:  Your Honor, I believe I'll start. |
| 09:11:41 | 12 | THE COURT:  Okay.  Mr. Wolfe, if you'd like to. |
| 09:11:43 | 13 | But as we start getting peremptories, if you want the next |
| 09:11:47 | 14 | one to be Ms. Flynn or Mr. Emmick, that's fine. |
| 09:11:52 | 15 | MR. WOLFE:  Very well, Your Honor. |
| 09:11:54 | 16 | THE COURT:  Now, do each of you have finally a |
| 09:11:54 | 17 | jury sheet.  We prepared a sheet for peremptories: |
| 09:11:57 | 18 | Government, defense, government, defense.  Okay.  And the |
| 09:12:01 | 19 | alternates:  Eight. |
| 09:12:03 | 20 | Do you want to be ambitious and try for ten?  I |
| 09:12:06 | 21 | just don't know where to fit them.  Right now, we've got two |
| 09:12:10 | 22 | in the end, and we've got six chairs that nicely fit. |
| 09:12:12 | 23 | I'm worried about the age of the jury.  If I took |
| 09:12:15 | 24 | the composite mean age of this jury, because of the |
| 09:12:18 | 25 | nine-month estimate -- the Mexican Mafia trials, with |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

15

| | | |
|---|---|---|
| 09:12:24 | 1 | Mr. Overland, were nine months.  We had the same rough age |
| 09:12:28 | 2 | range.  I said you're averaging about 60 years old probably |
| 09:12:33 | 3 | by the time you get down here. |
| 09:12:36 | 4 | We can try for two more.  I think this:  If we're |
| 09:12:40 | 5 | careful -- why don't we check with each other and see if |
| 09:12:45 | 6 | you're satisfied with eight.  But let's get the twelve |
| 09:12:47 | 7 | first. |
| 09:12:49 | 8 | Let me suggest this:  When we get the 12, if it |
| 09:12:52 | 9 | happened today, I'd almost like to have them take an hour or |
| 09:12:56 | 10 | so and just double check again, and just literally certify |
| 09:12:59 | 11 | that they've checked with their employers; that they can |
| 09:13:05 | 12 | truly sit now that it's reality.  And maybe take a little |
| 09:13:08 | 13 | bit of a break in there -- half hour break or so -- and then |
| 09:13:09 | 14 | get back to those twelve, and -- if you're ready to accept |
| 09:13:11 | 15 | them at some point, today or tomorrow, because it would be |
| 09:13:15 | 16 | disastrous if they started dropping off. |
| 09:13:20 | 17 | Now, I don't have anything else. |
| 09:13:22 | 18 | Is there anything else? |
| 09:13:24 | 19 | MR. STEWARD:  Your Honor, one brief thing.  We |
| 09:13:25 | 20 | think we know the answer, but talked about this last night. |
| 09:13:29 | 21 | It's our assumption, as this goes along, opening |
| 09:13:32 | 22 | statement and everything else, we'll be able to discuss the |
| 09:13:36 | 23 | Lewisburg counts, the death counts. |
| 09:13:38 | 24 | THE COURT:  Yes. |
| 09:13:38 | 25 | MR. STEWARD:  My automatic reaction was, it's |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

16

| | | |
|---|---|---|
| 09:13:38 | 1 | about punishment.  Therefore, I can't talk about it.  But |
| 09:13:44 | 2 | not having been in this position before, we wanted to clear |
| 09:13:47 | 3 | that with the Court before we started. |
| 09:13:48 | 4 | THE COURT:  Maybe I don't understand.  Explain |
| 09:13:51 | 5 | that to me. |
| 09:13:51 | 6 | MR. STEWARD:  Well, in other words, opening |
| 09:13:53 | 7 | statements, we get around to talking about the Lewisburg |
| 09:13:56 | 8 | counts.  All counsel say, "these are the really important |
| 09:13:56 | 9 | ones because," and then we move along like that. |
| 09:14:00 | 10 | THE COURT:  Well, do you want to? |
| 09:14:02 | 11 | MR. STEWARD:  Yeah.  I think we have to from the |
| 09:14:03 | 12 | defense standpoint. |
| 09:14:04 | 13 | THE COURT:  You want to talk about the Lewisburg |
| 09:14:06 | 14 | counts, and you want to talk about the fact that these |
| 09:14:09 | 15 | counts could potentially lead to the death penalty, that |
| 09:14:14 | 16 | they're the critical counts? |
| 09:14:16 | 17 | MR. STEWARD:  Yes. |
| 09:14:17 | 18 | THE COURT:  I don't see anything inappropriate |
| 09:14:19 | 19 | about that. |
| 09:14:20 | 20 | MR. WOLFE:  Your Honor, I would think -- I |
| 09:14:23 | 21 | hesitate to disagree, Your Honor, but I do disagree. |
| 09:14:25 | 22 | That's, then, invitation, it seems to me, for the jury to |
| 09:14:30 | 23 | say, "Well, Count One, Count Two, Count Three, yeah, well, |
| 09:14:34 | 24 | who cares.  Let's go right to Counts Six and Seven." |
| 09:14:39 | 25 | Moreover, it constantly invites the defense to |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

17

| | | |
|---|---|---|
| 09:14:42 | 1 | interject penalty considerations into the guilt phase, which |
| 09:14:47 | 2 | is contrary to the effort in any other trial. |
| 09:14:50 | 3 | THE COURT: Okay. Let's think that through, |
| 09:14:51 | 4 | because you may be right. |
| 09:14:53 | 5 | What it would do is it would inappropriately focus |
| 09:14:58 | 6 | on two counts if they knew that, quote/unquote, those were |
| 09:15:02 | 7 | the only two counts that led to death. On the other hand, |
| 09:15:05 | 8 | you may be in the position, tactically, that they don't know |
| 09:15:09 | 9 | that and that the Lewisburg counts are shuffled off in a |
| 09:15:13 | 10 | sense, because the Marzloff murder might be so strong, for |
| 09:15:18 | 11 | instance, involving Mr. Mills. |
| 09:15:19 | 12 | But if that's your request, I tend to agree with |
| 09:15:22 | 13 | you. I think each side would have to stipulate. You'd have |
| 09:15:26 | 14 | to stipulate to mention these, the Lewisburg counts that |
| 09:15:31 | 15 | would lead to the death penalty. And if you're not |
| 09:15:44 | 16 | stipulating to that, then I agree, it's left for the death |
| 09:15:44 | 17 | penalty phase. |
| 09:15:44 | 18 | MR. WOLFE: Your Honor, the government's not |
| 09:15:44 | 19 | inclined to stipulate. |
| 09:15:44 | 20 | THE COURT: Okay. I don't think there should be |
| 09:15:44 | 21 | mention that those two counts related to the death-penalty |
| 09:15:45 | 22 | phase. I think that they should all be co-equal, and I |
| 09:15:49 | 23 | don't see a disadvantage to any of you doing that. |
| 09:15:53 | 24 | All right. Now, anything else? |
| 09:15:56 | 25 | All right. You can use the restroom or cafeteria |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

18

| | | |
|---|---|---|
| 09:15:59 | 1 | for half an hour.  And I think at 9:45 -- |
| 09:16:01 | 2 | Lisa, how soon will that list be up, that next |
| 09:16:08 | 3 | list? |
| 09:16:10 | 4 | THE CLERK:  Kristee's down there waiting for it. |
| 09:16:13 | 5 | It should be up any time. |
| 09:16:14 | 6 | THE COURT:  All right.  If you want to wait for |
| 09:16:16 | 7 | it -- |
| 09:16:16 | 8 | I'll wait for it.  Okay.  It should be up in about |
| 09:16:39 | 9 | five minutes. |
| 09:16:41 | 10 | (Recess held at 9:16 a.m.) |
| 09:16:47 | 11 | (Proceedings resumed at 10:14 a.m.) |
| 10:14:05 | 12 | THE COURT:  All right.  We're on the record in |
| 10:14:06 | 13 | United States v. Mills.  And all the counsel and all parties |
| 10:14:15 | 14 | are present. |
| 10:14:20 | 15 | And, Lisa, are the jurors in the next room? |
| 10:14:24 | 16 | THE CLERK:  They're starting to go in the next |
| 10:14:27 | 17 | room. |
| 10:14:28 | 18 | THE COURT:  All right.  So there should be |
| 10:14:30 | 19 | approximately about 100 jurors that will go in that next |
| 10:14:34 | 20 | room. |
| 10:14:35 | 21 | THE CLERK:  Correct. |
| 10:14:36 | 22 | THE COURT:  And the sound is on now, but the |
| 10:14:38 | 23 | picture's not? |
| 10:14:40 | 24 | THE CLERK:  Correct.  I can go turn the sound on. |
| 10:14:43 | 25 | THE COURT:  Why don't you go turn the sound on. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

19

| | | |
|---|---|---|
| 10:14:43 | 1 | Why don't we bring in the first 12 and have them seated. |
| 10:14:48 | 2 | So, Counsel, Number 57 will be seated in the first seat, |
| 10:14:52 | 3 | which is six seats in, on the top row.  So it's starting on |
| 10:14:57 | 4 | your left.  Number 90 will be seated in Seat No. 2; 173 in |
| 10:15:03 | 5 | Seat No. 3; 81 is Seat No., et cetera.  Let's see how |
| 10:15:08 | 6 | they're brought into Court. |
| 10:15:09 | 7 | And we'll bring in the first 12 by stipulation. |
| 10:15:12 | 8 | And then there will be another 30 seated in the audience. |
| 10:16:03 | 9 | All right.  Lisa, thank you very much.  And would |
| 10:16:05 | 10 | you be kind enough to bring in the remaining jurors. |
| 10:16:08 | 11 | And, Adrian, you can turn on the camera now.  Both |
| 10:16:53 | 12 | next door and here. |
| 10:17:03 | 13 | *(In the presence of the prospective jurors.)* |
| 10:17:26 | 14 | THE COURT:  We'll call the case to order involving |
| 10:17:30 | 15 | United States of America v. Mr. Mills, Mr. Bingham, |
| 10:17:35 | 16 | Mr. Hevle, and Mr. Gibson. |
| 10:17:37 | 17 | And let me explain for the record, although each |
| 10:17:40 | 18 | of you know what's occurring because you can see what's |
| 10:17:43 | 19 | occurring, so I have a record, there were 12 of you -- well, |
| 10:17:48 | 20 | strike that.  This morning when all of you were here, your |
| 10:17:52 | 21 | names were reshuffled in random order this morning.  And by |
| 10:17:57 | 22 | a computer. |
| 10:17:58 | 23 | And it was stipulated by all counsel that a half |
| 10:18:02 | 24 | an hour ago we got the results of that shuffle, so the first |
| 10:18:06 | 25 | twelve of you have already been seated in the box. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

20

| | | |
|---|---|---|
| 10:18:08 | 1 | Therefore, instead of calling your number out loud this |
| 10:18:12 | 2 | morning, each of us know who the first 12 of you are going |
| 10:18:17 | 3 | to be about a half hour ago.  That's why you were brought up |
| 10:18:20 | 4 | in this order.  There should be about another 30 of you in |
| 10:18:23 | 5 | the audience here today.  And there should be about a |
| 10:18:27 | 6 | hundred plus, about 110 people to our courtroom in to our |
| 10:18:31 | 7 | left.  And we're on camera right now, and they're viewing |
| 10:18:35 | 8 | all of these proceedings. |
| 10:18:37 | 9 | As different jurors are excused this morning, |
| 10:18:40 | 10 | another juror will take your place, obviously.  That juror |
| 10:18:45 | 11 | may come from this room or, Lisa, that juror may have to |
| 10:18:45 | 12 | come from the next room with Kristee, eventually -- and come |
| 10:18:45 | 13 | over. |
| 10:18:46 | 14 | I want to reintroduce the parties to you once |
| 10:18:49 | 15 | again.  And if they would remain seated, I'm going to start |
| 10:18:53 | 16 | with Ms. Flynn. |
| 10:18:54 | 17 | Could you introduce yourself, please. |
| 10:18:56 | 18 | MS. FLYNN:  Yes, Your Honor. |
| 10:18:56 | 19 | Good morning.  My name is Terri Flynn.  I'm one of |
| 10:18:59 | 20 | the government attorneys. |
| 10:19:01 | 21 | THE COURT:  Thank you.  Mr. Wolfe. |
| 10:19:01 | 22 | MR. WOLFE:  Good morning.  I'm Stephen Wolfe, an |
| 10:19:03 | 23 | attorney for the government. |
| 10:19:04 | 24 | THE COURT:  Thank you.  And Mr. Emmick. |
| 10:19:06 | 25 | MR. EMMICK:  My name's Mike Emmick.  I'm also an |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

21

| | | |
|---|---|---|
| 10:19:09 | 1 | attorney for the government. |
| 10:19:10 | 2 | THE COURT: And again, with Mr. Mills -- Counsel, |
| 10:19:12 | 3 | Mr. Fleming, would you begin by introducing yourself, and |
| 10:19:15 | 4 | would you and Mr. Steward eventually introduce Mr. Mills. |
| 10:19:19 | 5 | MR. FLEMING: Good morning, ladies and gentlemen. |
| 10:19:20 | 6 | My name is Mark Fleming. I'm one of the attorneys |
| 10:19:22 | 7 | representing Mr. Mills, who's seated to my right. |
| 10:19:26 | 8 | THE COURT: Thank you. |
| 10:19:26 | 9 | MR. STEWARD: And I'm Dean Steward, another one of |
| 10:19:29 | 10 | Mr. Mills' lawyers. |
| 10:19:31 | 11 | THE COURT: Thank you. |
| 10:19:31 | 12 | And, Mr. White, would you introduce your client, |
| 10:19:33 | 13 | Mr. Bingham, Mr. Harris, and would you introducé yourself, |
| 10:19:33 | 14 | as well. |
| 10:19:34 | 15 | MR. WHITE: Good morning, ladies and gentlemen. |
| 10:19:35 | 16 | My name is Michael White. I represent Tyler Bingham. And |
| 10:19:39 | 17 | this is Mr. Bingham sitting right next to me. |
| 10:19:42 | 18 | DEFENDANT BINGHAM: Hello. |
| 10:19:44 | 19 | THE COURT: Thank you. And Mr. Rosen and |
| 10:19:45 | 20 | Mr. Calabria, would you introduce yourselves, and then |
| 10:19:47 | 21 | introduce Mr. Hevle, your client, please. |
| 10:19:49 | 22 | MR. ROSEN: Good morning, ladies and gentlemen. |
| 10:19:50 | 23 | My name is Bernard Rosen. I'm one of the attorneys |
| 10:19:53 | 24 | representing Mr. Hevle. |
| 10:19:54 | 25 | THE COURT: Thank you. Mr. Reed, would you |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

22

| | | |
|---|---|---|
| 10:19:55 | 1 | introduce yourself and your client, Mr. Gibson. |
| 10:19:59 | 2 | MR. REED:  Good morning, ladies and gentlemen.  I |
| 10:20:00 | 3 | represent Christopher Gibson, who's sitting right next to |
| 10:20:04 | 4 | me. |
| 10:20:05 | 5 | THE COURT:  Thank you.  It probably took you |
| 10:20:07 | 6 | longer to shuffle randomly and to get you up here than some |
| 10:20:11 | 7 | of the things we're going to ask you today. |
| 10:20:13 | 8 | I think you'll find that the process, after |
| 10:20:16 | 9 | counsel initially introduce themselves to you and speak to |
| 10:20:19 | 10 | you a little bit or for a little while, will go very, very |
| 10:20:22 | 11 | quickly.  We know an awful lot about you just from the jury |
| 10:20:29 | 12 | questionnaire, plus we've talked to each of you individually |
| 10:20:30 | 13 | So I wouldn't expect the questions would be prolonged. |
| 10:20:31 | 14 | Let me begin by saying that I want to remind you |
| 10:20:35 | 15 | that when I read this superseding indictment that took |
| 10:20:39 | 16 | approximately -- at least two hours, probably two and a half |
| 10:20:42 | 17 | hours to read to you -- that is simply a charging document. |
| 10:20:47 | 18 | I'm reminding you and all of the jurors present that that |
| 10:20:51 | 19 | simply puts us on notice about why we're here, you know, |
| 10:21:04 | 20 | what are the allegations that the government's brought.  It |
| 10:21:04 | 21 | is not evidence, and it is never to be considered by you as |
| 10:21:04 | 22 | evidence.  I can't re-emphasize that enough. |
| 10:21:04 | 23 | The government has the burden of proving this case |
| 10:21:07 | 24 | beyond a reasonable doubt, which is the highest legal |
| 10:21:10 | 25 | standard; and the defendant and defendants are presumed to |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

23

| | | |
|---|---|---|
| 10:21:13 | 1 | be innocent of the charges.  The government must meet that |
| 10:21:19 | 2 | burden. |
| 10:21:19 | 3 | The Court has just a few things that I'd like to |
| 10:21:24 | 4 | say to you, and that is, more cases have started over |
| 10:21:28 | 5 | needlessly because a court wasn't clear about just some of |
| 10:21:31 | 6 | the guidelines.  First, it's going to be the most difficult |
| 10:21:37 | 7 | task on your part, I think, during this trial to separate |
| 10:21:40 | 8 | the outside world -- the questions you get asked or you've |
| 10:21:44 | 9 | already been asked, frankly, about why you're in federal |
| 10:21:48 | 10 | court -- from the proceedings here. |
| 10:21:50 | 11 | As I've said, I hope, to each of you when we |
| 10:21:54 | 12 | talked to you individually, we could put you into a hotel |
| 10:21:56 | 13 | and sequester you for nine months.  I'd have absolute |
| 10:22:00 | 14 | rebellion on my hands.  None of you would even be possible |
| 10:22:05 | 15 | of going through that experience. |
| 10:22:07 | 16 | Number two, this is the age of mass communication. |
| 10:22:11 | 17 | You would still have either Blackberries or the internet or |
| 10:22:16 | 18 | television or newspapers.  And so we've decided the best way |
| 10:22:19 | 19 | to handle this in this media-conscious age is simply to |
| 10:22:27 | 20 | depend upon your ethics. |
| 10:22:28 | 21 | And the best way to handle this, in our |
| 10:22:31 | 22 | impression, would be, if you recognize some article or |
| 10:22:33 | 23 | magazine article or television broadcast about this case, we |
| 10:22:38 | 24 | ask you to simply set that aside as soon as you read it or |
| 10:22:42 | 25 | start to listen to it.  Therefore, you may read the first |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

24

| | | |
|---|---|---|
| 10:22:46 | 1 | paragraph.  You may see a headline in the future.  I'm not |
| 10:22:50 | 2 | quite certain what the case holds in store in terms of any |
| 10:22:54 | 3 | publicity or notoriety.  But I do say to you that there's |
| 10:22:59 | 4 | been some thus far, and one or more of you have called that |
| 10:23:03 | 5 | to my attention.  I'm actually pleased to see that that |
| 10:23:06 | 6 | happened at the front side of the case so we can deal with |
| 10:23:09 | 7 | that right now. |
| 10:23:10 | 8 | And beyond that, we simply have to depend upon the |
| 10:23:13 | 9 | twelve of you who are eventually selected, and the eight, |
| 10:23:14 | 10 | for your ethics, and say to you that you'll be the only jury |
| 10:23:18 | 11 | who ever assembles at one time to decide the facts and make |
| 10:23:22 | 12 | a decision in this matter.  Nobody else will have heard or |
| 10:23:27 | 13 | will ever hear again the totality of the evidence presented |
| 10:23:31 | 14 | by both sides. |
| 10:23:32 | 15 | The second thing is, I'm going to ask you to do as |
| 10:23:36 | 16 | little talking to the attorneys as possible.  I think if you |
| 10:23:39 | 17 | had a chance to meet any of the eleven attorneys involved in |
| 10:23:43 | 18 | this case, on behalf the government and the defense, you'd |
| 10:23:45 | 19 | enjoy them on a personal basis.  They're absolutely |
| 10:23:45 | 20 | wonderful people.  And this Court's privileged to have them |
| 10:23:49 | 21 | before this Court for some prolonged period of time. |
| 10:23:53 | 22 | By the same token, you can imagine how devastating |
| 10:23:57 | 23 | it is to the other side to see you engage one of the |
| 10:24:00 | 24 | attorneys, or have them engage you in conversation in the |
| 10:24:03 | 25 | hallway or the elevator or in the lunch room.  Because it's |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

25

| | | |
|---|---|---|
| 10:24:07 | 1 | not only justice, it's the way we go about reaching an |
| 10:24:11 | 2 | eventual verdict that's so important, as well.  It's the |
| 10:24:15 | 3 | perception that the whole process is fair, as well as the |
| 10:24:19 | 4 | verdict that you eventually reach.  So therefore, I'm going |
| 10:24:22 | 5 | to ask you not to speak to the attorneys.  They'll actually |
| 10:24:23 | 6 | try to avoid you on the elevator.  They'll be on the |
| 10:24:24 | 7 | elevator sometimes during the case with you.  It can't be |
| 10:24:28 | 8 | avoided.  But if you can avoid the conversation, we're |
| 10:24:30 | 9 | admonishing you to do so. |
| 10:24:33 | 10 | The second thing is that more cases have started |
| 10:24:35 | 11 | over because the jury has helped the judge by going to a |
| 10:24:39 | 12 | dictionary or looking up the meaning of a word.  I promise |
| 10:24:43 | 13 | you, at the end of the case, I will instruct you on the law. |
| 10:24:46 | 14 | In fact, we use words a little differently sometimes in a |
| 10:24:49 | 15 | legal context than we would if you went to a Webster's |
| 10:24:53 | 16 | dictionary.  Therefore, you're not only going to get |
| 10:24:56 | 17 | instructed on all the law applicable to this case, I'm |
| 10:25:00 | 18 | actually going to give you my set of jury instructions and |
| 10:25:03 | 19 | you'll have them in the jury room with you.  And so when you |
| 10:25:05 | 20 | eventually go through the evidence, you'll have the law |
| 10:25:07 | 21 | right in front of you.  Therefore, I'd ask you not to help |
| 10:25:10 | 22 | me in any way.  I'd have to start the case all over again. |
| 10:25:14 | 23 | Finally, the internet.  We talk about newspapers |
| 10:25:16 | 24 | and magazines, et cetera.  I'm certain that there will be |
| 10:25:19 | 25 | something on the internet.  We ask you not to go searching |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

26

| | | |
|---|---|---|
| 10:25:22 | 1 | for whatever that information is. |
| 10:25:24 | 2 | The final admonition is not to visit any scene of |
| 10:25:34 | 3 | an alleged crime. |
| 10:25:35 | 4 | Now, I'm going to start with the President, Vice |
| 10:25:39 | 5 | President, United States Senate -- I'll pick any institution |
| 10:25:44 | 6 | if you would like to.  And I would be pretty impressed if -- |
| 10:25:46 | 7 | so we're not choosing any party -- the present President, |
| 10:25:50 | 8 | the past President, present Vice President, past Vice |
| 10:25:52 | 9 | President, whoever came into this court, raised their right |
| 10:25:56 | 10 | hand and took an oath to tell the truth, until they started |
| 10:26:02 | 11 | to speak.  And I mean that respectfully.  My life experience |
| 10:26:06 | 12 | has shown, and I hope yours also has, that position and |
| 10:26:10 | 13 | title have little or nothing to do with credibility or |
| 10:26:15 | 14 | noncredibility.  The humblest of professions can be just as |
| 10:26:20 | 15 | credible, if not more so, than the highest of professions. |
| 10:26:34 | 16 | So therefore, if somebody takes the stand as an |
| 10:26:34 | 17 | expert, or somebody takes the stand with a title, I want you |
| 10:26:34 | 18 | to be certain that you look and listen to that person's |
| 10:26:35 | 19 | testimony and do that with the same careful degree as you |
| 10:26:38 | 20 | would if someone who had a profession who's of the most |
| 10:26:43 | 21 | common professions.  So therefore, credibility will be |
| 10:26:47 | 22 | something that you will eventually determine. |
| 10:26:49 | 23 | Now, the second thing I'm going to say to you is |
| 10:26:51 | 24 | that I want to pretend for a moment -- its probably the |
| 10:26:57 | 25 | silliest example I could give, but that there's a freeway. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

27

| | |
|---|---|
| 10:27:00 | 1 |
| 10:27:06 | 2 |
| 10:27:08 | 3 |
| 10:27:10 | 4 |
| 10:27:13 | 5 |
| 10:27:17 | 6 |
| 10:27:21 | 7 |
| 10:27:24 | 8 |
| 10:27:29 | 9 |
| 10:27:35 | 10 |

10:27:00  1  And we'll just pretends that the freeway is the I-5 Freeway

10:27:06  2  right in back of me.

10:27:08  3       And we have a witness who comes into court, and

10:27:10  4  the witness tells us that he or she witnessed an accident;

10:27:13  5  that they witnessed an accident about a month ago; and what

10:27:17  6  they saw about nine o'clock in the evening was a green 1991

10:27:21  7  Honda going at what appeared to that witness to be an

10:27:24  8  excessive rate of speed.  And that green Honda on the I-5

10:27:29  9  Freeway hit the back of a white pickup truck; that the white

10:27:35  10  pickup truck spun around; that the green Honda spun around.

10:27:38  11  Thank goodness no one was hurt.  But the driver of the green

10:27:44  12  Honda looked at the driver of the white pickup truck, and

10:27:47  13  sped away.  Commonly, we would know that as a hit and run.

10:27:50  14       The law requires us to stop, verify information,

10:27:53  15  stay at the scene -- for both rendering aid to persons, but

10:27:57  16  also to get an accurate report of fault.

10:28:01  17       And it turns out later, when the driver of the

10:28:07  18  green 1991 Honda is apprehended -- oh, and by the way, the

10:28:14  19  witness also believed that that Honda was going about 75 to

10:28:17  20  85 miles per hour.

10:28:18  21       When the driver of that green Honda is later

10:28:22  22  apprehended, through whatever efforts, we find out that that

10:28:27  23  was really a 1992 Honda.  The body styles didn't change

10:28:31  24  between 1991 and 1992.  And in this rather simple

10:28:35  25  hypothetical, we find out that the Honda wasn't green.  It

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

28

| | |
|---|---|
| 10:28:40 | 1 |
| 10:28:43 | 2 |
| 10:28:48 | 3 |
| 10:28:51 | 4 |
| 10:28:55 | 5 |
| 10:29:00 | 6 |
| 10:29:03 | 7 |

was red.  And that the witness simply made a mistake in perception because it was nighttime.  And finally, that that witness wasn't a very good judge of speed; that that 1992 red Honda was actually going about a hundred miles per hour; that the California Highway Patrol did an accident reconstruction on the skid marks, et cetera, and determined that the speed was around a hundred miles an hour.

There, you have a witness who's come to court, like you, doing their best to tell us what occurred.  That may have absolutely nothing to do with what we call "credibility."  It may have a lot to do with what we call a person's perception.  So as jurors, you're going to be called upon to listen to witnesses and determine, you know, is their perception accurate based upon their testimony and the testimony of a lot of other witnesses on both sides.

Then you've got the opposite, unfortunately. You've got a person who's capable of taking the witness stand.  You can give them whatever oath you'd like to, and the person lies to you.  The person may tell you the truth up to the critical moment, and then absolutely look you in the eye and lie to you.  And you'll be called upon to determine credibility.  Is the person telling me the truth? If so, what portions?  Is the person lying to me?  If so, what portions?  And what's the perception of this person, if they are telling the truth?  How accurate are they based

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

29

| | | |
|---|---|---|
| 10:30:05 | 1 | upon their testimony and all of the evidence? |
| 10:30:06 | 2 | All of that falls to twelve people with about 500 |
| 10:30:10 | 3 | to 600 years of common experience.  No court, no jurist can |
| 10:30:16 | 4 | take your place in terms of making those determinations, |
| 10:30:17 | 5 | which is why we have the jury system, amongst other things, |
| 10:30:17 | 6 | including your common sense. |
| 10:30:19 | 7 | Just a couple other comments, and I'll turn this |
| 10:30:21 | 8 | over to counsel. |
| 10:30:28 | 9 | In the questionnaire, we ask an awful lot of |
| 10:30:33 | 10 | questions.  Some of those concerning the death penalty were |
| 10:30:38 | 11 | rather convoluted.  We've been properly chastised by a |
| 10:30:44 | 12 | number of jurors concerning that questionnaire, and it was |
| 10:30:47 | 13 | appropriate.  It's designed to do two things:  To really |
| 10:30:51 | 14 | slow you down and have you answer those questions.  But I |
| 10:30:53 | 15 | want to remind you that this is a two-stage, two-phase |
| 10:30:57 | 16 | process, and maybe a one-phase process.  We just don't know |
| 10:31:02 | 17 | yet. |
| 10:31:02 | 18 | And in the first trial, your effort will be to |
| 10:31:06 | 19 | determine the guilt or innocence of the defendant or |
| 10:31:09 | 20 | defendants:  Mr. Mills, Mr. Bingham, Mr. Hevle, and |
| 10:31:12 | 21 | Mr. Gibson. |
| 10:31:13 | 22 | The government has sought the death penalty |
| 10:31:19 | 23 | against Mr. Mills, the gentleman in the first row, in the |
| 10:31:21 | 24 | red or pinkish shirt, who just nodded, and/or Mr. Bingham, |
| 10:31:27 | 25 | the gentleman in the white shirt, who just nodded. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

30

| | | |
|---|---|---|
| 10:31:30 | 1 | The government is not seeking the death penalty |
| 10:31:33 | 2 | against Mr. Hevle, the gentleman in the blue shirt in the |
| 10:31:37 | 3 | top row, nor Mr. Gibson, the gentleman in the yellow shirt. |
| 10:31:41 | 4 | If we go on to that second trial, depending upon |
| 10:31:45 | 5 | what your verdict or verdicts are in the first trial, then |
| 10:31:47 | 6 | Mr. Mills and/or Mr. Bingham may be before you.  And at that |
| 10:31:51 | 7 | time, I will re-instruct you on an entirely different set of |
| 10:31:56 | 8 | applicable jury instructions and law that applies.  But, as |
| 10:32:00 | 9 | I said to each of you, not now.  We never know if we're |
| 10:32:13 | 10 | getting to the second phase.  The government must prove |
| 10:32:13 | 11 | their case beyond a reasonable doubt in the first phase, and |
| 10:32:13 | 12 | then it depends upon which counts you render a verdict on. |
| 10:32:14 | 13 | It's been decided by me, in fairness, that I'm not |
| 10:32:16 | 14 | going to disclose to you which counts would potentially lead |
| 10:32:20 | 15 | to a second-phase trial, or what I've referred to as a |
| 10:32:24 | 16 | penalty-phase trial.  Therefore, nobody's attempted to |
| 10:32:27 | 17 | either not reach or to reach a decision based upon what the |
| 10:32:30 | 18 | eventual second phase could be. |
| 10:32:32 | 19 | Now, Counsel, I don't have any other questions at |
| 10:32:34 | 20 | this time.  Before I turn the jury over to each of you, |
| 10:32:37 | 21 | Mr. Wolfe would you like me to answer any other sensitive |
| 10:32:41 | 22 | areas or would you like me to ask any questions before I |
| 10:32:43 | 23 | turn this over to you, sir? |
| 10:32:46 | 24 | MR. WOLFE:  No, Your Honor. |
| 10:32:46 | 25 | THE COURT:  All right.  Counsel on behalf of |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

31

| | | |
|---|---|---|
| 10:32:47 | 1 | Mr. Mills, would you like me to ask any questions in any |
| 10:32:50 | 2 | other areas before I turn this over to the defense? |
| 10:32:55 | 3 | MR. FLEMING:  No, Your Honor. |
| 10:32:55 | 4 | THE COURT:  Mr. Bingham's counsel, any other |
| 10:32:56 | 5 | questions or areas you'd like me to cover? |
| 10:32:58 | 6 | MR. WHITE:  No, Your Honor. |
| 10:32:58 | 7 | THE COURT:  Mr. Calabria, Mr. Rosen, any other |
| 10:33:00 | 8 | areas on behalf of Mr. Hevle you'd like me to cover? |
| 10:33:04 | 9 | MR. CALABRIA:  No, Your Honor. |
| 10:33:05 | 10 | THE COURT:  Mr. Reed, on behalf of Mr. Gibson? |
| 10:33:08 | 11 | MR. REED:  No, Your Honor. |
| 10:33:09 | 12 | THE COURT:  Then the government, this is your |
| 10:33:11 | 13 | opportunity for voir dire.  You can speak from there, if |
| 10:33:13 | 14 | you'd like to, remain seated, or come to the lectern.  It's |
| 10:33:16 | 15 | your choice. |
| 10:33:17 | 16 | MR. WOLFE:  Thank you. |
| 10:33:18 | 17 | THE COURT:  And during opening statements, we'll |
| 10:33:22 | 18 | turn the lectern so that it faces you. |
| 10:33:25 | 19 | So, Mr. Wolfe. |
| 10:33:44 | 20 | **JURY VOIR DIRE** |
| 10:33:47 | 21 | MR. WOLFE:  Good morning, ladies and gentlemen. |
| 10:33:48 | 22 | I'd like to ask, first, have any of you had any |
| 10:33:51 | 23 | thoughts since your last appearance here about things you'd |
| 10:33:54 | 24 | like to add, things that the Court should know about the |
| 10:33:56 | 25 | possibility of your serving on the jury? |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

32

| | | |
|---|---|---|
| 10:33:58 | 1 | Does anyone have any new information? |
| 10:34:01 | 2 | Please raise your hand if you have an answer. |
| 10:34:05 | 3 | No one appears to -- oh, yes, ma'am. |
| 10:34:09 | 4 | PROSPECTIVE JUROR:  I might.  I have a daughter |
| 10:34:11 | 5 | that I just found out is pregnant.  I don't know if |
| 10:34:15 | 6 | that's... |
| 10:34:18 | 7 | THE COURT:  How far along is she? |
| 10:34:20 | 8 | PROSPECTIVE JUROR:  About a month. |
| 10:34:21 | 9 | THE COURT:  Now, just a moment.  Let me make |
| 10:34:22 | 10 | certain also of the juror numbers. |
| 10:34:24 | 11 | You're Juror Number 57; is that correct? |
| 10:34:27 | 12 | PROSPECTIVE JUROR:  Yes. |
| 10:34:28 | 13 | THE COURT:  You're Juror Number 90; is that |
| 10:34:31 | 14 | correct? |
| 10:34:32 | 15 | PROSPECTIVE JUROR:  Yes. |
| 10:34:32 | 16 | THE COURT:  Juror Number 173? |
| 10:34:34 | 17 | PROSPECTIVE JUROR:  *(Nods head.)* |
| 10:34:34 | 18 | THE COURT:  Juror Number 81? |
| 10:34:36 | 19 | PROSPECTIVE JUROR:  *(Nods head.)* |
| 10:34:36 | 20 | THE COURT:  You should be Juror 148. |
| 10:34:39 | 21 | PROSPECTIVE JUROR:  Yes. |
| 10:34:39 | 22 | THE COURT:  Thank you. |
| 10:34:39 | 23 | And you're Juror Number 93? |
| 10:34:35 | 24 | PROSPECTIVE JUROR:  *(Nods head.)* |
| 10:34:40 | 25 | THE COURT:  And you're Juror Number 12? |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

33

| | | |
|---|---|---|
| 10:34:35 | 1 | PROSPECTIVE JUROR:  *(Nods head.)* |
| 10:34:41 | 2 | THE COURT:  You're Juror Number 223? |
| 10:34:35 | 3 | PROSPECTIVE JUROR:  *(Nods head.)* |
| 10:34:43 | 4 | THE COURT:  199? |
| 10:34:35 | 5 | PROSPECTIVE JUROR:  *(Nods head.)* |
| 10:34:44 | 6 | THE COURT:  141? |
| 10:34:35 | 7 | PROSPECTIVE JUROR:  *(Nods head.)* |
| 10:34:45 | 8 | THE COURT:  221? |
| 10:34:35 | 9 | PROSPECTIVE JUROR:  *(Nods head.)* |
| 10:34:47 | 10 | THE COURT:  And finally, 136? |
| 10:34:48 | 11 | PROSPECTIVE JUROR:  *(Nods head.)* |
| 10:34:50 | 12 | THE COURT:  Thank you.  Okay. |
| 10:34:52 | 13 | MR. WOLFE:  Ma'am, do you believe there's anything |
| 10:34:54 | 14 | about that information that would make it difficult for you |
| 10:34:56 | 15 | to serve on the jury? |
| 10:35:04 | 16 | PROSPECTIVE JUROR:  No, not -- no. |
| 10:35:07 | 17 | THE COURT:  Why don't you ask -- is she local?  Is |
| 10:35:09 | 18 | she in the area? |
| 10:35:11 | 19 | PROSPECTIVE JUROR:  Yes, she's in Long Beach. |
| 10:35:13 | 20 | THE COURT:  So you're not flying to Atlanta or |
| 10:35:16 | 21 | New York? |
| 10:35:18 | 22 | PROSPECTIVE JUROR:  Right.  She's due October the |
| 10:35:20 | 23 | 12th. |
| 10:35:22 | 24 | THE COURT:  Well, we'll recess no matter what that |
| 10:35:25 | 25 | day. |

CR 02-938 DOC – 2/22/2006 – Day 1, Volume I

34

| | | |
|---|---|---|
| 10:35:27 | 1 | MR. WOLFE:  Does any other member of the jury have |
| 10:35:29 | 2 | anything to add to your prior responses? |
| 10:35:34 | 3 | The -- some of you have had contacts with law |
| 10:35:40 | 4 | enforcement in the past that were unpleasant for one reason |
| 10:35:44 | 5 | or another.  I wanted to find out whether there's anything |
| 10:35:48 | 6 | about those prior experiences that might be a distraction to |
| 10:35:51 | 7 | you or 'cause you to view police witnesses in similar |
| 10:35:55 | 8 | testimony differently in this case if you're seated in the |
| 10:35:59 | 9 | jury? |
| 10:36:01 | 10 | Ma'am, Juror 223, do you believe that that |
| 10:36:06 | 11 | previous unpleasant experience would make a difference to |
| 10:36:09 | 12 | you, a significant difference to you in your ability to be |
| 10:36:13 | 13 | fair and evaluate all the witnesses here? |
| 10:36:17 | 14 | PROSPECTIVE JUROR:  *(Shakes head.)* |
| 10:36:19 | 15 | MR. WOLFE:  All right. |
| 10:36:20 | 16 | And, ma'am, Juror Number 136 -- |
| 10:36:24 | 17 | PROSPECTIVE JUROR:  Uh-huh. |
| 10:36:25 | 18 | MR. WOLFE:  -- do you think that an unpleasant |
| 10:36:28 | 19 | experience you had in the past would make a difference to |
| 10:36:30 | 20 | you in your ability to be fair to the parties in this case? |
| 10:36:34 | 21 | PROSPECTIVE JUROR:  No.  It wasn't law |
| 10:36:36 | 22 | enforcement.  Law enforcement was not unpleasant in that |
| 10:36:41 | 23 | respect, in that incident. |
| 10:36:43 | 24 | MR. WOLFE:  I wanted to ask you also, Juror |
| 10:36:46 | 25 | Number 223, again, ma'am, you've been on juries in the past. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

35

| | | |
|---|---|---|
| 10:36:54 | 1 | THE COURT:  Could you pass that microphone down to |
| 10:36:54 | 2 | whoever you're going to speak to. |
| 10:36:54 | 3 | MR. WOLFE:  And I understand that sometimes those |
| 10:36:56 | 4 | juries reach verdicts and sometimes they don't.  Has your |
| 10:37:01 | 5 | prior experience given you any feelings about being on a |
| 10:37:05 | 6 | jury, positive or negative, that make you reluctant to serve |
| 10:37:09 | 7 | again for a long time? |
| 10:37:11 | 8 | PROSPECTIVE JUROR:  No, sir. |
| 10:37:13 | 9 | THE COURT:  Now, just a moment.  Would you check |
| 10:37:15 | 10 | next door and see if they can hear Mr. Wolfe's voice. |
| 10:37:20 | 11 | THE CLERK:  Kristee, can hear loud and clear, |
| 10:37:23 | 12 | except they're having trouble hearing the jurors. |
| 10:37:28 | 13 | THE COURT:  We'll use that microphone no matter |
| 10:37:30 | 14 | what. |
| 10:37:31 | 15 | MR. WOLFE:  Ladies and gentlemen, another subject |
| 10:37:33 | 16 | is, the law authorizes the government to use criminals in |
| 10:37:39 | 17 | investigating crimes; that is, the government sometimes |
| 10:37:42 | 18 | cooperates with people who are themselves criminals in |
| 10:37:46 | 19 | investigating other criminals. |
| 10:37:48 | 20 | Do any of you have strong feelings about whether |
| 10:37:51 | 21 | the government should be allowed to do that? |
| 10:37:57 | 22 | Seeing -- no one has any feelings? |
| 10:38:00 | 23 | Juror Number 141, do you believe that the fact |
| 10:38:07 | 24 | that the law allows the government to cooperate with |
| 10:38:11 | 25 | criminals in investigating other criminals, is that a good |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

36

| | | |
|---|---|---|
| 10:38:14 | 1 | thing or bad thing in your mind? |
| 10:38:17 | 2 | PROSPECTIVE JUROR:  I think it's a good thing. |
| 10:38:22 | 3 | MR. WOLFE:  Do you believe that you would be able |
| 10:38:23 | 4 | to evaluate the credibility of a criminal who cooperated |
| 10:38:27 | 5 | with the government effectively just as you would any other |
| 10:38:40 | 6 | witness who testified? |
| 10:38:40 | 7 | PROSPECTIVE JUROR:  Yeah. |
| 10:38:40 | 8 | THE COURT:  I'm sorry.  I can't hear your answer. |
| 10:38:40 | 9 | PROSPECTIVE JUROR:  I say, "yes." |
| 10:38:42 | 10 | MR. WOLFE:  Any other member of the jury who feels |
| 10:38:44 | 11 | differently, feels that the government should not be allowed |
| 10:38:47 | 12 | to cooperate with criminals in making cases against other |
| 10:38:51 | 13 | criminals? |
| 10:38:56 | 14 | Juror 93, what's your opinion about that aspect of |
| 10:38:59 | 15 | the law? |
| 10:39:01 | 16 | PROSPECTIVE JUROR:  No.  I believe that it's |
| 10:39:06 | 17 | probably necessary.  In some cases, probably works out good, |
| 10:39:14 | 18 | and other times, it doesn't.  But I realize that it needs to |
| 10:39:18 | 19 | be used in some cases, and it is used.  And I really haven't |
| 10:39:23 | 20 | thought too much about, one way or the other, how I felt. |
| 10:39:29 | 21 | Does any other member of the jury have a different |
| 10:39:32 | 22 | set of feelings about that? |
| 10:39:39 | 23 | MR. WOLFE:  Juror 57, how do you feel about the |
| 10:39:42 | 24 | government cooperating with criminals in order to |
| 10:39:44 | 25 | investigate other criminals? |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

37

| | | |
|---|---|---|
| 10:39:49 | 1 | PROSPECTIVE JUROR: Similar to the other jurors, |
| 10:39:50 | 2 | that I haven't really thought about it, but I believe it may |
| 10:39:53 | 3 | be necessary. |
| 10:40:00 | 4 | MR. WOLFE: Does any other member of the jury have |
| 10:40:01 | 5 | any feelings on this subject that might make it difficult |
| 10:40:05 | 6 | for you, one way or the other, to evaluate the testimony of |
| 10:40:09 | 7 | such a cooperating witness, or to be fair to the parties, |
| 10:40:12 | 8 | both the defense or the government, in evaluating the |
| 10:40:17 | 9 | testimony? |
| 10:40:17 | 10 | 136, please, ma'am. |
| 10:40:23 | 11 | PROSPECTIVE JUROR: I just feel that if there's |
| 10:40:25 | 12 | facts to substantiate the witness, then I don't have a |
| 10:40:29 | 13 | problem with it. I think it's necessary. |
| 10:40:43 | 14 | MR. WOLFE: Do you believe that it would be |
| 10:40:45 | 15 | difficult to believe such a witness? That is, the Court has |
| 10:40:52 | 16 | told you you're obliged to evaluate every witness the same, |
| 10:40:57 | 17 | in the same manner, whether it's the President of the |
| 10:41:00 | 18 | United States under oath or someone else. |
| 10:41:02 | 19 | Do you believe that it would be difficult to do |
| 10:41:04 | 20 | that with someone who you knew had been a criminal in the |
| 10:41:07 | 21 | past before they became a cooperating witness? |
| 10:41:12 | 22 | PROSPECTIVE JUROR: I wouldn't believe them on |
| 10:41:13 | 23 | word only, and that goes for anyone. Because I like to hear |
| 10:41:18 | 24 | both sides and hear the facts. |
| 10:41:21 | 25 | MR. WOLFE: Does any other member of the jury have |

| | | |
|---|---|---|
| 10:41:23 | 1 | any views about that that they believe the Court should |
| 10:41:26 | 2 | know? |
| 10:41:41 | 3 | Thank you, ladies and gentlemen. |
| 10:41:43 | 4 | THE COURT:  Mr. Wolfe, thank you very much. |
| 10:41:44 | 5 | Mr. Fleming, on behalf of Mr. Mills. |
| 10:41:46 | 6 | MR. FLEMING:  Thank you, Your Honor. |
| 10:41:59 | 7 | Ladies and gentlemen, good morning.  Once again my |
| 10:42:00 | 8 | name is Mark Fleming, one of the two lawyers representing |
| 10:42:04 | 9 | Mr. Mills. |
| 10:42:05 | 10 | I'd like to start by reading a response to the |
| 10:42:09 | 11 | questionnaire from one of the jurors, and I'm going to |
| 10:42:14 | 12 | follow up with some questions.  And this question was |
| 10:42:17 | 13 | answered by Juror 57.  So we're going to pick on you for |
| 10:42:21 | 14 | just a moment.  But I'd like to read it. |
| 10:42:23 | 15 | "Is there anything about the charges |
| 10:42:25 | 16 | against the defendants that might bias you |
| 10:42:27 | 17 | against or toward them?" |
| 10:42:28 | 18 | And in response to the question, Juror 57 wrote: |
| 10:42:31 | 19 | "As the Judge was reading the notice, |
| 10:42:33 | 20 | which included how many charges and murders, |
| 10:42:38 | 21 | I kind of laughed at the end when he said the |
| 10:42:42 | 22 | defendants were pleading not guilty.  Their |
| 10:42:44 | 23 | attorneys are brave to take on their |
| 10:42:46 | 24 | defense." |
| 10:42:47 | 25 | And first, I'd like to thank you on behalf of the |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

39

| | |
|---|---|
| 10:42:50 | 1 |
| 10:42:52 | 2 |
| 10:42:56 | 3 |
| 10:42:58 | 4 |
| 10:43:01 | 5 |
| 10:43:03 | 6 |
| 10:43:08 | 7 |
| 10:43:13 | 8 |
| 10:43:17 | 9 |
| 10:43:21 | 10 |
| 10:43:23 | 11 |
| 10:43:26 | 12 |
| 10:43:31 | 13 |
| 10:43:36 | 14 |
| 10:43:41 | 15 |
| 10:43:45 | 16 |
| 10:43:47 | 17 |
| 10:43:49 | 18 |
| 10:43:52 | 19 |
| 10:44:00 | 20 |
| 10:44:07 | 21 |
| 10:44:13 | 22 |
| 10:44:18 | 23 |
| 10:44:19 | 24 |
| 10:44:21 | 25 |

defense team for that compliment.

PROSPECTIVE JUROR:  You're welcome.

MR. FLEMING:  And your answer was a favorite among the defense for this reason:  What you heard, as the judge described, was an indictment put together by the government, and then read to you by the Judge.  And as His Honor has already instructed, not one word of what you heard is actual evidence.  In fact, you won't hear any evidence for the two weeks until the first witness called by the government takes the stand.  That's when the evidence begins.

And I promise you, Juror 57, and all the remaining jurors who would eventually comprise our jury, that you will see a vigorous defense of these charges, each and every charge.  But as Juror 57 pointed out, you've heard evidence (sic) put together by the government which represents their version of the facts.

Having thought about your answer, I'd like to ask you, and I'd like to pose this question to the remaining jurors in the jury box:  Can you put aside any preconceived notions you might have about the government's case and not only start on an equal footing but, as the law requires, presume each of these men -- presume them to be innocent beyond a reasonable doubt?

That's what the law requires.  And it's a difficult question in light of what we heard read last week.

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

| | | |
|---|---|---|
| 10:44:25 | 1 | And I'd like to start with Juror 57 and ask you if you could |
| 10:44:29 | 2 | comment on my question. |
| 10:44:30 | 3 | PROSPECTIVE JUROR:  Yes.  At the time the charges |
| 10:44:32 | 4 | were being read, that was the first impression in my mind. |
| 10:44:37 | 5 | But now, having been called back to court several times and |
| 10:44:42 | 6 | seeing how serious this is, and even briefly seeing |
| 10:44:46 | 7 | something in the newspaper -- and turning away from it -- I |
| 10:44:50 | 8 | believe I'm able to just settle on the facts. |
| 10:44:54 | 9 | MR. FLEMING:  And will you -- if you're selected |
| 10:44:56 | 10 | to serve on this jury, will you be able to presume that |
| 10:44:59 | 11 | Mr. Mills, Mr. Bingham, and the remaining defendants, |
| 10:45:03 | 12 | Mr. Gibson, and Mr. Hevle are presumed to be innocent unless |
| 10:45:08 | 13 | and until the government proves otherwise beyond a |
| 10:45:12 | 14 | reasonable doubt?  Would you be able to carry that |
| 10:45:14 | 15 | perception throughout the trial, despite having heard those |
| 10:45:19 | 16 | charges? |
| 10:45:20 | 17 | PROSPECTIVE JUROR:  Yes. |
| 10:45:22 | 18 | MR. FLEMING:  Okay.  Can I ask the remaining |
| 10:45:23 | 19 | jurors in the jury box to respond with a show of hands if |
| 10:45:38 | 20 | you agree that you will also, each and every one of you, if |
| 10:45:38 | 21 | chosen on this jury, despite having heard those charges, |
| 10:45:38 | 22 | give us a fair chance and start with the presumption of |
| 10:45:40 | 23 | innocence.  And I'd like to, by a show of hands -- if |
| 10:45:42 | 24 | somebody cannot do it, we need to talk about it. |
| 10:45:46 | 25 | Thank you.  I see that all of the jurors raised |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

41

| | |
|---|---|
| 10:45:49 | 1 |
| 10:45:53 | 2 |
| 10:45:54 | 3 |
| 10:45:56 | 4 |
| 10:45:58 | 5 |
| 10:46:02 | 6 |
| 10:46:04 | 7 |
| 10:46:06 | 8 |
| 10:46:13 | 9 |
| 10:46:18 | 10 |
| 10:46:25 | 11 |
| 10:46:29 | 12 |
| 10:46:34 | 13 |
| 10:46:37 | 14 |
| 10:46:43 | 15 |
| 10:46:44 | 16 |
| 10:46:48 | 17 |
| 10:46:52 | 18 |
| 10:46:56 | 19 |
| 10:47:00 | 20 |
| 10:47:05 | 21 |
| 10:47:06 | 22 |
| 10:47:09 | 23 |
| 10:47:13 | 24 |
| 10:47:16 | 25 |

their hands with the exception of -- sir -- and I don't have the number.

PROSPECTIVE JUROR:  221.

MR. FLEMING:  221.  And I noticed that you did not raise your hand.  Would you please tell us what's on your mind, any comments you have?

PROSPECTIVE JUROR:  Well, after hearing all the allegations, and thinking about it over the weekend, um -- all I thought about all weekend long was if somebody can get John Gotti to reach them and ask them to carry out a mission, that frightens me.  And I understand it's only an allegation.  But my feeling is that that would sway my opinion if I was on this jury.  I don't -- I don't think I could make a real good decision based on that fear.

MR. FLEMING:  Okay.  And first of all, I want to compliment you for sharing that with us, and I encourage all the other jurors in the jury box, and listening in the adjacent courtroom, to do exactly the same thing.  And as Juror 57 pointed out, this is serious business.  It doesn't get any more serious than this.  And we need honest answers. And I appreciate your answer.

The question we have, and a question only you can answer, is, having formed that opinion over the weekend about those charges, and not knowing anything else about the case, do you think you'd be able to set aside those feelings

*DEBBIE GALE, U.S. COURT REPORTER*

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

42

| | | |
|---|---|---|
| 10:47:19 | 1 | and, as I mentioned earlier, start with the presumption of |
| 10:47:22 | 2 | innocence and require the government to remove that |
| 10:47:25 | 3 | presumption through evidence until you're convinced beyond a |
| 10:47:28 | 4 | reasonable doubt of their guilt, and if not, vote for not |
| 10:47:32 | 5 | guilty? |
| 10:47:33 | 6 | PROSPECTIVE JUROR:  I do not think I could. |
| 10:47:36 | 7 | MR. FLEMING:  And again, I thank you for your |
| 10:47:38 | 8 | honest answer. |
| 10:47:39 | 9 | And let me turn to the remaining jurors.  Is there |
| 10:47:41 | 10 | anyone else who needs to reconsider what they just raised |
| 10:47:46 | 11 | their hand to, or wants to talk more about the charges in |
| 10:47:49 | 12 | the indictment?  Anyone at all? |
| 10:47:52 | 13 | Juror in the back -- and... |
| 10:47:54 | 14 | PROSPECTIVE JUROR:  93. |
| 10:47:56 | 15 | MR. FLEMING:  Juror 93. |
| 10:47:58 | 16 | PROSPECTIVE JUROR:  I don't know if this is the |
| 10:47:59 | 17 | time.  I asked the Judge.  But it has really bothered me.  I |
| 10:48:03 | 18 | need to know in order to straighten my thinking out. |
| 10:48:08 | 19 | Were these defendants in prison at the time these |
| 10:48:13 | 20 | charges were charged against them, or were they out of |
| 10:48:17 | 21 | prison?  I don't know if you can answer now, but that is -- |
| 10:48:21 | 22 | has been something that in my mind I need to know. |
| 10:48:26 | 23 | MR. FLEMING:  May I answer the question, |
| 10:48:27 | 24 | Your Honor? |
| 10:48:28 | 25 | THE COURT:  As long as there's no objection. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

43

| | | |
|---|---|---|
| 10:48:33 | 1 | I think in a week or so you'll know. |
| 10:48:34 | 2 | But if they care to answer it now... |
| 10:48:37 | 3 | MR. FLEMING:  I'd like to share that with the |
| 10:48:39 | 4 | jury. |
| 10:48:39 | 5 | Every one of these defendants here in trial was in |
| 10:48:43 | 6 | custody.  Now, having been told that, tell me whether that |
| 10:48:48 | 7 | is of greater concern to you. |
| 10:48:50 | 8 | PROSPECTIVE JUROR:  It's not of concern.  It's |
| 10:48:52 | 9 | just straightening out in my own mind what this trial pretty |
| 10:48:56 | 10 | much is about more.  I like facts and I like to know.  But |
| 10:49:01 | 11 | it has really been on my mind, in order -- trying to |
| 10:49:05 | 12 | straighten out what the trial is about.  But I don't think |
| 10:49:08 | 13 | it sways me.  That's what I assumed. |
| 10:49:11 | 14 | MR. FLEMING:  Okay. |
| 10:49:13 | 15 | PROSPECTIVE JUROR:  But I wasn't sure. |
| 10:49:15 | 16 | MR. FLEMING:  Your assumption is correct. |
| 10:49:16 | 17 | Is there anything about that fact that would make |
| 10:49:18 | 18 | it difficult for you to be a fair and impartial juror and |
| 10:49:22 | 19 | require the government to meet its burden? |
| 10:49:25 | 20 | PROSPECTIVE JUROR:  Not -- no. |
| 10:49:26 | 21 | MR. FLEMING:  Now, to the remaining jurors, the |
| 10:49:29 | 22 | fact, now that it's been disclosed to you, that these |
| 10:49:31 | 23 | gentlemen were in prison during the times when the crimes |
| 10:49:35 | 24 | read in the indictment were alleged to have been committed, |
| 10:49:38 | 25 | does that change your ability to be a fair and impartial |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

44

| | | |
|---|---|---|
| 10:49:41 | 1 | juror?  Or do you have any comments about the fact that they |
| 10:49:45 | 2 | were in custody at the time when these acts were allegedly |
| 10:49:48 | 3 | committed?  Anyone else? |
| 10:50:03 | 4 | Okay.  I have one other question I want to touch |
| 10:50:05 | 5 | on, and this is a question for Juror Number 211 -- actually, |
| 10:50:10 | 6 | I think I'm going to leave that alone for now. |
| 10:50:13 | 7 | I appreciate your time and attention.  Thank you |
| 10:50:16 | 8 | very much. |
| 10:50:25 | 9 | THE COURT:  Now, Mr. White, on behalf of |
| 10:50:27 | 10 | Mr. Bingham.  Thank you very much. |
| 10:50:29 | 11 | Just a moment.  Before you begin. |
| 10:50:30 | 12 | Lisa, would you check next door, once again, with |
| 10:50:33 | 13 | the hundred jurors next door.  If you were next door, you |
| 10:50:37 | 14 | would see some screens and a hundred jurors sitting there. |
| 10:50:40 | 15 | I just want to make sure and verify that they're seeing |
| 10:50:44 | 16 | everything and hearing everything satisfactorily. |
| 10:50:55 | 17 | THE CLERK:  Okay.  When the lawyers back away from |
| 10:50:57 | 18 | the microphone, they can't hear. |
| 10:50:59 | 19 | THE COURT:  Okay, Counsel. |
| 10:51:00 | 20 | Mr. White on behalf of Mr. Bingham. |
| 10:51:06 | 21 | And, Adrian, if you would pan to Mr. Bingham so |
| 10:51:10 | 22 | the jurors in the other room can see Mr. Bingham, the |
| 10:51:13 | 23 | gentleman in the white shirt.  And then back to Mr. White. |
| 10:51:16 | 24 | Okay. |
| 10:51:18 | 25 | MR. WHITE:  Good morning.  My name is Michael |

| | | |
|---|---|---|
| 10:51:22 | 1 | White.  I resent -- I represent Tyler Bingham.  I don't |
| 10:51:26 | 2 | resent him.  I represent him.  And sitting next to |
| 10:51:29 | 3 | Mr. Bingham is Mr. Harris.  I think he was missed in the |
| 10:51:32 | 4 | opening introduction. |
| 10:51:34 | 5 | Again, good morning.  I do have a few questions. |
| 10:51:37 | 6 | Juror Number 93, good morning. |
| 10:51:49 | 7 | PROSPECTIVE JUROR:  Yes. |
| 10:51:49 | 8 | MR. WHITE:  Just to follow up a little bit on your |
| 10:51:49 | 9 | question.  Yes, all of these four men were in prison at the |
| 10:51:49 | 10 | time of the allegations. |
| 10:51:51 | 11 | PROSPECTIVE JUROR:  I didn't mean the allegations. |
| 10:51:52 | 12 | I meant at the time they were served -- they were served for |
| 10:51:59 | 13 | these crimes.  That's what I was getting at. |
| 10:52:04 | 14 | MR. WHITE:  Are you asking, were they in prison at |
| 10:52:07 | 15 | the time that these alleged crimes occurred? |
| 10:52:10 | 16 | PROSPECTIVE JUROR:  No.  At the time the federal |
| 10:52:13 | 17 | government brought the charges -- that's what I was asking. |
| 10:52:16 | 18 | MR. WHITE:  Okay.  Fine.  The answer to that |
| 10:52:19 | 19 | question is also "yes." |
| 10:52:20 | 20 | But I've got a follow-up question for you.  These |
| 10:52:23 | 21 | four men were in prison, have been in prison for quite a |
| 10:52:28 | 22 | while, and they did things to end up in prison.  They're not |
| 10:52:31 | 23 | angels.  You get to prison usually because you're convicted |
| 10:52:36 | 24 | of a crime.  Hopefully, most of the time the convictions -- |
| 10:52:40 | 25 | not always, but hopefully they're legitimate convictions. |

| | | |
|---|---|---|
| 10:52:43 | 1 | The question I have for you is, knowing that these |
| 10:52:47 | 2 | four men were in prison, knowing that they are not angels, |
| 10:52:51 | 3 | can you set that aside in listening to the facts of this |
| 10:52:56 | 4 | case, in deciding whether the government proves their case |
| 10:53:02 | 5 | beyond a reasonable doubt?  Can you do that? |
| 10:53:03 | 6 | PROSPECTIVE JUROR:  Yes. |
| 10:53:05 | 7 | MR. WHITE:  To the rest of you, knowing that these |
| 10:53:07 | 8 | men were in prison, and they did -- they broke the law to |
| 10:53:13 | 9 | get there, can you set that aside in deciding the charges in |
| 10:53:18 | 10 | this case?  Can everybody do that? |
| 10:53:22 | 11 | PROSPECTIVE JUROR:  Yes. |
| 10:53:27 | 12 | MR. WHITE:  With the exception of Juror No. 221. |
| 10:53:28 | 13 | You've got a problem with that? |
| 10:53:33 | 14 | PROSPECTIVE JUROR:  Yes, sir. |
| 10:53:33 | 15 | THE COURT:  And that's really centered around the |
| 10:53:40 | 16 | allegation involving John Gotti? |
| 10:53:43 | 17 | PROSPECTIVE JUROR:  Yes. |
| 10:53:44 | 18 | MR. WHITE:  Now, something else the Judge |
| 10:53:45 | 19 | mentioned that I'd like to go over for a few seconds.  We've |
| 10:53:52 | 20 | spent the last two weeks asking each of you, individually, |
| 10:53:55 | 21 | questions about your views of the death penalty.  And for |
| 10:53:59 | 22 | purposes of those questions, we have asked you to assume |
| 10:54:03 | 23 | that Mr. Mills and Mr. Bingham were guilty. |
| 10:54:06 | 24 | Do you all understand that we're not asking you to |
| 10:54:11 | 25 | assume that any longer?  Does everybody understand that? |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

47

| | | |
|---|---|---|
| 10:54:15 | 1 | Do you understand that it's the defense's position |
| 10:54:17 | 2 | that we're never gonna get to the penalty phase?  Do you |
| 10:54:21 | 3 | understand that? |
| 10:54:23 | 4 | PROSPECTIVE JUROR:  Yes. |
| 10:54:25 | 5 | MR. WHITE:  So everybody is now able to wipe |
| 10:54:28 | 6 | away -- I mean, for each of you, it might have lasted a |
| 10:54:32 | 7 | minute or might have lasted a half an hour; but for us, it |
| 10:54:36 | 8 | lasted two weeks.  And all we were asking was question after |
| 10:54:40 | 9 | question after question of the death penalty, and saying |
| 10:54:42 | 10 | "assuming our clients were convicted." |
| 10:54:46 | 11 | Is everybody okay with that? |
| 10:54:51 | 12 | Questions were asked or brought up to you by the |
| 10:54:54 | 13 | government about cooperating witnesses or informants.  And, |
| 10:54:57 | 14 | Juror Number 136, you said that you're not gonna take |
| 10:55:02 | 15 | anybody's word based simply on their word.  You're gonna |
| 10:55:07 | 16 | listen to what they have to say.  You're going to compare |
| 10:55:10 | 17 | other facts in determining whether they're credible |
| 10:55:13 | 18 | witnesses. |
| 10:55:13 | 19 | Is that right? |
| 10:55:14 | 20 | PROSPECTIVE JUROR:  Right. |
| 10:55:15 | 21 | MR. WHITE:  And does everybody feel the same way |
| 10:55:18 | 22 | about that? |
| 10:55:21 | 23 | PROSPECTIVE JUROR:  Yes. |
| 10:55:22 | 24 | MR. WHITE:  Juror Number 136, if you find out that |
| 10:55:25 | 25 | government cooperating witnesses or informants are getting, |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

48

| | | |
|---|---|---|
| 10:55:28 | 1 | in exchange for their testimony, various benefits, is that |
| 10:55:32 | 2 | the kind of thing you're going to take into consideration in |
| 10:55:36 | 3 | deciding whether they're telling the truth or not? |
| 10:55:38 | 4 | PROSPECTIVE JUROR:  Sure. |
| 10:55:40 | 5 | MR. WHITE:  Whether it's money or early release or |
| 10:55:42 | 6 | other possibilities? |
| 10:55:43 | 7 | PROSPECTIVE JUROR:  I would take everything into |
| 10:55:45 | 8 | consideration.  And I just believe there's two sides to |
| 10:55:49 | 9 | every story and everything. |
| 10:55:51 | 10 | MR. WHITE:  Okay.  Juror Number 199, good morning. |
| 10:55:54 | 11 | PROSPECTIVE JUROR:  Good morning. |
| 10:55:55 | 12 | MR. WHITE:  How do you feel about that? |
| 10:55:58 | 13 | PROSPECTIVE JUROR:  I would listen to all the |
| 10:55:59 | 14 | evidence and make my judgment from there. |
| 10:56:04 | 15 | MR. WHITE:  And as far as cooperating witnesses or |
| 10:56:06 | 16 | informants, is that the kind of witness that you would |
| 10:56:10 | 17 | listen to and -- in judging the credibility, for example -- |
| 10:56:14 | 18 | you would take into consideration whether they have received |
| 10:56:17 | 19 | various benefits in exchange for their testimony? |
| 10:56:21 | 20 | PROSPECTIVE JUROR:  Well, human nature you would |
| 10:56:24 | 21 | take into consideration.  But I would leave that behind and |
| 10:56:27 | 22 | try to determine from their testimony whether they were |
| 10:56:29 | 23 | telling the truth or lying -- |
| 10:56:33 | 24 | MR. WHITE:  Okay. |
| 10:56:34 | 25 | PROSPECTIVE JUROR:  -- over other evidence |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

49

| | | |
|---|---|---|
| 10:56:35 | 1 | presented. |
| 10:56:36 | 2 | MR. WHITE:  At some point -- the Judge has already |
| 10:56:39 | 3 | told you that you, as individual jurors, are the judges of |
| 10:56:43 | 4 | the credibility of a witness. |
| 10:56:46 | 5 | PROSPECTIVE JUROR:  Right. |
| 10:56:47 | 6 | MR. WHITE:  In essence, you're going to be able to |
| 10:56:49 | 7 | take into consideration, in deciding whether they're |
| 10:56:52 | 8 | truthful, everything within your common sense or logic that |
| 10:56:56 | 9 | tells you -- bears on that issue. |
| 10:57:00 | 10 | PROSPECTIVE JUROR:  Right. |
| 10:57:01 | 11 | MR. WHITE:  In your common sense, do you think |
| 10:57:03 | 12 | that if a person's getting paid to testify, that's something |
| 10:57:06 | 13 | you should take into consideration? |
| 10:57:09 | 14 | PROSPECTIVE JUROR:  It depends on the situation, |
| 10:57:10 | 15 | but probably, yes. |
| 10:57:12 | 16 | MR. WHITE:  Does anybody? |
| 10:57:14 | 17 | PROSPECTIVE JUROR:  Yes.  That's a hard question |
| 10:57:16 | 18 | to answer. |
| 10:57:23 | 19 | MR. WHITE:  Hard for you? |
| 10:57:25 | 20 | PROSPECTIVE JUROR:  Yes. |
| 10:57:26 | 21 | MR. WHITE:  Juror Number 90, would you take |
| 10:57:28 | 22 | something like that into consideration if you found out that |
| 10:57:30 | 23 | a witness was being paid or gaining other benefits in |
| 10:57:34 | 24 | exchange for testifying; is that something you would take |
| 10:57:36 | 25 | into consideration? |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

50

| | | |
|---|---|---|
| 10:57:38 | 1 | PROSPECTIVE JUROR:  No, sir, not necessarily. |
| 10:57:40 | 2 | MR. WHITE:  Why not? |
| 10:57:42 | 3 | PROSPECTIVE JUROR:  Well, the presentation of the |
| 10:57:43 | 4 | facts, and both parties -- you know, whatever comes up, |
| 10:57:45 | 5 | it's -- you have to, you know, listen in the credibility, if |
| 10:57:49 | 6 | they are lying or not lying.  You have to see what they're |
| 10:57:52 | 7 | doing and what they're saying.  You can't just say, "Well, |
| 10:58:05 | 8 | he's getting paid," or whatever.  It's very difficult to say |
| 10:58:05 | 9 | that. |
| 10:58:05 | 10 | MR. WHITE:  I'm not asking you to tell us that you |
| 10:58:05 | 11 | would automatically disbelieve them because they're being |
| 10:58:06 | 12 | paid. |
| 10:58:07 | 13 | PROSPECTIVE JUROR:  I wouldn't -- I wouldn't say, |
| 10:58:09 | 14 | no, "You're getting paid.  I will not listen to what you |
| 10:58:12 | 15 | have to say."  I have to listen to what they have to say |
| 10:58:15 | 16 | first. |
| 10:58:16 | 17 | MR. WHITE:  Right.  But what I'm asking you is, |
| 10:58:18 | 18 | would you consider that as a factor? |
| 10:58:21 | 19 | PROSPECTIVE JUROR:  No, I would not. |
| 10:58:23 | 20 | MR. WHITE:  Does anybody -- I'm go to go back to |
| 10:58:26 | 21 | Juror Number 136. |
| 10:58:27 | 22 | I think you said that you would consider that as a |
| 10:58:29 | 23 | factor. |
| 10:58:30 | 24 | PROSPECTIVE JUROR:  Sure, I would. |
| 10:58:32 | 25 | MR. WHITE:  Why would you consider the fact that a |

| | | |
|---|---|---|
| 10:58:35 | 1 | witness may be being paid as a factor in deciding whether |
| 10:58:39 | 2 | they're telling the truth? |
| 10:58:41 | 3 | PROSPECTIVE JUROR:  Well, first of all, it's a |
| 10:58:43 | 4 | fact, and I like to go by facts.  And so, there's one fact |
| 10:58:46 | 5 | right there.  For example, if one of the benefits is to not |
| 10:58:50 | 6 | go to prison, I think that's a very tempting think.  So, of |
| 10:58:55 | 7 | course, I would consider it as a fact. |
| 10:58:58 | 8 | MR. WHITE:  Juror Number 148, do you think that if |
| 10:59:00 | 9 | a witness is gaining a benefit -- whether it's monetary, |
| 10:59:04 | 10 | whether it's a break on their sentence, whether it is an |
| 10:59:10 | 11 | offer to be housed in a less-structured setting -- do you |
| 10:59:17 | 12 | think that's something you would take into consideration? |
| 10:59:19 | 13 | I'm not asking you if you would automatically |
| 10:59:22 | 14 | disbelieve them, but is that the kind of thing you might |
| 10:59:26 | 15 | take into consideration in deciding whether they're telling |
| 10:59:28 | 16 | the truth or not? |
| 10:59:30 | 17 | PROSPECTIVE JUROR:  Well, I would want to consider |
| 10:59:32 | 18 | all the facts in the situation. |
| 10:59:35 | 19 | MR. WHITE:  Okay.  Okay.  So that is something you |
| 10:59:36 | 20 | would take into consideration? |
| 10:59:38 | 21 | PROSPECTIVE JUROR:  Yes. |
| 10:59:41 | 22 | MR. WHITE:  Juror Number 81, good morning.  How do |
| 10:59:45 | 23 | you feel about that? |
| 10:59:46 | 24 | PROSPECTIVE JUROR:  I think you have to take it |
| 10:59:48 | 25 | into consideration with everything else. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

52

| | | |
|---|---|---|
| 10:59:51 | 1 | MR. WHITE:  Okay.  Do you think it's -- for some |
| 10:59:54 | 2 | people it could be human nature -- it's part of human nature |
| 11:00:01 | 3 | that you want to know if a person has a motive for saying |
| 11:00:05 | 4 | something -- does a person have a motive, a reason why |
| 11:00:08 | 5 | they're testifying?  I mean, isn't that something you'd be |
| 11:00:12 | 6 | interested in? |
| 11:00:13 | 7 | PROSPECTIVE JUROR:  I would think you would have |
| 11:00:15 | 8 | to take it into consideration, yes. |
| 11:00:19 | 9 | MR. WHITE:  All right.  Thank you. |
| 11:00:29 | 10 | Now, has anyone in the jury box read any of the |
| 11:00:35 | 11 | recent articles or magazine pieces about this case? |
| 11:00:43 | 12 | Juror Number 223, good morning. |
| 11:00:46 | 13 | PROSPECTIVE JUROR:  Good morning. |
| 11:00:49 | 14 | MR. WHITE:  I guess the first question I have for |
| 11:00:51 | 15 | you is, do you believe everything you either read in the |
| 11:00:54 | 16 | media or see in the media? |
| 11:00:58 | 17 | PROSPECTIVE JUROR:  No. |
| 11:00:59 | 18 | MR. WHITE:  Okay.  Have you ever watched any of |
| 11:01:02 | 19 | these court TV channels or -- have you ever watched any of |
| 11:01:07 | 20 | that? |
| 11:01:07 | 21 | PROSPECTIVE JUROR:  Real cases? |
| 11:01:10 | 22 | MR. WHITE:  Yeah.  Real cases. |
| 11:01:11 | 23 | PROSPECTIVE JUROR:  No. |
| 11:01:13 | 24 | MR. WHITE:  Have you ever seen lawyers -- let's |
| 11:01:16 | 25 | say defense lawyers on television proclaiming the innocence |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

53

| | | |
|---|---|---|
| 11:01:20 | 1 | of their client in various cases? |
| 11:01:25 | 2 | PROSPECTIVE JUROR:  On the news. |
| 11:01:26 | 3 | MR. WHITE:  Okay.  Will you hold it against myself |
| 11:01:29 | 4 | and my fellow defense lawyers because we have chosen not to |
| 11:01:33 | 5 | do this, because it's our belief that the case needs to be |
| 11:01:37 | 6 | dealt with and defended in the courtroom rather than in the |
| 11:01:40 | 7 | newspaper or on television?  Is that okay with you? |
| 11:01:44 | 8 | PROSPECTIVE JUROR:  Yes. |
| 11:01:45 | 9 | MR. WHITE:  All right.  Does anybody have a |
| 11:01:46 | 10 | problem with that? |
| 11:01:49 | 11 | PROSPECTIVE JUROR:  No. |
| 11:01:51 | 12 | MR. WHITE:  Okay.  Juror Number 57, if we can go |
| 11:02:04 | 13 | back to you for a second.  You made a reference in your |
| 11:02:11 | 14 | questionnaire that you believed that the Aryan Brotherhood |
| 11:02:19 | 15 | was a racist organization.  Do you recall that? |
| 11:02:23 | 16 | PROSPECTIVE JUROR:  Yes. |
| 11:02:24 | 17 | MR. WHITE:  Okay.  And Aryan Brotherhood, with |
| 11:02:26 | 18 | that kind of name, what else would you think?  There will be |
| 11:02:32 | 19 | evidence presented during this trial that will bear on that |
| 11:02:36 | 20 | issue.  I mean, that's not the charge here.  They're not |
| 11:02:39 | 21 | charged with being a racist organization, but there will be |
| 11:02:43 | 22 | evidence that will deal with that issue.  And I guess what I |
| 11:02:47 | 23 | would like to know from you is whether you can keep an open |
| 11:02:50 | 24 | mind despite the fact that these gentlemen were members of a |
| 11:02:56 | 25 | group called the Aryan Brotherhood, which sounds pretty |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

54

| | | |
|---|---|---|
| 11:03:00 | 1 | racist and anti-Semitic. |
| 11:03:04 | 2 | Can you keep an open mind about this case despite |
| 11:03:07 | 3 | that fact? |
| 11:03:09 | 4 | PROSPECTIVE JUROR:  Yes. |
| 11:03:11 | 5 | MR. WHITE:  Would anybody have a difficult time or |
| 11:03:13 | 6 | would anybody be unable to keep an open mind about this case |
| 11:03:18 | 7 | and the evidence because of the name of the Aryan |
| 11:03:23 | 8 | Brotherhood? |
| 11:03:29 | 9 | Again, does everybody understand that the charge |
| 11:03:32 | 10 | in this court is not that they are members of the Aryan |
| 11:03:37 | 11 | Brotherhood.  The charge is that they've committed various |
| 11:03:41 | 12 | crimes and that's what you're going to have to determine? |
| 11:03:44 | 13 | Can everybody do that? |
| 11:03:45 | 14 | PROSPECTIVE JUROR:  Yes. |
| 11:03:48 | 15 | PROSPECTIVE JUROR:  Right. |
| 11:03:50 | 16 | MR. WHITE:  All right.  Thank you. |
| 11:03:53 | 17 | THE COURT:  All right.  Mr. Calabria, on behalf of |
| 11:03:55 | 18 | Mr. Hevle. |
| 11:03:56 | 19 | And, Adrian, if you would pan back to Mr. Hevle. |
| 11:04:00 | 20 | He's in the blue shirt.  This would be Mr. Rosen next to |
| 11:04:04 | 21 | Mr. Hevle, so the jurors in the other room see. |
| 11:04:06 | 22 | And Mr. Calabria is now at the lectern. |
| 11:04:15 | 23 | MR. CALABRIA:  Good morning, ladies and gentlemen. |
| 11:04:16 | 24 | My name is Donald J. Calabria.  I represent Mr. Hevle.  And |
| 11:04:17 | 25 | my co-counsel, Bernard Rosen, is sitting next to him. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

| | | |
|---|---|---|
| 11:04:19 | 1 | Do any of you have any problem with the concept of |
| 11:04:21 | 2 | law that a defendant is presumed innocent until proven |
| 11:04:25 | 3 | guilt?  If anyone has a problem with that concept, would |
| 11:04:29 | 4 | they raise their hand? |
| 11:04:30 | 5 | Okay.  Along that line, Juror 221, you had |
| 11:04:34 | 6 | indicated that just with what you heard/read, that that |
| 11:04:38 | 7 | presented some kind of a problem for you.  So my question |
| 11:04:42 | 8 | for you would be, first of all, do you believe in the |
| 11:04:45 | 9 | presumption of innocence? |
| 11:04:47 | 10 | PROSPECTIVE JUROR:  Absolutely. |
| 11:04:50 | 11 | MR. CALABRIA:  And that being the fact, let's say |
| 11:04:52 | 12 | the jury was picked right now, and you twelve were the |
| 11:04:56 | 13 | jurors, and the Judge told you to go back and start |
| 11:05:00 | 14 | deliberating this case.  How would you vote right now? |
| 11:05:10 | 15 | PROSPECTIVE JUROR:  Feeling the way I do? |
| 11:05:10 | 16 | MR. CALABRIA:  Yes. |
| 11:05:10 | 17 | PROSPECTIVE JUROR:  I don't think I could make a |
| 11:05:10 | 18 | fair judgment against these men. |
| 11:05:13 | 19 | MR. CALABRIA:  If you were told you had to say |
| 11:05:15 | 20 | guilty or not guilty when you went back in that jury room |
| 11:05:19 | 21 | right now, would you be able to do that? |
| 11:05:22 | 22 | PROSPECTIVE JUROR:  No, sir. |
| 11:05:23 | 23 | MR. CALABRIA:  Does any other juror agree with him |
| 11:05:27 | 24 | in that position? |
| 11:05:29 | 25 | Juror Number 57, do you understand that if you |

| 11:05:30 | 1 | agree with the presumption of innocence and no evidence has |
| 11:05:34 | 2 | been offered yet, there would only be one verdict you could |
| 11:05:37 | 3 | come to if you were asked to go into the jury room?  Is that |
| 11:05:40 | 4 | correct? |
| 11:05:41 | 5 | PROSPECTIVE JUROR:  Yes. |
| 11:05:45 | 6 | MR. CALABRIA:  And what would that verdict be? |
| 11:05:48 | 7 | PROSPECTIVE JUROR:  I have to give one? |
| 11:05:49 | 8 | MR. CALABRIA:  Yes. |
| 11:05:51 | 9 | PROSPECTIVE JUROR:  Then I have to say not guilty. |
| 11:05:53 | 10 | MR. CALABRIA:  Does everyone agree with that, that |
| 11:05:56 | 11 | there's a presumption of innocence? |
| 11:05:57 | 12 | If the prosecutor doesn't present clear and |
| 11:06:01 | 13 | convincing evidence that convinces you beyond a reasonable |
| 11:06:01 | 14 | doubt, it's your duty to find the defendant not guilty. |
| 11:06:04 | 15 | Does anyone have any problem with that or any quarrel with |
| 11:06:08 | 16 | that? |
| 11:06:10 | 17 | Okay.  Now, when you go back there to |
| 11:06:13 | 18 | deliberate -- let's again assume that you are the twelve |
| 11:06:18 | 19 | jurors. |
| 11:06:18 | 20 | And, Juror Number 93, when you get back there, |
| 11:06:24 | 21 | after hearing all the evidence, you didn't believe the |
| 11:06:28 | 22 | government witnesses -- either because of their lengthy |
| 11:06:33 | 23 | prison time or because of the content of what they said or |
| 11:06:37 | 24 | because of the favors they were receiving, if this comes out |
| 11:06:41 | 25 | in evidence, or because of a lesser sentence -- for any |

| | | |
|---|---|---|
| 11:06:45 | 1 | reason you did not believe the government's case, but the |
| 11:06:50 | 2 | other eleven jurors disagreed with you, and after |
| 11:06:56 | 3 | deliberating and discussing it in every way you could, you |
| 11:06:59 | 4 | still did not believe the government's case because of the |
| 11:07:02 | 5 | quality of the witnesses that they had presented to you, but |
| 11:07:05 | 6 | the other eleven felt just as strongly the other way, would |
| 11:07:10 | 7 | we have the benefit of your individual opinion and you would |
| 11:07:14 | 8 | stick to your guns and vote not guilty because it was your |
| 11:07:18 | 9 | belief, after hearing this evidence?  Or would you go along |
| 11:07:21 | 10 | with the majority? |
| 11:07:23 | 11 | PROSPECTIVE JUROR:  Well, I wouldn't go along with |
| 11:07:25 | 12 | the majority.  I would certainly stick with my own feelings |
| 11:07:29 | 13 | of integrity.  And if I felt they were telling the truth, |
| 11:07:34 | 14 | and I know the government -- it's lawful for them to have |
| 11:07:39 | 15 | witnesses and give them benefits.  I know that.  That is -- |
| 11:07:44 | 16 | it's lawful, so it's done.  So you couldn't really put the |
| 11:07:50 | 17 | blame on the witnesses, in a way, that they might be |
| 11:07:53 | 18 | benefited from it.  So I would just have to use my own |
| 11:07:57 | 19 | feeling of integrity and what I thought. |
| 11:08:02 | 20 | MR. CALABRIA:  Well, that's what I'm asking you, |
| 11:08:03 | 21 | and I'm asking each of you.  If you are seated as jurors, |
| 11:08:06 | 22 | will we have the benefit of your independent opinion?  And I |
| 11:08:10 | 23 | don't mean you go into the jury room and say, "Look it, I'm |
| 11:08:13 | 24 | not talking about this case.  I'm frozen in this position." |
| 11:08:16 | 25 | I mean, after discussing it. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

58

| | | |
|---|---|---|
| 11:08:19 | 1 | If, after discussing it, you believe that the case |
| 11:08:21 | 2 | has not been proved beyond a reasonable doubt, but there are |
| 11:08:25 | 3 | other jurors who feel just as strongly that it has, do we |
| 11:08:28 | 4 | have the benefit of each and every one of you, that we will |
| 11:08:32 | 5 | get your independent opinion? |
| 11:08:34 | 6 | PROSPECTIVE JUROR: Yes. |
| 11:08:35 | 7 | PROSPECTIVE JUROR: Yes. |
| 11:08:38 | 8 | MR. CALABRIA: Now, during the course of this |
| 11:08:40 | 9 | trial -- and the Court's indicated to you the length of this |
| 11:08:42 | 10 | trial; that we're going to be here a number of months with |
| 11:08:46 | 11 | some breaks -- the People have the opportunity to put their |
| 11:08:50 | 12 | case on first. So it may be months before you hear any |
| 11:08:54 | 13 | witnesses from the defense to counter what you've heard from |
| 11:08:57 | 14 | the United States Attorney. |
| 11:08:59 | 15 | Will each of you keep an open mind until you've |
| 11:09:03 | 16 | heard all of the evidence? |
| 11:09:06 | 17 | PROSPECTIVE JUROR: Yes. |
| 11:09:07 | 18 | PROSPECTIVE JUROR: Yes. |
| 11:09:08 | 19 | MR. CALABRIA: Does anyone feel differently than |
| 11:09:10 | 20 | that? So we have your promise that if you are selected as a |
| 11:09:15 | 21 | juror on this case, each and every one of you will keep an |
| 11:09:18 | 22 | open mind and not formulate opinions until you've heard both |
| 11:09:28 | 23 | sides of the story? |
| 11:09:31 | 24 | PROSPECTIVE JUROR: Correct. |
| 11:09:32 | 25 | MR. CALABRIA: Now, the Court will instruct you on |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

59

| | | |
|---|---|---|
| 11:09:34 | 1 | the law. |
| 11:09:35 | 2 | Juror Number 199. |
| 11:09:36 | 3 | PROSPECTIVE JUROR:  Yes. |
| 11:09:38 | 4 | MR. CALABRIA:  The Court will instruct you on the |
| 11:09:39 | 5 | law, but you are the sole and exclusive judges of the facts. |
| 11:09:45 | 6 | Will you have any problem with that? |
| 11:09:47 | 7 | PROSPECTIVE JUROR:  No. |
| 11:09:47 | 8 | MR. CALABRIA:  It's his job to tell you the law, |
| 11:09:51 | 9 | but it's your job to determine what the facts are. |
| 11:09:56 | 10 | Would you or would you not evaluate the people |
| 11:09:58 | 11 | they call as witnesses, evaluate where they come from and |
| 11:10:02 | 12 | the content of what they say, and the ability they have to |
| 11:10:05 | 13 | observe what they observed -- will you evaluate all of this? |
| 11:10:10 | 14 | PROSPECTIVE JUROR:  Yes. |
| 11:10:11 | 15 | MR. CALABRIA:  And part of that package would be, |
| 11:10:13 | 16 | if they were given anything for their testimony, would you |
| 11:10:15 | 17 | evaluate that and evaluate -- |
| 11:10:17 | 18 | PROSPECTIVE JUROR:  Yes, that's human nature. |
| 11:10:19 | 19 | You're going to evaluate it. |
| 11:10:21 | 20 | MR. CALABRIA:  Okay.  But -- |
| 11:10:22 | 21 | PROSPECTIVE JUROR:  But I can still separate the |
| 11:10:24 | 22 | two and determine whether I felt they were credible |
| 11:10:27 | 23 | witnesses or not. |
| 11:10:29 | 24 | MR. CALABRIA:  And you understand you're the one |
| 11:10:30 | 25 | who makes the call on the credibility of witnesses? |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

60

| | | |
|---|---|---|
| 11:10:34 | 1 | PROSPECTIVE JUROR:  Correct. |
| 11:10:35 | 2 | MR. CALABRIA:  And you will follow the Court's |
| 11:10:36 | 3 | instruction that there are factors you take into account in |
| 11:10:39 | 4 | determining the credibility, such as felony convictions, |
| 11:10:47 | 5 | ability to observe, their conduct towards the Court -- |
| 11:10:50 | 6 | PROSPECTIVE JUROR:  Right.  Everything. |
| 11:10:50 | 7 | MR. CALABRIA:  -- consideration of all those -- |
| 11:10:51 | 8 | PROSPECTIVE JUROR:  All those factors. |
| 11:10:56 | 9 | MR. CALABRIA:  Now, you see there's multiple |
| 11:10:58 | 10 | defendants in this case.  There's multiple lawyers in this |
| 11:11:02 | 11 | case.  And even though they're all being tried at the same |
| 11:11:06 | 12 | time, you understand that you have to make decisions about |
| 11:11:15 | 13 | each of them, and they may be different? |
| 11:11:15 | 14 | PROSPECTIVE JUROR:  Yes. |
| 11:11:15 | 15 | MR. CALABRIA:  And you understand that Mr. Rosen |
| 11:11:15 | 16 | and I represent Mr. Hevle, and each defendant has their own |
| 11:11:20 | 17 | lawyers? |
| 11:11:21 | 18 | PROSPECTIVE JUROR:  Yes. |
| 11:11:22 | 19 | MR. CALABRIA:  And when it comes time for you to |
| 11:11:24 | 20 | deliberate, do we have that promise from you that you will |
| 11:11:28 | 21 | evaluate the evidence against each of them? |
| 11:11:30 | 22 | PROSPECTIVE JUROR:  Yes, you do. |
| 11:11:36 | 23 | MR. CALABRIA:  Now, just one further thing about |
| 11:11:38 | 24 | the -- you know, evaluating witnesses. |
| 11:11:40 | 25 | The Court has indicated to you, whether it's a |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

61

| 11:11:43 | 1 | doctor, lawyer, mailman, anyone, they have a title when they |
|----------|---|---|
| 11:11:49 | 2 | take the stand, but then you're really supposed to listen to |
| 11:11:53 | 3 | what they have to say. |
| 11:11:55 | 4 | PROSPECTIVE JUROR:  Correct. |
| 11:11:57 | 5 | MR. CALABRIA:  But to some extent, who they are |
| 11:12:00 | 6 | still comes into play in your evaluation of them.  Let me |
| 11:12:03 | 7 | just give you an example. |
| 11:12:05 | 8 | If we call Mother Theresa to the stand, you would |
| 11:12:08 | 9 | have one picture of her beyond what she was going to say. |
| 11:12:13 | 10 | And as Juror Number 221 indicated, you might have something |
| 11:12:17 | 11 | quite different if we call Mr. Gotti to the stand.  The |
| 11:12:22 | 12 | Court was trying to say to you, you don't evaluate them off |
| 11:12:26 | 13 | their title. |
| 11:12:28 | 14 | PROSPECTIVE JUROR:  Correct. |
| 11:12:29 | 15 | MR. CALABRIA:  But they do come to the stand with |
| 11:12:31 | 16 | lifetime experiences that should be taken into consideration |
| 11:12:34 | 17 | in evaluating whether or not they are believable people. |
| 11:12:39 | 18 | PROSPECTIVE JUROR:  Correct. |
| 11:12:40 | 19 | MR. CALABRIA:  Now, if after you've heard the |
| 11:12:42 | 20 | witnesses for the government testify, or any -- let's just |
| 11:12:45 | 21 | take one witness for the government.  After you hear a |
| 11:12:49 | 22 | witness for the government testify, and you've heard the |
| 11:12:51 | 23 | entire case, and it becomes time to evaluate that witness, |
| 11:12:56 | 24 | would you evaluate everything about that witness's life, |
| 11:13:01 | 25 | what they're saying, and everything you know about 'em in |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

62

| | | |
|---|---|---|
| 11:13:04 | 1 | determining whether or not you want to believe them on |
| 11:13:08 | 2 | something as serious as what they're testifying to? |
| 11:13:11 | 3 | PROSPECTIVE JUROR:  Yes. |
| 11:13:12 | 4 | MR. CALABRIA:  Does anyone have any problem with |
| 11:13:14 | 5 | that?  Do we have the assurance of each of you, as you sit |
| 11:13:19 | 6 | there now, that you will carefully evaluate what people have |
| 11:13:22 | 7 | to say, what ability they had to observe or see what they |
| 11:13:26 | 8 | are testifying about, what benefit they're getting for |
| 11:13:30 | 9 | testifying, in effect, what their motive is for getting up |
| 11:13:34 | 10 | on the stand?  Will all of do you that before you make the |
| 11:13:37 | 11 | decision? |
| 11:13:38 | 12 | PROSPECTIVE JUROR:  Yes. |
| 11:13:39 | 13 | MR. CALABRIA:  And during the course of trial |
| 11:13:42 | 14 | sometimes we lawyers object in areas where maybe you don't |
| 11:13:45 | 15 | feel we should be making objections. |
| 11:13:47 | 16 | Will all of you evaluate this case off what comes |
| 11:13:51 | 17 | from the witness stand and not off whether you like or |
| 11:13:56 | 18 | dislike the manner in which we happen to try a case? |
| 11:13:59 | 19 | PROSPECTIVE JUROR:  Yes. |
| 11:14:00 | 20 | MR. CALABRIA:  And finally, does anyone have any |
| 11:14:04 | 21 | reason they would like to indicate as to why they would not |
| 11:14:07 | 22 | want to sit on this jury at this time with what you know? |
| 11:14:12 | 23 | Thank you very much. |
| 11:14:13 | 24 | THE COURT:  And, Mr. Reed, on behalf of |
| 11:14:14 | 25 | Mr. Gibson. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

63

| | | |
|---|---|---|
| 11:14:15 | 1 | And, Adrian, would you pan to Mr. Gibson.  He's in |
| 11:14:18 | 2 | the top row, the gentleman in the yellow shirt. |
| 11:14:23 | 3 | And Mr. Reed is approaching the lectern. |
| 11:14:35 | 4 | MR. REED:  There are a number of downsides of |
| 11:14:38 | 5 | going last, most of which I will experience in the next nine |
| 11:14:42 | 6 | months I imagine.  But what I would like to do, instead of |
| 11:14:45 | 7 | the general lawyer questions that we go to school to ask |
| 11:14:49 | 8 | you -- there's a long book of them, things we're not |
| 11:14:52 | 9 | supposed to do, things we're supposed to do -- I'm going to |
| 11:14:57 | 10 | talk to you, ask you a couple general questions. |
| 11:15:00 | 11 | Although, I live in this fiction that we create |
| 11:15:02 | 12 | right now, I've always thought if I was sitting in that box, |
| 11:15:06 | 13 | having gone through what you've gone through, having lawyers |
| 11:15:10 | 14 | ask me today what I may consider and take into consideration |
| 11:15:14 | 15 | eight and a half months from now, when I haven't heard any |
| 11:15:18 | 16 | of the evidence, what am I going to say but "I'm going to |
| 11:15:21 | 17 | fair?  What am I going to say but the magic word?  'Cause I |
| 11:15:25 | 18 | know I need to say I'm going to be fair.  'Cause at this |
| 11:15:29 | 19 | point -- I'm not lying to you -- you know that you could |
| 11:15:35 | 20 | have written things on the questionnaire that would have |
| 11:15:37 | 21 | gotten you out of here.  You know you could have written |
| 11:15:41 | 22 | things to the jury commissioner that would have gotten you |
| 11:15:44 | 23 | out of here. |
| 11:15:44 | 24 | And I wasn't here for the last three weeks when |
| 11:15:47 | 25 | you were talking to these attorneys, but I'm sure you kind |

| | | |
|---|---|---|
| 11:15:51 | 1 | of figured out, "I know what to say to get out of here." |
| 11:15:54 | 2 | All of you have passed that point. |
| 11:15:56 | 3 | And I was thinking perhaps I might not be too far |
| 11:16:00 | 4 | off the mark because, Juror Number 223, you rolled your eyes |
| 11:16:06 | 5 | up when you said, "You're asking me to tell you what I'm |
| 11:16:10 | 6 | going to do in August? That's not a fair thing to do." |
| 11:16:13 | 7 | Is that a fair statement? |
| 11:16:15 | 8 | PROSPECTIVE JUROR:  Okay. |
| 11:16:17 | 9 | MR. REED:  One of the things that struck me is a |
| 11:16:20 | 10 | couple of you -- |
| 11:16:24 | 11 | THE CLERK:  Mr. Reed. |
| 11:16:25 | 12 | THE COURT:  They can't hear you next door. |
| 11:16:29 | 13 | MR. REED:  One of the things -- |
| 11:16:31 | 14 | THE COURT:  You can carry that with you around the |
| 11:16:33 | 15 | courtroom. |
| 11:16:36 | 16 | MR. REED:  One of the things that was asked of |
| 11:16:39 | 17 | you -- I don't remember the question, the number, anyway, |
| 11:16:41 | 18 | but it had to do with the Aryan Brotherhood.  Some of you |
| 11:16:44 | 19 | just wrote "racists."  That was your impression.  The funny |
| 11:16:49 | 20 | thing is, that's fine, because that is what you think. |
| 11:16:52 | 21 | That's your impression.  And it might be a difficult thing |
| 11:16:57 | 22 | to deal with.  It's difficult for me -- or was difficult for |
| 11:17:03 | 23 | me. |
| 11:17:03 | 24 | But where you are right now, when I can't -- we |
| 11:17:16 | 25 | can't give you any evidence of the issue, and can't deal |

| | | |
|---|---|---|
| 11:17:16 | 1 | with the question, and where you may be in nine months are |
| 11:17:16 | 2 | two different things.  That's a logical position.  Would you |
| 11:17:17 | 3 | agree with me there? |
| 11:17:18 | 4 | PROSPECTIVE JUROR:  Yes. |
| 11:17:20 | 5 | MR. REED:  Because you haven't heard anything. |
| 11:17:22 | 6 | I think -- Ms. 136, I think you also put down |
| 11:17:24 | 7 | "racist" or something to that effect, the first thing that |
| 11:17:28 | 8 | came to your mind.  I'm not particularly bothered by what |
| 11:17:31 | 9 | you think now. |
| 11:17:32 | 10 | My question is twofold.  One of the questions |
| 11:17:36 | 11 | asked my by co-counsel, which was, "Could you set that |
| 11:17:40 | 12 | aside?" -- but the real question is:  Could you change your |
| 11:17:43 | 13 | mind?  Could your mind be changed on that issue if you were |
| 11:17:47 | 14 | educated differently? |
| 11:17:49 | 15 | PROSPECTIVE JUROR:  First of all, that's a lot of |
| 11:17:50 | 16 | racists -- but there's racists here.  There's a lot -- |
| 11:17:55 | 17 | THE CLERK:  Microphone. |
| 11:17:57 | 18 | THE COURT:  We need the microphone down there. |
| 11:17:59 | 19 | Thank you very much.  If you will start your answer again. |
| 11:18:01 | 20 | Thank you. |
| 11:18:02 | 21 | PROSPECTIVE JUROR:  Whether they're racist or not |
| 11:18:04 | 22 | is not the issue. |
| 11:18:06 | 23 | MR. REED:  Okay. |
| 11:18:07 | 24 | PROSPECTIVE JUROR:  And to be honest with you, I |
| 11:18:09 | 25 | don't know a lot about the Aryan Brotherhood.  I don't know |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

66

| | | |
|---|---|---|
| 11:18:11 | 1 | anybody who's been part of it, just what I've heard, what |
| 11:18:14 | 2 | I've seen on TV.  I've never heard their side of the story, |
| 11:18:18 | 3 | really.  But it -- but that's not even the issue here.  It's |
| 11:18:22 | 4 | on crimes committed. |
| 11:18:25 | 5 | MR. REED:  That raises an interesting question. |
| 11:18:30 | 6 | My general feeling is -- and general thought, as I'm sitting |
| 11:18:33 | 7 | right here, is Mr. Gibson will never get on the witness |
| 11:18:37 | 8 | stand and tell you, quote/unquote, his side of the story. |
| 11:18:40 | 9 | It's not necessary.  The government has to prove their case |
| 11:18:43 | 10 | against him. |
| 11:18:45 | 11 | PROSPECTIVE JUROR:  Right. |
| 11:18:46 | 12 | MR. REED:  I don't anticipate Mr. Gibson getting |
| 11:18:48 | 13 | on the witness stand.  It's not required. |
| 11:18:51 | 14 | PROSPECTIVE JUROR:  What I mean is, I don't need |
| 11:18:53 | 15 | something to be proved to me, telling me they're not |
| 11:18:56 | 16 | racists.  It has nothing to do with whether they're |
| 11:19:00 | 17 | committing the crime or not.  They don't have to prove to me |
| 11:19:00 | 18 | they're not racists. |
| 11:19:03 | 19 | MR. REED:  The first question would be more |
| 11:19:04 | 20 | applicable to you.  Assuming you have that mindset going in, |
| 11:19:08 | 21 | and that mindset has never changed, and we get to September, |
| 11:19:12 | 22 | I can tell you right now, as we sit, there is not a jury |
| 11:19:16 | 23 | instruction -- or there's not an allegation of racism. |
| 11:19:19 | 24 | PROSPECTIVE JUROR:  Right. |
| 11:19:20 | 25 | MR. REED:  So given the fact that that is not the |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

67

| | | |
|---|---|---|
| 11:19:22 | 1 | case, and you never change your mind on your initial |
| 11:19:25 | 2 | impression, you can put that aside and just deal with the |
| 11:19:28 | 3 | evidence? |
| 11:19:28 | 4 | PROSPECTIVE JUROR: Right. Because that's not |
| 11:19:30 | 5 | going to be part of -- of anything. It doesn't matter what |
| 11:19:32 | 6 | I think about that. I mean, you really shouldn't bring |
| 11:19:36 | 7 | feelings into it anyway. |
| 11:19:38 | 8 | MR. REED: But that's human nature. |
| 11:19:42 | 9 | PROSPECTIVE JUROR: You try not to. |
| 11:19:44 | 10 | MR. REED: We can pretend, but the world is just |
| 11:19:47 | 11 | outside those doors. |
| 11:19:49 | 12 | PROSPECTIVE JUROR: Right. |
| 11:19:50 | 13 | MR. REED: And the world comes in here. |
| 11:19:54 | 14 | You would agree with me, perhaps, or not, people |
| 11:19:57 | 15 | in the witness chair, even though they raise their hand and |
| 11:19:59 | 16 | say I'm going to tell the whole truth and nothing but the |
| 11:20:04 | 17 | truth, now, people have an agenda. It's not uncommon. |
| 11:20:07 | 18 | Sometimes you don't know what the agenda is. But people |
| 11:20:07 | 19 | have an agenda. Would you agree? |
| 11:20:09 | 20 | PROSPECTIVE JUROR: Sure. |
| 11:20:10 | 21 | MR. REED: I mean, even -- even if the agenda is |
| 11:20:11 | 22 | to get through testifying without getting embarrassed, that |
| 11:20:15 | 23 | can be an agenda, something so benign as that, 'cause it's a |
| 11:20:19 | 24 | scary thing; would you agree? |
| 11:20:24 | 25 | PROSPECTIVE JUROR: Okay. |

| | | |
|---|---|---|
| 11:20:26 | 1 | MR. REED:  If you can roll that back to 223, |
| 11:20:28 | 2 | again.  I don't remember if you had a racist comment or not, |
| 11:20:33 | 3 | but say for the sake of argument you did.  Is your mind set |
| 11:20:37 | 4 | on any of the impressions that you have, that you wrote in |
| 11:20:41 | 5 | your questionnaire, that it cannot be changed after being |
| 11:20:44 | 6 | educated to the facts of this case? |
| 11:20:46 | 7 | PROSPECTIVE JUROR:  No. |
| 11:20:47 | 8 | MR. REED:  Another thought.  'Cause I'll go at the |
| 11:20:52 | 9 | end, and -- and for the most part, four attorneys or three |
| 11:20:57 | 10 | attorneys -- well, four counting government -- will either |
| 11:21:01 | 11 | question or cross-examine before they get to me.  I may not |
| 11:21:04 | 12 | ask any questions of certain witnesses. |
| 11:21:06 | 13 | You know, we -- every Thursday morning and every |
| 11:21:10 | 14 | Monday morning, the days after the lottery results come out, |
| 11:21:14 | 15 | I always just think I may just do what they say defense |
| 11:21:17 | 16 | attorneys can do, which is that he and his client can sit |
| 11:21:17 | 17 | and play cards the entire trial, and if the government |
| 11:21:20 | 18 | doesn't prove their case, you still must vote not guilty.  I |
| 11:21:25 | 19 | only make those thoughts when the lottery results come out, |
| 11:21:28 | 20 | but the law says I'm able to do that.  There's a lot of |
| 11:21:31 | 21 | problems with my bar card and all those other things; but |
| 11:21:31 | 22 | for the sake of argument, that is possible that I may not |
| 11:21:36 | 23 | ask a question -- I may not ask a witness a question for |
| 11:21:38 | 24 | three straight weeks because, in my judgment, it doesn't |
| 11:21:41 | 25 | apply to me. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

69

11:21:43    1        But people watch TV all the time.  I mean, there's

11:21:47    2    four different *Law & Order*'s now.  People are used to seeing

11:21:51    3    lawyers engage.

11:21:52    4        Maybe the fact that I don't say anything, the fact

11:21:55    5    that I don't ask a question -- is that something that is

11:21:57    6    gonna trigger something in your head, that maybe he's

11:22:01    7    conceding that that happened, or something to that effect?

11:22:05    8        PROSPECTIVE JUROR:  No.

11:22:06    9        MR. REED:  Okay.  The reason I asked that is

11:22:07   10    'cause I'm back to that real world thing I asked you about

11:22:11   11    before.  I know the Court and law really asks you to wait

11:22:15   12    until the end.  I'm thinking about me as a person.  But

11:22:19   13    whenever I go see a movie, I'm always thinking about how

11:22:24   14    it's going to end while I'm still watching it.  A mystery,

11:22:28   15    I'm trying to find out who actually did it.  I'm looking

11:22:33   16    ahead.  But I break that rule on a regular basis.  Kenny,

11:22:40   17    the regular person, does that.  And I assume I'm not much

11:22:44   18    different than you all are.  So having the judge tell you

11:22:48   19    that you shouldn't do it doesn't mean in your own mind that

11:23:00   20    you won't do it.

11:23:00   21        For six months the government is going to put

11:23:00   22    evidence on.  I have to assume that their evidence is not

11:23:00   23    going to be evidence that I would have wanted or they're not

11:23:02   24    going to prove -- they're not gonna prove things that do not

11:23:05   25    help their case, is what I'm saying.  So you're going to

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

70

| | | |
|---|---|---|
| 11:23:08 | 1 | hear, quote/unquote, bad things. |
| 11:23:12 | 2 | Do you think you can stop building that wall, |
| 11:23:14 | 3 | brick by brick, or if you do start building that wall, you |
| 11:23:18 | 4 | can remind yourself you shouldn't do that? |
| 11:23:21 | 5 | PROSPECTIVE JUROR:  Yes. |
| 11:23:23 | 6 | MR. REED:  How about you, Juror Number 12, right |
| 11:23:25 | 7 | next door. |
| 11:23:27 | 8 | PROSPECTIVE JUROR:  Yes, sir. |
| 11:23:28 | 9 | MR. REED:  Do you think you can do that? |
| 11:23:29 | 10 | PROSPECTIVE JUROR:  Yes, sir. |
| 11:23:31 | 11 | MR. REED:  Is that because the judges says that or |
| 11:23:31 | 12 | something mentally in your mind? |
| 11:23:33 | 13 | PROSPECTIVE JUROR:  Mentally in my mind. |
| 11:23:36 | 14 | MR. REED:  Am I outside of what you think when I'm |
| 11:23:37 | 15 | saying that on occasion you do that. |
| 11:23:40 | 16 | PROSPECTIVE JUROR:  I do not do that. |
| 11:23:41 | 17 | MR. REED:  You don't?  So when you watch movies, |
| 11:23:43 | 18 | you don't do that? |
| 11:23:45 | 19 | PROSPECTIVE JUROR:  No. |
| 11:23:46 | 20 | MR. REED:  When you saw "Crying Game," you knew |
| 11:23:48 | 21 | that guy -- that guy was a girl? |
| 11:23:53 | 22 | PROSPECTIVE JUROR:  No. |
| 11:23:54 | 23 | MR. REED:  That was a surprise to you? |
| 11:23:55 | 24 | PROSPECTIVE JUROR:  That was. |
| 11:23:55 | 25 | MR. REED:  Yeah, that caught me off guard. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

71

| | | |
|---|---|---|
| 11:24:01 | 1 | Could you throw that back to Number 57, please. |
| 11:24:03 | 2 | I know you had the racism comment as well. |
| 11:24:08 | 3 | PROSPECTIVE JUROR:  I did. |
| 11:24:09 | 4 | MR. REED:  Okay.  Let's ask you the question that |
| 11:24:10 | 5 | I asked, which is, can you -- are you subject -- are you in |
| 11:24:15 | 6 | a position where, "I don't know anything about them.  That's |
| 11:24:19 | 7 | just my impression right now, but I can be educated about |
| 11:24:23 | 8 | this group, about the issue of racism.  Right now I think |
| 11:24:29 | 9 | that 'cause I wrote it down on my questionnaire weeks ago, |
| 11:24:33 | 10 | but I don't know anything about them, and the Court asked me |
| 11:24:39 | 11 | not to look up anything, so I didn't look up anything about |
| 11:24:43 | 12 | them.  So I know nothing more than what I knew the day I |
| 11:24:47 | 13 | filled out the questionnaire"? |
| 11:24:49 | 14 | You will follow all the judges instructions, |
| 11:24:51 | 15 | right? |
| 11:24:52 | 16 | PROSPECTIVE JUROR:  Yes. |
| 11:24:53 | 17 | MR. REED:  Nine months from now, assuming that the |
| 11:24:57 | 18 | evidence is inconsistent with that theory that they are |
| 11:25:01 | 19 | racist, are you in a position that, you know, "I'm not |
| 11:25:06 | 20 | wedded to that position," and if you hear facts that say |
| 11:25:10 | 21 | that's not correct, "I can acknowledge that I was wrong |
| 11:25:12 | 22 | about that"? |
| 11:25:14 | 23 | PROSPECTIVE JUROR:  Definitely.  I'm wrong every |
| 11:25:15 | 24 | day. |
| 11:25:16 | 25 | MR. REED:  Even though that's not one of the |

| 11:25:17 | 1 | issues in the case, but I got to figure that it's somewhere |
| 11:25:21 | 2 | on the weigh scale in a person's mind. |
| 11:25:26 | 3 | That be a fair statement? |
| 11:25:28 | 4 | PROSPECTIVE JUROR:  Yes. |
| 11:25:29 | 5 | MR. REED:  Okay.  Now, I do everything with my |
| 11:25:32 | 6 | laptop.  I look up the law when I'm sitting over there.  I |
| 11:25:37 | 7 | talk to one of the other attorneys off my laptop.  I talk to |
| 11:25:42 | 8 | my office with it.  I've got some other gadgets.  I'm all |
| 11:25:47 | 9 | about this stuff here.  And my computer, as big and as fast |
| 11:25:51 | 10 | as it is -- fastest one in this room -- not the most |
| 11:25:55 | 11 | expensive, but the fastest one in this room -- it will not |
| 11:26:00 | 12 | do something that my -- it can't work as fast as my brain |
| 11:26:05 | 13 | can, as fast and as quick as it is.  But it does something |
| 11:26:10 | 14 | my brain can't do.  With all of the information I have in |
| 11:26:14 | 15 | here, if I type in on the program that I want, "red and |
| 11:26:18 | 16 | white," but not "red and blue," it will never give me "red |
| 11:26:23 | 17 | and blue," even though there's "red and blue" in here.  I'm |
| 11:26:26 | 18 | telling you that because the Court will tell you there may |
| 11:26:30 | 19 | be evidence that only applies to one part of the case and |
| 11:26:33 | 20 | not to another. |
| 11:26:34 | 21 | With my computer, I can do that and not have any |
| 11:26:37 | 22 | problem at all, 'cause I know immediately it will never |
| 11:26:41 | 23 | consider what it was told not to consider.  Human brain |
| 11:26:47 | 24 | doesn't follow those instructions the same way. |
| 11:26:51 | 25 | Do you think you can do that?  Maybe not as good |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

73

| | | |
|---|---|---|
| 11:26:54 | 1 | as my computer, but if the Court tells you -- say, for the |
| 11:26:57 | 2 | sake of argument, somebody comes running into this room -- |
| 11:27:01 | 3 | see, if I had that lottery thing, I could pay someone to run |
| 11:27:07 | 4 | in right at the time this happened -- and the person says |
| 11:27:12 | 5 | something and runs right out. And the Court says, "You are |
| 11:27:16 | 6 | not to consider that for any purpose at all," could you |
| 11:27:19 | 7 | follow that instruction? |
| 11:27:21 | 8 | PROSPECTIVE JUROR: Yes. |
| 11:27:22 | 9 | MR. REED: Even though you had seen the person? |
| 11:27:25 | 10 | PROSPECTIVE JUROR: I would think about it, and |
| 11:27:27 | 11 | then I would put it away. |
| 11:27:29 | 12 | MR. REED: Okay. Now, what about this: You're |
| 11:27:30 | 13 | back there. It's nine months from now. You're not back |
| 11:27:32 | 14 | with these twelve. You're back with maybe four of these |
| 11:27:34 | 15 | people, two of these people, and six of the people from the |
| 11:27:38 | 16 | other room -- okay? -- in the deliberation room, all talking |
| 11:27:42 | 17 | about all the things that you've heard over the nine months. |
| 11:27:46 | 18 | One of those people, they say, "Wait a minute. We're |
| 11:27:50 | 19 | fighting about this. But remember back that first day when |
| 11:27:53 | 20 | that guy came running into the room?" And you all go, |
| 11:27:56 | 21 | "Yeah, I remember that." What would you do? |
| 11:27:59 | 22 | PROSPECTIVE JUROR: I remember it, but we're not |
| 11:28:01 | 23 | supposed to consider it. |
| 11:28:03 | 24 | MR. REED: Now, this is the question: You've been |
| 11:28:05 | 25 | with these other eleven people for nine months. I'm |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

74

| 11:28:08 | 1 | assuming you've all gotten to be friends.  I think, if I'm |
|---|---|---|
| 11:28:12 | 2 | not mistaken, you all eat together at lunchtime, and you all |
| 11:28:16 | 3 | come back together.  I'm not positive that happens in this |
| 11:28:19 | 4 | courtroom, I think you all eat together at lunchtime and you |
| 11:28:19 | 5 | all come back together.  So you been living with these |
| 11:28:23 | 6 | people four days off and on for nine months. |
| 11:28:27 | 7 | PROSPECTIVE JUROR:  That doesn't mean we have to |
| 11:28:29 | 8 | sit together. |
| 11:28:30 | 9 | MR. REED:  That's true, that's true.  But you see |
| 11:28:32 | 10 | 'em everyday.  It's like a new job.  I mean, you're together |
| 11:28:35 | 11 | all the time.  You're going to know each other by first |
| 11:28:39 | 12 | names.  And the person you like the most is the one that |
| 11:28:42 | 13 | makes that statement.  I understand, in your mind you're |
| 11:28:44 | 14 | going to follow that rule. |
| 11:28:56 | 15 | Are you going to tell that other person, |
| 11:28:56 | 16 | "Remember, the Judge told us not to talk about that"? |
| 11:28:56 | 17 | PROSPECTIVE JUROR:  Definitely. |
| 11:28:56 | 18 | MR. REED:  Okay.  If you speak loud, 'cause I only |
| 11:28:57 | 19 | have to hear "yes" or "no" in this part.  We may not need |
| 11:28:57 | 20 | the mic. |
| 11:28:57 | 21 | So Juror Number 71, what about you?  That same |
| 11:29:04 | 22 | scenario, what are you going to do? |
| 11:29:12 | 23 | PROSPECTIVE JUROR:  Repeat the question. |
| 11:29:14 | 24 | MR. REED:  The whole thing? |
| 11:29:15 | 25 | PROSPECTIVE JUROR:  Just the end part. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

75

| | | |
|---|---|---|
| 11:29:17 | 1 | MR. REED:  Okay.  The last part. |
| 11:29:19 | 2 | Judge has told you not to consider the guy that |
| 11:29:22 | 3 | comes in the room and runs out.  And I'll add some stuff to |
| 11:29:26 | 4 | it.  He's really cute and not wearing many clothes -- and |
| 11:29:32 | 5 | when it comes to the men, I'll switch it over to a women. |
| 11:29:36 | 6 | Guy comes in and runs out.  Judge says, "Don't consider that |
| 11:29:41 | 7 | for any purpose." |
| 11:29:42 | 8 | Are you going to be able to do that, number one? |
| 11:29:44 | 9 | That's my first question.  Can you do that in your own mind? |
| 11:29:48 | 10 | PROSPECTIVE JUROR:  Yeah. |
| 11:29:49 | 11 | MR. REED:  Now, you're back in that little room |
| 11:29:51 | 12 | where no one can listen, no one knows what you guys say.  In |
| 11:29:55 | 13 | fact, it's the most secret place in the courthouse, which is |
| 11:29:59 | 14 | the jury room.  So no one will know what is said except you |
| 11:30:05 | 15 | and the other eleven.  No one will know whether you and the |
| 11:30:10 | 16 | other eleven are talking about it.  What do you do? |
| 11:30:14 | 17 | PROSPECTIVE JUROR:  Remind 'em that we weren't |
| 11:30:16 | 18 | supposed to take that into consideration. |
| 11:30:19 | 19 | MR. REED:  Okay.  On that same vein of talking |
| 11:30:22 | 20 | with people that you've now gotten to know, you've now |
| 11:30:26 | 21 | become friends with -- and I remember -- I guess you're |
| 11:30:29 | 22 | doing your work while listening to the trial, but for lack |
| 11:30:33 | 23 | of a better word, the project summary doesn't get done until |
| 11:30:37 | 24 | the end.  That's when the writing part happens. |
| 11:30:40 | 25 | And I can tell you, just from my own personal |

| | | |
|---|---|---|
| 11:30:45 | 1 | experience that, on occasion, people working together don't |
| 11:30:48 | 2 | always get along together. |
| 11:30:50 | 3 | Fair statement, right? |
| 11:30:52 | 4 | I'm not telling you anything that you don't know, |
| 11:30:55 | 5 | correct? |
| 11:30:55 | 6 | Now -- and only you know your own personality. |
| 11:30:57 | 7 | But are you the type of person that, "Uh, well, you know, |
| 11:31:01 | 8 | number seven, that issue -- number seven's not a big issue |
| 11:31:06 | 9 | in the total scheme of things. How about, I'll give you |
| 11:31:09 | 10 | number seven 'cause I don't want to fight with you." You |
| 11:31:11 | 11 | know, "Everybody else says number seven should be this, and |
| 11:31:15 | 12 | I don't agree with that, but I'm going to agree with that |
| 11:31:18 | 13 | for now because it's easier. I don't want to fight with you |
| 11:31:23 | 14 | guys." Are you that kind of person? |
| 11:31:25 | 15 | PROSPECTIVE JUROR: No. I have my own opinions. |
| 11:31:29 | 16 | MR. REED: Are you the kind of |
| 11:31:30 | 17 | put-your-heels-in-the-mud person, "This is my opinion, and |
| 11:31:31 | 18 | unless you change it, this is the way it's gonna be"? |
| 11:31:32 | 19 | PROSPECTIVE JUROR: If I heard something that |
| 11:31:34 | 20 | would change it, it would change it. |
| 11:31:37 | 21 | MR. REED: Okay. What about the weight of other |
| 11:31:39 | 22 | people -- the number of people to tell you that you're |
| 11:31:42 | 23 | wrong? |
| 11:31:42 | 24 | PROSPECTIVE JUROR: I have a number of people tell |
| 11:31:44 | 25 | me I'm wrong every day. It doesn't change things. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

| | | |
|---|---|---|
| 11:31:47 | 1 | MR. REED:  You and I seem to be the same kind of |
| 11:31:50 | 2 | mindset.  A number of people telling you they look at the |
| 11:31:53 | 3 | exactly same thing you looking at differently than you look |
| 11:31:56 | 4 | at it, is that going to change your mind? |
| 11:32:00 | 5 | PROSPECTIVE JUROR:  No. |
| 11:32:01 | 6 | MR. REED:  I like you already -- okay -- which |
| 11:32:05 | 7 | probably means you don't get to stay, but whatever. |
| 11:32:11 | 8 | I think I've covered everything.  Oh, one more |
| 11:32:13 | 9 | thing. |
| 11:32:15 | 10 | You probably have figured out that we're not all |
| 11:32:19 | 11 | in the same position because there were three weeks or so |
| 11:32:22 | 12 | that the guys in the back row weren't here -- remember |
| 11:32:24 | 13 | that? -- or at least whatever dates you guys were here, we |
| 11:32:27 | 14 | haven't been here at all.  I only represent Christopher |
| 11:32:31 | 15 | Gibson.  All the other guys -- they got good lawyers, but I |
| 11:32:35 | 16 | only represent one guy.  And like I said, that part where I |
| 11:32:38 | 17 | may not say anything, or things of that nature, I only |
| 11:32:42 | 18 | represent one person.  There's all sorts of legal and |
| 11:32:46 | 19 | constitutional reasons why that has to be. |
| 11:32:46 | 20 | I'm asking you, if you decide -- if you decide "X" |
| 11:32:50 | 21 | against one person, are you gonna look at all the evidence |
| 11:32:54 | 22 | when you decide whatcha gonna make that -- when you gonna |
| 11:32:54 | 23 | decide "X" against the other person, the other defendant in |
| 11:32:59 | 24 | this case?  Am I confusing you?  Looks like it.  Let me do |
| 11:33:04 | 25 | this a little better. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

78

| | | |
|---|---|---|
| 11:33:06 | 1 | PROSPECTIVE JUROR:  Are you asking me? |
| 11:33:08 | 2 | MR. REED:  Yeah.  'Cause you got the mic. |
| 11:33:09 | 3 | Let's say, for the sake of argument -- well, let's |
| 11:33:12 | 4 | do it this way.  Mr. Fleming and I -- guy with the glasses |
| 11:33:16 | 5 | down in the front -- he and I are accused of a crime |
| 11:33:19 | 6 | together.  I didn't do it, but he did.  Okay?  And the |
| 11:33:23 | 7 | evidence against him, that Mr. Flynn, the prosecutor, she |
| 11:33:28 | 8 | has, it's overwhelming.  The only thing I've done is I'm |
| 11:33:33 | 9 | hanging out with Mr. Fleming.  For dumb reasons but I'm |
| 11:33:35 | 10 | hanging out with Mr. Fleming.  And we're both together and |
| 11:33:36 | 11 | we get caught.  But for the sake of argument, the evidence |
| 11:33:42 | 12 | in my story is that you don't have any problem at all |
| 11:33:45 | 13 | convicting him.  But now, you have got Mr. Reed sitting |
| 11:33:48 | 14 | there, who was with Mr. Fleming, who knows Mr. Fleming is |
| 11:33:52 | 15 | the kind of guy that commits that kind of crime, who knows |
| 11:33:56 | 16 | all the bad things about him, and I still hung out with him. |
| 11:34:01 | 17 | So you got reasons to think I'm stupid for being -- hanging |
| 11:34:04 | 18 | out with him.  But I'm asking you, when the Court gives you |
| 11:34:08 | 19 | jury instructions on how to evaluate the evidence, and you |
| 11:34:13 | 20 | decided Mr. Fleming is guilty, is that gonna spill over on |
| 11:34:14 | 21 | me just 'cause you agree he was guilty? |
| 11:34:16 | 22 | PROSPECTIVE JUROR:  Just because you're stupid for |
| 11:34:17 | 23 | hanging out with him doesn't mean you're guilty of the |
| 11:34:20 | 24 | crime. |
| 11:34:21 | 25 | MR. FLEMING:  Uh, objection, Your Honor. |

CR 02-938 DOC – 2/22/2006 – Day 1, Volume I

79

| | | |
|---|---|---|
| 11:34:25 | 1 | MR. REED:  Okay.  Mr. 223 -- no, no.  Excuse me. |
| 11:34:28 | 2 | Mr. -- no, let's go this way. |
| 11:34:32 | 3 | 148, did you follow any of that? |
| 11:34:36 | 4 | PROSPECTIVE JUROR:  I tried to, yes. |
| 11:34:39 | 5 | MR. REED:  I sometimes speak quickly, but as the |
| 11:34:41 | 6 | trial goes on, I slow down because I start -- |
| 11:34:44 | 7 | PROSPECTIVE JUROR:  Right. |
| 11:34:45 | 8 | MR. REED:  Are you able to separate the two |
| 11:34:47 | 9 | different people, say, Mr. Fleming and myself -- |
| 11:34:50 | 10 | PROSPECTIVE JUROR:  Yes. |
| 11:34:50 | 11 | MR. REED:  -- when you evaluate the evidence in |
| 11:35:01 | 12 | this case? |
| 11:35:01 | 13 | PROSPECTIVE JUROR:  Yes, absolutely. |
| 11:35:01 | 14 | MR. REED:  All right.  And, Ms. 93, how about |
| 11:35:01 | 15 | yourself? |
| 11:35:01 | 16 | PROSPECTIVE JUROR:  I could separate it. |
| 11:35:02 | 17 | MR. REED:  I get the impression you want to say |
| 11:35:04 | 18 | something else. |
| 11:35:05 | 19 | PROSPECTIVE JUROR:  Well, I think you would be |
| 11:35:10 | 20 | guilty of something, a lesser crime. |
| 11:35:12 | 21 | MR. REED:  Okay.  I'm glad you brought that up. |
| 11:35:14 | 22 | Here's the question:  In our system, the only |
| 11:35:17 | 23 | people who charge people are these people.  And if I am |
| 11:35:20 | 24 | guilty of another crime, and they didn't charge me of that |
| 11:35:24 | 25 | crime, then what do you do? |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

80

| | | |
|---|---|---|
| 11:35:26 | 1 | PROSPECTIVE JUROR:  Well, you wouldn't be on |
| 11:35:27 | 2 | trial. |
| 11:35:28 | 3 | MR. REED:  No, no, no, no, no. |
| 11:35:29 | 4 | No.  Think about it this way:  If they only charge |
| 11:35:32 | 5 | me -- 'cause you just said "You may be guilty of a lesser |
| 11:35:37 | 6 | crime" -- follow me? |
| 11:35:38 | 7 | PROSPECTIVE JUROR:  Oh, you're charged with the |
| 11:35:39 | 8 | same crime? |
| 11:35:40 | 9 | MR. REED:  I'm charged with the same crime. |
| 11:35:42 | 10 | PROSPECTIVE JUROR:  Okay. |
| 11:35:43 | 11 | MR. REED:  And you said, "That Kenny Reed is |
| 11:35:46 | 12 | guilty of a lesser crime."  Because I'm guilty of that |
| 11:35:49 | 13 | lesser crime, you gonna bring me up to this crime that |
| 11:35:53 | 14 | Mr. Fleming did? |
| 11:35:54 | 15 | PROSPECTIVE JUROR:  No.  You would be found not |
| 11:35:56 | 16 | guilty. |
| 11:35:59 | 17 | MR. REED:  Okay.  I would be not guilty of the big |
| 11:35:59 | 18 | crime.  Thank you very much. |
| 11:36:00 | 19 | I don't pass for cause, but thank you, Your Honor. |
| 11:36:03 | 20 | THE COURT:  Thank you very much. |
| 11:36:03 | 21 | Now, it will go rather quickly now.  And it's |
| 11:36:06 | 22 | going to require your cooperation, and then I'm going to |
| 11:36:09 | 23 | send you to lunch. |
| 11:36:10 | 24 | But, Counsel, the first peremptory would pass to |
| 11:36:13 | 25 | the prosecution.  And while you're consulting, for just a |

11:36:16   1   moment, let me remind you and all of the jurors in the room,

11:36:19   2   prospective jurors and the jurors next door of the

11:36:22   3   following:

11:36:23   4         I want to tell you, during the trial I anticipate

11:36:26   5   that there's going to be incredible sadness and sometimes

11:36:32   6   incredible laughter.  You're going to step outside your

11:36:36   7   everyday life experiences.  I can promise you that.

11:36:40   8         Some of it's going to border on horror, some may

11:36:45   9   border on theatrical.  And you're going to go through stages

11:36:50   10   as a juror.  And I would ask you simply to constantly and

11:36:54   11   consistently remember to reserve your judgment until you

11:36:56   12   finally start your deliberations.  And I'll remind you of

11:36:59   13   that almost every day that we're in session.

11:37:01   14         The second thing is, I'm reminded of my own family

11:37:05   15   in the family car, when the children used to ask, "How far

11:37:09   16   and how long before we get there?"  And, of course, I always

11:37:14   17   asked them to count to 60 backwards, 60 times and we'd be

11:37:18   18   there.  And that took care of the problem.

11:37:19   19         I don't know but let me remind you that this trial

11:37:21   20   has to be segmented.  And when we finally get the jury, the

11:37:27   21   twelve and eight of you -- maybe even today, possibly

11:37:30   22   tomorrow -- I'll set out a time schedule with all of you.

11:37:34   23   We've already got a time schedule, quite frankly, in mind

11:37:38   24   where we've had to set some initial dates.

11:37:41   25         And lastly, the government, defense counsel and I

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

82

| | | |
|---|---|---|
| 11:37:43 | 1 | would like to thank all of you.  Some of you were here |
| 11:37:47 | 2 | literally until seven o'clock in the evening on a couple |
| 11:37:49 | 3 | evenings.  That's because we called you in and we wanted to |
| 11:37:53 | 4 | get through all of you that day.  So our appreciation on all |
| 11:37:57 | 5 | parties' part. |
| 11:37:59 | 6 | If you've consulted, who would the first |
| 11:37:59 | 7 | peremptory be, on behalf of -- |
| 11:38:00 | 8 | MR. WHITE:  Excuse me, Your Honor.  There's a |
| 11:38:01 | 9 | cause issue. |
| 11:38:03 | 10 | THE COURT:  Can we delay that until lunchtime, |
| 11:38:04 | 11 | Counsel? |
| 11:38:06 | 12 | MR. WHITE:  Sure. |
| 11:38:07 | 13 | THE COURT:  Acceptable, Mr. Steward? |
| 11:38:10 | 14 | MR. STEWARD:  Yes. |
| 11:38:11 | 15 | THE COURT:  Mr. Calabria? |
| 11:38:14 | 16 | MR. CALABRIA:  Yes. |
| 11:38:15 | 17 | THE COURT:  Mr. Reed? |
| 11:38:16 | 18 | MR. REED:  Yes. |
| 11:38:18 | 19 | THE COURT:  Is that acceptable to the government |
| 11:38:18 | 20 | concerning the cause issue? |
| 11:38:20 | 21 | MR. WOLFE:  Yes, Your Honor. |
| 11:38:20 | 22 | Your Honor, will the Court please thank and excuse |
| 11:38:23 | 23 | Juror Number 12. |
| 11:38:26 | 24 | THE COURT:  Juror Number 12, if you would go back |
| 11:38:27 | 25 | to the jury room with our thanks and appreciation. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

83

| | | |
|---|---|---|
| 11:38:31 | 1 | (Prospective Juror No. 12 excused.) |
| 11:38:31 | 2 | THE COURT:  Would you call an additional juror, |
| 11:38:33 | 3 | please. |
| 11:38:34 | 4 | THE CLERK:  Juror Number 42. |
| 11:38:37 | 5 | THE COURT:  Juror Number 42.  And Juror Number |
| 11:38:40 | 6 | 42 may be in the next room, Lisa. |
| 11:38:44 | 7 | PROSPECTIVE JUROR:  Here I am. |
| 11:38:45 | 8 | THE COURT:  Juror Number 42, if you will come up, |
| 11:38:48 | 9 | please, and be seated in the first row.  If you do this |
| 11:38:53 | 10 | successfully, then everybody else will follow suit.  If you |
| 11:38:56 | 11 | would go right down that row, all the way down here, and |
| 11:39:01 | 12 | right down that row to Seat Number 7. |
| 11:39:07 | 13 | My questions are simple and brief now, and so will |
| 11:39:10 | 14 | counsel's be. |
| 11:39:12 | 15 | Have you heard all of the prior questions asked by |
| 11:39:15 | 16 | me and by the government and by the defense counsel? |
| 11:39:18 | 17 | PROSPECTIVE JUROR:  Yes, I have. |
| 11:39:19 | 18 | THE COURT:  Are there any questions you would care |
| 11:39:21 | 19 | to respond to or answer? |
| 11:39:25 | 20 | PROSPECTIVE JUROR:  I would like to ask you |
| 11:39:27 | 21 | something. |
| 11:39:28 | 22 | THE COURT:  We need the microphone down to her. |
| 11:39:30 | 23 | Thank you very much.  I appreciate it. |
| 11:39:34 | 24 | PROSPECTIVE JUROR:  I would love to be on this |
| 11:39:37 | 25 | case, and that's why I'm here, why I probably got here this |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

84

| | | |
|---|---|---|
| 11:39:42 | 1 | far.  Unfortunately, my company policy was outdated, and we |
| 11:39:48 | 2 | were under the impression that they cover jury duty, |
| 11:39:53 | 3 | unlimited and they would guarantee my employment back. |
| 11:39:58 | 4 | Well, last week, I talked to my human resources |
| 11:40:03 | 5 | manager, and she pulled -- I actually have the updated |
| 11:40:08 | 6 | policy from my company, and they will not -- I think the |
| 11:40:13 | 7 | maximum jury days that they guarantee is 20 business days. |
| 11:40:21 | 8 | THE COURT:  Just a moment.  That's going to change |
| 11:40:23 | 9 | for one or more of you in the audience.  We know that.  When |
| 11:40:26 | 10 | you finally went to your employers, and there was a |
| 11:40:29 | 11 | possibility, as the jury pool narrowed -- let me see if |
| 11:40:33 | 12 | there's a stipulation. |
| 11:40:34 | 13 | Mr. Wolfe? |
| 11:40:34 | 14 | MR. WOLFE:  Yes, Your Honor. |
| 11:40:35 | 15 | THE COURT:  Mr. Steward? |
| 11:40:38 | 16 | MR. STEWARD:  Yes, Your Honor. |
| 11:40:38 | 17 | THE COURT:  Mr. White? |
| 11:40:40 | 18 | MR. WHITE:  Yes, Your Honor. |
| 11:40:40 | 19 | THE COURT:  Mr. Calabria? |
| 11:40:42 | 20 | MR. CALABRIA:  Yes, Your Honor. |
| 11:40:42 | 21 | THE COURT:  Mr. Reed? |
| 11:40:43 | 22 | MR. REED:  Yes, Your Honor. |
| 11:40:44 | 23 | THE COURT:  We'll thank and excuse you. |
| 11:40:47 | 24 | *(Prospective Juror No. 42 excused.)* |
| 11:40:49 | 25 | THE COURT:  Call an additional juror, please. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

85

| 11:40:52 | 1 | THE CLERK:  Juror Number 99. |
| 11:40:59 | 2 | THE COURT:  If Juror Number 99 would go up and |
| 11:41:11 | 3 | fill that seat, also.  Thank you very much. |
| 11:41:11 | 4 | Once again, have you heard all the prior |
| 11:41:14 | 5 | questions? |
| 11:41:15 | 6 | PROSPECTIVE JUROR:  Yes, I have. |
| 11:41:16 | 7 | THE COURT:  We're not going to re-ask those |
| 11:41:18 | 8 | questions.  Are there any questions you'd care to respond to |
| 11:41:21 | 9 | or anything on your questionnaire that you've thought about |
| 11:41:24 | 10 | that you would like to respond to? |
| 11:41:26 | 11 | PROSPECTIVE JUROR:  No, I haven't. |
| 11:41:28 | 12 | THE COURT:  Would you be fair and impartial to |
| 11:41:29 | 13 | both sides? |
| 11:41:30 | 14 | PROSPECTIVE JUROR:  Yes. |
| 11:41:30 | 15 | THE COURT:  I think that's the basic question by |
| 11:41:32 | 16 | the time we're done. |
| 11:41:33 | 17 | Counsel on behalf of the government, do you have |
| 11:41:35 | 18 | any questions? |
| 11:41:36 | 19 | MR. WOLFE:  No, Your Honor. |
| 11:41:37 | 20 | THE COURT:  All right.  Counsel?  Mr. Fleming? |
| 11:41:38 | 21 | MR. FLEMING:  No questions, Your Honor. |
| 11:41:39 | 22 | THE COURT:  Mr. White? |
| 11:41:40 | 23 | MR. WHITE:  No questions. |
| 11:41:41 | 24 | THE COURT:  Mr. Calabria? |
| 11:41:42 | 25 | MR. CALABRIA:  No questions. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

86

| | | |
|---|---|---|
| 11:41:43 | 1 | THE COURT:  And Mr. Reed? |
| 11:41:44 | 2 | MR. REED:  No questions. |
| 11:41:46 | 3 | THE COURT:  The peremptory would now fall to the |
| 11:41:48 | 4 | defense.  While they're consulting for just a moment, they |
| 11:41:58 | 5 | may chose to discuss this, but we know so much about you |
| 11:42:03 | 6 | from the questionnaire.  The questions are going to be very |
| 11:42:03 | 7 | brief, and the most difficult thing may be the repetition of |
| 11:42:09 | 8 | bringing you up. |
| 11:42:11 | 9 | Mr. Fleming? |
| 11:42:12 | 10 | MR. FLEMING:  Your Honor, we'd ask the Court to |
| 11:42:15 | 11 | thank and excuse Juror Number 199. |
| 11:42:18 | 12 | THE COURT:  199.  If you would go back to the jury |
| 11:42:20 | 13 | room with our thanks and appreciation, sir. |
| 11:42:23 | 14 | (Prospective Juror No. 199 excused.) |
| 11:42:23 | 15 | THE COURT:  Call another juror, please. |
| 11:42:25 | 16 | THE CLERK:  Juror Number 86. |
| 11:42:27 | 17 | If you would come up, please.  If you would be |
| 11:42:29 | 18 | kind enough to have a seat in Seat Number 9.  And once |
| 11:42:45 | 19 | again, as you're being seated, my questions will be very |
| 11:42:49 | 20 | brief. |
| 11:42:49 | 21 | Have you heard all of the prior questions that |
| 11:42:51 | 22 | we've asked today? |
| 11:42:52 | 23 | PROSPECTIVE JUROR:  Yes. |
| 11:42:53 | 24 | THE COURT:  Are there any of those questions that |
| 11:42:55 | 25 | you would care to respond to? |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

87

| | | |
|---|---|---|
| 11:42:57 | 1 | PROSPECTIVE JUROR:  No. |
| 11:42:58 | 2 | THE COURT:  And concerning your jury questionnaire |
| 11:42:59 | 3 | or any of the information you gave us previously, are you |
| 11:43:02 | 4 | satisfied with that information? |
| 11:43:03 | 5 | PROSPECTIVE JUROR:  Yes. |
| 11:43:04 | 6 | THE COURT:  Okay.  Would you be fair and impartial |
| 11:43:05 | 7 | to both sides? |
| 11:43:07 | 8 | PROSPECTIVE JUROR:  Yes. |
| 11:43:07 | 9 | THE COURT:  And finally, would you follow the law |
| 11:43:09 | 10 | that I instruct you on at the end of this case? |
| 11:43:12 | 11 | PROSPECTIVE JUROR:  Yes. |
| 11:43:13 | 12 | THE COURT:  Back to the government.  Do you have |
| 11:43:15 | 13 | any questions at this time of Juror Number 99 -- I'm |
| 11:43:21 | 14 | sorry -- 86.  My apologies.  86. |
| 11:43:26 | 15 | MR. WOLFE:  No questions, Your Honor. |
| 11:43:27 | 16 | THE COURT:  All right.  Mr. Fleming? |
| 11:43:28 | 17 | MR. FLEMING:  No questions.  Thank you, |
| 11:43:29 | 18 | Your Honor. |
| 11:43:30 | 19 | THE COURT:  Mr. White? |
| 11:43:31 | 20 | MR. WHITE:  No questions. |
| 11:43:32 | 21 | THE COURT:  Mr. Calabria? |
| 11:43:34 | 22 | MR. CALABRIA:  No questions. |
| 11:43:35 | 23 | THE COURT:  Mr. Reed? |
| 11:43:35 | 24 | MR. REED:  No. |
| 11:43:35 | 25 | THE COURT:  The peremptory would now pass to the |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

| | | |
|---|---|---|
| 11:43:38 | 1 | government.  I want to give them time to consult, also. |
| 11:43:53 | 2 | They're talking about you right now. |
| 11:44:00 | 3 | MR. WOLFE:  Your Honor, the government asks that |
| 11:44:02 | 4 | the Court thank and excuse Juror Number 141. |
| 11:44:06 | 5 | THE COURT:  141.  Thank you very much.  And, sir, |
| 11:44:09 | 6 | if you would please go back to the jury room with our thanks |
| 11:44:12 | 7 | and appreciation.  I'm certain that the jury commissioner is |
| 11:44:16 | 8 | going to excuse you. |
| 11:44:17 | 9 | *(Prospective Juror No. 141 excused.)* |
| 11:44:17 | 10 | THE COURT:  If you would call an additional juror, |
| 11:44:19 | 11 | please. |
| 11:44:21 | 12 | THE CLERK:  Juror Number 107. |
| 11:44:23 | 13 | THE COURT:  107.  Thank you.  If you would come up |
| 11:44:26 | 14 | please, and if you would have a seat in Seat Number 10. |
| 11:44:43 | 15 | Once again, because we know your questionnaire so |
| 11:44:47 | 16 | well, and because we were able to spend time with you each |
| 11:44:51 | 17 | individually last week, are their any questions that you |
| 11:44:54 | 18 | would care to change on that questionnaire or expand upon? |
| 11:44:57 | 19 | PROSPECTIVE JUROR:  No. |
| 11:44:59 | 20 | THE COURT:  Is there anything that was asked today |
| 11:45:00 | 21 | by me or by the government or by the defense counsel that |
| 11:45:04 | 22 | you would care to comment upon? |
| 11:45:06 | 23 | PROSPECTIVE JUROR:  No. |
| 11:45:07 | 24 | THE COURT:  I think the basic question by the time |
| 11:45:09 | 25 | we're done is, would you be fair and impartial to both |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

89

| | | |
|---|---|---|
| 11:45:13 | 1 | sides? |
| 11:45:14 | 2 | PROSPECTIVE JUROR:  I would be fair, yeah. |
| 11:45:16 | 3 | THE COURT:  And follow the law that I instruct you |
| 11:45:17 | 4 | on at the end of the case? |
| 11:45:19 | 5 | PROSPECTIVE JUROR:  Yes. |
| 11:45:20 | 6 | THE COURT:  Then the peremptory would pass back to |
| 11:45:22 | 7 | the defense. |
| 11:45:23 | 8 | MR. FLEMING:  Your Honor, the defense would like |
| 11:45:24 | 9 | to thank and excuse Juror Number 107. |
| 11:45:29 | 10 | THE COURT:  Juror Number 107, thank you very much. |
| 11:45:31 | 11 | If you would please go back to the jury room.  And I'm |
| 11:45:35 | 12 | certain that the commissioner's going to excuse you |
| 11:45:39 | 13 | immediately. |
| 11:45:39 | 14 | *(Prospective Juror No. 107 excused.)* |
| 11:45:39 | 15 | THE COURT:  If you would call another juror, |
| 11:45:41 | 16 | please. |
| 11:45:42 | 17 | THE CLERK:  Juror Number 30. |
| 11:45:45 | 18 | THE COURT:  Juror Number 30, if you would take |
| 11:45:48 | 19 | Seat Number 10, please. |
| 11:46:00 | 20 | How are you today? |
| 11:46:02 | 21 | PROSPECTIVE JUROR:  Fine, thank you, sir. |
| 11:46:04 | 22 | THE COURT:  Good.  Once again, the same questions. |
| 11:46:13 | 23 | Is there anything on your jury questionnaire that you've |
| 11:46:17 | 24 | changed or that you care to comment upon? |
| 11:46:19 | 25 | PROSPECTIVE JUROR:  No. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

90

| | | |
|---|---|---|
| 11:46:20 | 1 | THE COURT:  Are there any questions that I've |
| 11:46:22 | 2 | asked today or that the government or that the defense |
| 11:46:24 | 3 | counsel have asked today that you'd care to respond to? |
| 11:46:28 | 4 | PROSPECTIVE JUROR:  No. |
| 11:46:29 | 5 | THE COURT:  The same simple basic admonition, and |
| 11:46:32 | 6 | that is, would you be fair and impartial to both sides? |
| 11:46:37 | 7 | PROSPECTIVE JUROR:  Yes. |
| 11:46:38 | 8 | THE COURT:  And would you follow the law that I |
| 11:46:40 | 9 | instruct you on at the end of the case? |
| 11:46:43 | 10 | PROSPECTIVE JUROR:  Yes. |
| 11:46:44 | 11 | THE COURT:  Thank you very much. |
| 11:46:45 | 12 | Counsel on behalf of the government do you have |
| 11:46:47 | 13 | questions of Juror Number 30? |
| 11:47:03 | 14 | MR. WOLFE:  Your Honor, I believe that Juror |
| 11:47:05 | 15 | Number 30 reported that she had had prior jury experience, |
| 11:47:11 | 16 | but I don't believe we learned whether that jury reached a |
| 11:47:15 | 17 | verdict. |
| 11:47:16 | 18 | THE COURT:  Without telling us what that verdict |
| 11:47:18 | 19 | is -- we don't want to know if that was guilty or not |
| 11:47:22 | 20 | guilty -- did the jury that you sat on previously reach a |
| 11:47:25 | 21 | verdict on the case that you sat on? |
| 11:47:28 | 22 | PROSPECTIVE JUROR:  Yes. |
| 11:47:28 | 23 | THE COURT:  Thank you very much. |
| 11:47:57 | 24 | MR. WOLFE:  Your Honor, I believe that a family |
| 11:47:59 | 25 | member of Juror 30 was the victim of a crime.  I wonder |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

91

| | | |
|---|---|---|
| 11:48:05 | 1 | whether the Court would inquire if there's anything about |
| 11:48:08 | 2 | that experience of having had a family member be a crime |
| 11:48:14 | 3 | victim. |
| 11:48:15 | 4 | THE COURT:  Is there anything about the experience |
| 11:48:16 | 5 | of your family member being the victim of a crime which |
| 11:48:19 | 6 | would influence you in these proceedings involving the |
| 11:48:24 | 7 | government and these defendants?  In other words, could you |
| 11:48:28 | 8 | separate that experience from your decision-making in this |
| 11:48:32 | 9 | case? |
| 11:48:32 | 10 | PROSPECTIVE JUROR:  No. |
| 11:48:34 | 11 | THE COURT:  You'd have some carry-over from that |
| 11:48:36 | 12 | case to this case? |
| 11:48:39 | 13 | PROSPECTIVE JUROR:  Um, yes. |
| 11:48:40 | 14 | THE COURT:  And would you be influenced by what |
| 11:48:50 | 15 | happened to your family member in these proceedings?  Would |
| 11:48:50 | 16 | this 'cause you to be unfair to one of the sides? |
| 11:48:50 | 17 | PROSPECTIVE JUROR:  No.  I don't bring that into |
| 11:48:52 | 18 | this. |
| 11:48:53 | 19 | THE COURT:  You will not bring that into this |
| 11:48:54 | 20 | case? |
| 11:48:55 | 21 | PROSPECTIVE JUROR:  No. |
| 11:48:56 | 22 | THE COURT:  Okay. |
| 11:49:05 | 23 | And, Counsel, if you would like to inquire, you |
| 11:49:07 | 24 | can. |
| 11:49:07 | 25 | MR. WOLFE:  No, Your Honor.  Nothing further. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

92

| | | |
|---|---|---|
| 11:49:09 | 1 | THE COURT:  All right.  Mr. Fleming? |
| 11:49:10 | 2 | MR. FLEMING:  No, Your Honor.  Thank you. |
| 11:49:11 | 3 | THE COURT:  And let me turn to Mr. White. |
| 11:49:13 | 4 | MR. WHITE:  Can I, for just a moment? |
| 11:49:15 | 5 | THE COURT:  You can, from where you're seated. |
| 11:49:19 | 6 | MR. WHITE:  Good morning. |
| 11:49:19 | 7 | Juror Number 30, good morning.  Just to be |
| 11:49:23 | 8 | certain, you would be able -- would you be able to put aside |
| 11:49:28 | 9 | the fact that you're son was shot and sit as a juror in this |
| 11:49:35 | 10 | case?  Can you put that out of your mind? |
| 11:49:38 | 11 | PROSPECTIVE JUROR:  Yes. |
| 11:49:40 | 12 | MR. WHITE:  Okay.  No problem with that? |
| 11:49:42 | 13 | PROSPECTIVE JUROR:  No problem. |
| 11:49:43 | 14 | MR. WHITE:  Thank you. |
| 11:49:44 | 15 | THE COURT:  Mr. Calabria? |
| 11:49:45 | 16 | MR. CALABRIA:  No question, Your Honor. |
| 11:49:47 | 17 | THE COURT:  Mr. Reed? |
| 11:49:48 | 18 | MR. REED:  No questions. |
| 11:49:48 | 19 | THE COURT:  I believe that the peremptory passes |
| 11:49:50 | 20 | back to the government. |
| 11:50:05 | 21 | MR. WOLFE:  Your Honor, the government asks if the |
| 11:50:07 | 22 | Court would thank and excuse Juror Number 99. |
| 11:50:12 | 23 | THE COURT:  Juror Number 99, thank you very much. |
| 11:50:12 | 24 | If you'd please go back to the jury room, I think the |
| 11:50:12 | 25 | commissioner will excuse you.  We appreciate you going |

| | | |
|---|---|---|
| 11:50:14 | 1 | through this process. |
| 11:50:14 | 2 | (Prospective Juror No. 99 excused.) |
| 11:50:15 | 3 | THE COURT:  If you will call an additional juror, |
| 11:50:17 | 4 | please. |
| 11:50:26 | 5 | THE CLERK:  Number 17. |
| 11:50:40 | 6 | THE COURT:  Number 17.  How are you today? |
| 11:50:45 | 7 | PROSPECTIVE JUROR:  Fine. |
| 11:50:46 | 8 | THE COURT:  Good. |
| 11:50:51 | 9 | Because of the effort that you spent on that |
| 11:50:56 | 10 | 14-page questionnaire, you and the other jurors, we know |
| 11:51:00 | 11 | almost everything that is possible without the most intimate |
| 11:51:06 | 12 | secrets of your life, probably. |
| 11:51:07 | 13 | Is there anything on that questionnaire that you'd |
| 11:51:10 | 14 | like to change or comment upon? |
| 11:51:12 | 15 | PROSPECTIVE JUROR:  No. |
| 11:51:14 | 16 | THE COURT:  Is there anything that I've asked |
| 11:51:16 | 17 | today that would cause a response on your part, anything |
| 11:51:20 | 18 | that the government's asked today that would cause a |
| 11:51:23 | 19 | response on your part, or anything that the counsel for the |
| 11:51:26 | 20 | defendants have asked today that would cause a comment on |
| 11:51:29 | 21 | your part? |
| 11:51:30 | 22 | PROSPECTIVE JUROR:  No. |
| 11:51:31 | 23 | THE COURT:  Would you be fair and impartial to |
| 11:51:34 | 24 | both sides? |
| 11:51:35 | 25 | PROSPECTIVE JUROR:  Yes, I would. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

94

| | | |
|---|---|---|
| 11:51:36 | 1 | THE COURT:  By the time we're done with this |
| 11:51:37 | 2 | entire process, we could spend hours, and its just that |
| 11:51:42 | 3 | simple.  Would you follow the law that I instruct you on at |
| 11:51:45 | 4 | the end of this case? |
| 11:51:47 | 5 | PROSPECTIVE JUROR:  Yes, I would. |
| 11:51:48 | 6 | THE COURT:  Turn you over to the government.  Do |
| 11:51:50 | 7 | you have initial questions of Juror Number 17? |
| 11:51:52 | 8 | MR. WOLFE:  No, Your Honor. |
| 11:51:53 | 9 | THE COURT:  Mr. Fleming? |
| 11:51:54 | 10 | MR. FLEMING:  No questions, Your Honor. |
| 11:51:55 | 11 | THE COURT:  Mr. White? |
| 11:51:56 | 12 | MR. WHITE:  No questions, Your Honor. |
| 11:51:57 | 13 | THE COURT:  Mr. Calabria? |
| 11:51:58 | 14 | MR. CALABRIA:  No questions, Your Honor. |
| 11:51:59 | 15 | THE COURT:  And Mr. Reed? |
| 11:52:00 | 16 | MR. REED:  No questions, Your Honor. |
| 11:52:02 | 17 | THE COURT:  Then the peremptory would pass back to |
| 11:52:04 | 18 | the defense. |
| 11:52:07 | 19 | MR. FLEMING:  Your Honor, we'd ask the Court to |
| 11:52:08 | 20 | thank and excuse Juror Number 17. |
| 11:52:12 | 21 | THE COURT:  Juror Number 17, thank you very much. |
| 11:52:13 | 22 | If you would go back to the jury room with our thanks and |
| 11:52:17 | 23 | appreciation. |
| 11:52:18 | 24 | *(Prospective Juror No. 17 excused.)* |
| 11:52:18 | 25 | Call an additional juror, please, Lisa. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

95

| | | |
|---|---|---|
| 11:52:22 | 1 | THE CLERK:  116. |
| 11:52:24 | 2 | THE COURT:  116. |
| 11:52:28 | 3 | Now, 116 may be in the other room. |
| 11:52:32 | 4 | THE CLERK:  The juror should be here, Judge. |
| 11:52:35 | 5 | THE COURT:  Is Juror 116 here?  One, one, six. |
| 11:52:40 | 6 | Let's check the other room. |
| 11:52:55 | 7 | (Pause in the proceedings.) |
| 11:52:55 | 8 | THE COURT:  Thank you very much, sir.  If you |
| 11:52:57 | 9 | would come in and join us.  And if you would be kind enough |
| 11:53:00 | 10 | to have a seat in the first row.  And it would be Seat |
| 11:53:04 | 11 | Number 7. |
| 11:53:05 | 12 | So come through the double doors, sir, and come |
| 11:53:07 | 13 | right along this railing.  And then if you would go all the |
| 11:53:10 | 14 | way down the first row to the Seat Number 7. |
| 11:53:15 | 15 | PROSPECTIVE JUROR:  Thank you, Your Honor. |
| 11:53:22 | 16 | THE COURT:  You're Juror Number 116.  And have you |
| 11:53:25 | 17 | heard all of the prior questions that have been asked next |
| 11:53:28 | 18 | door? |
| 11:53:29 | 19 | PROSPECTIVE JUROR:  Yes, Your Honor. |
| 11:53:30 | 20 | THE COURT:  Okay.  And let's make sure that that |
| 11:53:33 | 21 | microphone is on for just a moment. |
| 11:53:36 | 22 | PROSPECTIVE JUROR:  It's on. |
| 11:53:38 | 23 | THE COURT:  Concerning your jury questionnaire, |
| 11:53:39 | 24 | let me repeatedly say to all of you, that was a very |
| 11:53:43 | 25 | extensive questionnaire, so we already know a lot about you. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

96

| | | |
|---|---|---|
| 11:53:50 | 1 | PROSPECTIVE JUROR:  Yes, sir. |
| 11:53:50 | 2 | THE COURT:  Is there anything that would 'cause |
| 11:53:52 | 3 | you to comment further or any changes on that questionnaire |
| 11:53:54 | 4 | that come to mind? |
| 11:53:56 | 5 | PROSPECTIVE JUROR:  No, sir. |
| 11:53:57 | 6 | THE COURT:  Would you be fair and impartial to |
| 11:53:58 | 7 | both the government and to the defendants? |
| 11:54:01 | 8 | PROSPECTIVE JUROR:  Yes, sir, I will be. |
| 11:54:02 | 9 | THE COURT:  And will you follow the law? |
| 11:54:03 | 10 | PROSPECTIVE JUROR:  Yes, sir. |
| 11:54:04 | 11 | THE COURT:  I don't have any further questions. |
| 11:54:05 | 12 | Let me turn to the government.  Mr. Wolfe or |
| 11:54:08 | 13 | Ms. Flynn? |
| 11:54:09 | 14 | MR. WOLFE:  No, Your Honor. |
| 11:54:11 | 15 | THE COURT:  Let me turn to Mr. Steward. |
| 11:54:13 | 16 | MR. STEWARD:  Yes, Your Honor, just a couple, if I |
| 11:54:15 | 17 | may. |
| 11:54:16 | 18 | THE COURT:  Just a couple. |
| 11:54:17 | 19 | MR. STEWARD:  Juror 116, I noted on your |
| 11:54:20 | 20 | questionnaire that you're a former police officer. |
| 11:54:23 | 21 | PROSPECTIVE JUROR:  Yes, sir. |
| 11:54:25 | 22 | MR. STEWARD:  How long were you with whatever |
| 11:54:26 | 23 | agency you were with? |
| 11:54:29 | 24 | PROSPECTIVE JUROR:  Ten years. |
| 11:54:30 | 25 | MR. STEWARD:  And was that some time ago, or has |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

97

| | | |
|---|---|---|
| 11:54:31 | 1 | that been recently? |
| 11:54:33 | 2 | PROSPECTIVE JUROR:  That was back in the 80's. |
| 11:54:36 | 3 | MR. STEWARD:  You see our -- I won't call it |
| 11:54:37 | 4 | "suspicion," but you see our problem here.  We're thinking |
| 11:54:42 | 5 | that you might identify with law enforcement more than any |
| 11:54:45 | 6 | other witness; that you might tend to credit whatever they |
| 11:54:49 | 7 | say over somebody who's not law enforcement. |
| 11:54:52 | 8 | Can you share your thoughts about that? |
| 11:54:54 | 9 | PROSPECTIVE JUROR:  I'm a citizen at this time, |
| 11:54:55 | 10 | sir. |
| 11:54:56 | 11 | MR. STEWARD:  Okay.  So you have your John Q. |
| 11:54:58 | 12 | citizen hat on now? |
| 11:55:00 | 13 | PROSPECTIVE JUROR:  Yes, sir. |
| 11:55:01 | 14 | MR. STEWARD:  And you're going to fairly weigh the |
| 11:55:03 | 15 | evidence as it comes before you; is that right? |
| 11:55:06 | 16 | PROSPECTIVE JUROR:  That's correct. |
| 11:55:06 | 17 | MR. STEWARD:  Do you have any law enforcement |
| 11:55:08 | 18 | contacts today still? |
| 11:55:11 | 19 | PROSPECTIVE JUROR:  Uh, yes.  There are occasional |
| 11:55:13 | 20 | contacts, yes, sir. |
| 11:55:14 | 21 | MR. STEWARD:  Okay.  Let's assume that we go |
| 11:55:16 | 22 | through the entire trial.  The jury deliberates.  You're |
| 11:55:21 | 23 | back there, and you and the other eleven jurors decide not |
| 11:55:25 | 24 | guilty, all charges.  You go back home and you talk to some |
| 11:55:28 | 25 | of these folks that you still see, and they knew that you |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

| | | |
|---|---|---|
| 11:55:31 | 1 | were in a trial, and they want to know what happened.  And |
| 11:55:35 | 2 | you say to them, "Gee, we acquitted the defendants."  Are |
| 11:55:39 | 3 | you going to have a problem saying that to them?  Are they |
| 11:55:51 | 4 | going to give you a lot of grief?  Is this something that |
| 11:55:51 | 5 | would come into your mind? |
| 11:55:51 | 6 | PROSPECTIVE JUROR:  No, sir. |
| 11:55:51 | 7 | MR. STEWARD:  Okay.  So you can be absolutely fair |
| 11:55:51 | 8 | and impartial and listen to the evidence even though you're |
| 11:55:52 | 9 | a former police officer? |
| 11:55:54 | 10 | PROSPECTIVE JUROR:  That's correct, sir. |
| 11:55:55 | 11 | MR. STEWARD:  Okay.  Thank you. |
| 11:55:56 | 12 | THE COURT:  Thank you. |
| 11:55:56 | 13 | MR. WHITE:  No questions. |
| 11:55:56 | 14 | THE COURT:  Mr. Calabria? |
| 11:56:00 | 15 | MR. CALABRIA:  No questions. |
| 11:56:01 | 16 | THE COURT:  Mr. Reed? |
| 11:56:02 | 17 | MR. REED:  Nothing. |
| 11:56:02 | 18 | THE COURT:  Then the peremptory would pass back to |
| 11:56:04 | 19 | the government.  I'll let them take their time with each of |
| 11:56:39 | 20 | you.  You can see how quickly the process is going to go. |
| 11:56:43 | 21 | It's quite possible that we'll literally have a jury today. |
| 11:56:48 | 22 | And I think while, they're looking, let me constantly thank |
| 11:56:51 | 23 | you and the jurors next door, the hundred of you in the |
| 11:56:54 | 24 | other courtroom, and all of you present for bearing with us. |
| 11:56:58 | 25 | We thought it was a much better process because we |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

99

| | | |
|---|---|---|
| 11:57:02 | 1 | got a chance to talk to each of you.  And in doing so, you |
| 11:57:08 | 2 | really invested a half day, and we were able to ask you |
| 11:57:11 | 3 | questions.  And I think that's why we should be able to get |
| 11:57:16 | 4 | a jury so quickly; otherwise, you would have been here |
| 11:57:19 | 5 | eight, nine days with 250 jurors. |
| 11:57:32 | 6 | MR. WOLFE:  Your Honor, the government asks that |
| 11:57:34 | 7 | the Court thank and excuse Juror Number 30. |
| 11:57:38 | 8 | THE COURT:  Juror Number 30, thank you very much. |
| 11:57:40 | 9 | If you would please go back to the jury room.  Thank you for |
| 11:57:43 | 10 | your attendance. |
| 11:57:45 | 11 | *(Prospective Juror No. 30 excused.)* |
| 11:57:47 | 12 | THE COURT:  If you would call another juror, |
| 11:57:49 | 13 | please. |
| 11:57:50 | 14 | THE CLERK:  Number 2. |
| 11:57:52 | 15 | THE COURT:  Juror Number 2. |
| 11:57:54 | 16 | Thank you, sir.  If you would come forward, and if |
| 11:57:56 | 17 | you would have a seat in Seat Number 10, please. |
| 11:58:13 | 18 | You're Juror Number 2? |
| 11:58:15 | 19 | PROSPECTIVE JUROR:  Yes. |
| 11:58:16 | 20 | THE COURT:  Thank you.  Is there anything on your |
| 11:58:18 | 21 | questionnaire that you'd like to change, or is there |
| 11:58:21 | 22 | anything on your questionnaire that you'd like to comment |
| 11:58:24 | 23 | upon? |
| 11:58:25 | 24 | PROSPECTIVE JUROR:  No, I don't. |
| 11:58:26 | 25 | THE COURT:  Okay.  Have you heard all of the prior |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

100

| | | |
|---|---|---|
| 11:58:29 | 1 | questions that I've asked? |
| 11:58:30 | 2 | PROSPECTIVE JUROR:  Yes, I have. |
| 11:58:31 | 3 | THE COURT:  And that the government has asked? |
| 11:58:32 | 4 | PROSPECTIVE JUROR:  Yes. |
| 11:58:33 | 5 | THE COURT:  And that the defendants have asked? |
| 11:58:36 | 6 | PROSPECTIVE JUROR:  Yes. |
| 11:58:36 | 7 | THE COURT:  Are there any comments to those |
| 11:58:38 | 8 | questions that you'd like to make at this time, or are you |
| 11:58:41 | 9 | satisfied that you have no comment to make? |
| 11:58:43 | 10 | PROSPECTIVE JUROR:  I satisfied. |
| 11:58:45 | 11 | THE COURT:  Okay.  Then let me turn to the |
| 11:58:47 | 12 | government. |
| 11:58:47 | 13 | Does the government have questions of Juror |
| 11:58:49 | 14 | Number 2? |
| 11:58:50 | 15 | MR. WOLFE:  No, Your Honor. |
| 11:58:51 | 16 | THE COURT:  Let me turn to Mr. -- well, counsel |
| 11:58:54 | 17 | for Mr. Mills. |
| 11:58:55 | 18 | MR. FLEMING:  No questions, Your Honor. |
| 11:58:57 | 19 | THE COURT:  Counsel for Mr. Bingham? |
| 11:58:58 | 20 | MR. WHITE:  No questions, Your Honor. |
| 11:58:59 | 21 | THE COURT:  Counsel for Mr. Hevle? |
| 11:59:00 | 22 | MR. CALABRIA:  No questions, Your Honor. |
| 11:59:01 | 23 | THE COURT:  Counsel for Mr. Gibson? |
| 11:59:03 | 24 | MR. REED:  No questions, Your Honor. |
| 11:59:04 | 25 | THE COURT:  The peremptory would now pass back to |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

101

| | | |
|---|---|---|
| 11:59:06 | 1 | the defense. |
| 11:59:08 | 2 | MR. FLEMING:  Your Honor, the defense would like |
| 11:59:10 | 3 | to thank and excuse Juror Number 116. |
| 11:59:16 | 4 | THE COURT:  And if you would go back to the jury |
| 11:59:18 | 5 | room, sir, with our thanks and appreciation. |
| 11:59:22 | 6 | PROSPECTIVE JUROR:  Thank you, sir. |
| 11:59:22 | 7 | *(Juror No. 16 excused.)* |
| 11:59:23 | 8 | THE COURT:  If you will call an additional juror, |
| 11:59:25 | 9 | please. |
| 11:59:26 | 10 | THE CLERK:  167. |
| 11:59:28 | 11 | THE COURT:  167. |
| 11:59:40 | 12 | PROSPECTIVE JUROR:  Your Honor, thank you. |
| 11:59:41 | 13 | THE COURT:  Thank you very much, sir. |
| 11:59:43 | 14 | And, Counsel, why don't we do this:  Why don't we |
| 11:59:46 | 15 | seat 167 for just a moment, and why don't we resume with |
| 11:59:50 | 16 | questioning 167 just after lunch.  Would that be acceptable |
| 11:59:53 | 17 | to all counsel? |
| 11:59:55 | 18 | ALL COUNSEL:  Yes, Your Honor. |
| 11:59:56 | 19 | THE COURT:  Now, we'll come back to you just after |
| 11:59:58 | 20 | lunch and ask you questions in just a moment, but they're |
| 12:00:01 | 21 | the same questions I've asked thus far.  They won't be |
| 12:00:06 | 22 | difficult. |
| 12:00:06 | 23 | Better yet, are there any questions on your |
| 12:00:08 | 24 | questionnaire that you would like to change or any |
| 12:00:11 | 25 | additional comments, sir. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

102

| | | |
|---|---|---|
| 12:00:12 | 1 | PROSPECTIVE JUROR:  No. |
| 12:00:13 | 2 | THE COURT:  Would you be fair and impartial to |
| 12:00:15 | 3 | both sides? |
| 12:00:16 | 4 | PROSPECTIVE JUROR:  Yes. |
| 12:00:17 | 5 | THE COURT:  They're such simple words.  It's just |
| 12:00:19 | 6 | what we're all about.  Would you follow the law that I |
| 12:00:23 | 7 | instruct you on, on behalf of the case? |
| 12:00:26 | 8 | PROSPECTIVE JUROR:  Yes. |
| 12:00:27 | 9 | THE COURT:  Counsel on behalf of the government, |
| 12:00:28 | 10 | do you have any additional questions of this gentleman? |
| 12:00:31 | 11 | MR. WOLFE:  No, Your Honor.  Thank you. |
| 12:00:32 | 12 | THE COURT:  Mr. Fleming? |
| 12:00:34 | 13 | MR. FLEMING:  No questions.  Thank you, Your |
| 12:00:35 | 14 | Honor. |
| 12:00:36 | 15 | THE COURT:  Mr. White? |
| 12:00:37 | 16 | MR. WHITE:  No questions. |
| 12:00:38 | 17 | THE COURT:  Mr. Calabria? |
| 12:00:39 | 18 | MR. CALABRIA:  No questions. |
| 12:00:40 | 19 | THE COURT:  Mr. Reed? |
| 12:00:41 | 20 | MR. REED:  No questions. |
| 12:00:42 | 21 | THE COURT:  Now, why don't you look at the |
| 12:00:45 | 22 | questionnaire over the lunchtime and we'll come back and |
| 12:00:49 | 23 | decide if there's going to be a peremptory exercise. |
| 12:00:52 | 24 | I'm going to ask Juror Number 221, that all of us |
| 12:00:58 | 25 | wanted to speak to for just a moment -- I'm going to ask |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

103

| | | |
|---|---|---|
| 12:01:01 | 1 | that you return at 1:15. |
| 12:01:04 | 2 | PROSPECTIVE JUROR:  Yes. |
| 12:01:05 | 3 | THE COURT:  That way you'll have some additional |
| 12:01:09 | 4 | questions out of the presence of the other jurors. |
| 12:01:14 | 5 | I'm going to ask all of the rest of you to be here |
| 12:01:17 | 6 | at 1:30.  And this first period of time, it is difficult |
| 12:01:17 | 7 | because we're marshaling so many people at one place and at |
| 12:01:17 | 8 | one time.  But if I could get all of you who are presently |
| 12:01:21 | 9 | in the audience re-seated in the audience in this courtroom, |
| 12:01:26 | 10 | if I could get the hundred or so jurors who are in the next |
| 12:01:33 | 11 | door in the other courtroom re-seated in that other |
| 12:01:36 | 12 | courtroom promptly at 1:30, then I think we can get started |
| 12:01:40 | 13 | on time and probably get a jury today, and probably the |
| 12:01:40 | 14 | alternates also. |
| 12:01:41 | 15 | So, sir, we'll see Number 221 at 1:15.  If you |
| 12:01:46 | 16 | would remain in the hallway, we'll bring you in as soon as |
| 12:01:49 | 17 | we're ready. |
| 12:01:50 | 18 | Then we're in recess until 1:15.  Please don't |
| 12:01:55 | 19 | discuss this matter amongst yourselves nor form or express |
| 12:01:58 | 20 | any opinion on this case until it's finally submitted to |
| 12:01:58 | 21 | you. |
| 12:02:02 | 22 | Go have lunch. |
| 12:02:02 | 23 | *(Prospective Jurors recess for lunch.)* |
| 12:02:03 | 24 | THE COURT:  Counsel, if you would remain for a few |
| 12:02:05 | 25 | moments. |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

104

| | | |
|---|---|---|
| 12:02:21 | 1 | (Outside the presence of the prospective |
| 12:02:24 | 2 | jurors.) |
| 12:02:39 | 3 | THE COURT:  The jury's no longer present. |
| 12:02:42 | 4 | Adrian, would you shut off that camera, and can |
| 12:02:45 | 5 | you also shut off sound to the courtroom next door. |
| 12:02:48 | 6 | Has that been done? |
| 12:02:53 | 7 | Could you shut off the sound to the courtroom next |
| 12:02:55 | 8 | door.  And would you have that promptly reset at 1:30 for |
| 12:03:00 | 9 | us.  Adrian, would you do that? |
| 12:03:04 | 10 | Now, counsel, we can bring 221 back.  What are |
| 12:03:19 | 11 | your thoughts about 221?  I know that there's a motion for |
| 12:03:19 | 12 | cause. |
| 12:03:19 | 13 | MR. STEWARD:  Yes, Your Honor. |
| 12:03:19 | 14 | THE COURT:  The reason is because of the |
| 12:03:19 | 15 | allegations involving John Gotti and, obviously, I think his |
| 12:03:19 | 16 | comments were that any group that could reach out to commit |
| 12:03:24 | 17 | crimes through John Gotti would cause this person to be |
| 12:03:27 | 18 | biased. |
| 12:03:28 | 19 | Obviously, there's going to be significant |
| 12:03:31 | 20 | testimony concerning the alleged links between the Aryan |
| 12:03:34 | 21 | Brotherhood and the Mafia and, obviously, the Gambino |
| 12:03:39 | 22 | family, the Patriarca family -- I expect that there's going |
| 12:03:43 | 23 | to be significant comment.  And, therefore, you're going to |
| 12:03:46 | 24 | get into a whole session, obviously, involving these links |
| 12:03:51 | 25 | between, minimally John Gotti, as charged in the indictment, |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

105

| 12:03:55 | 1 | but probably the alleged protection of the Mafia in the |
| 12:04:00 | 2 | Federal Bureau of Prisons systems through the alleged Aryan |
| 12:04:03 | 3 | Brotherhood. |
| 12:04:07 | 4 | At the present time, is there opposition to the |
| 12:04:09 | 5 | motion for cause?  And if so, then let's hear this gentleman |
| 12:04:13 | 6 | at 1:15. |
| 12:04:15 | 7 | MR. WOLFE:  Your Honor, I think we are opposed, |
| 12:04:16 | 8 | largely because I don't entirely understand a couple things. |
| 12:04:22 | 9 | THE COURT:  Yeah.  Let's bring him back at 1:15, |
| 12:04:24 | 10 | then, and ask him additional questions to be certain. |
| 12:04:28 | 11 | MR. WOLFE:  Very well, Your Honor. |
| 12:04:29 | 12 | THE COURT:  Now, is there anything further on |
| 12:04:31 | 13 | behalf of the government until we reassemble at 1:10, which |
| 12:04:34 | 14 | is five minutes before 1:15? |
| 12:04:38 | 15 | MR. WOLFE:  Your Honor, I did want to ask one |
| 12:04:40 | 16 | thing.  Your Honor, I was thinking about the point |
| 12:04:44 | 17 | Your Honor made about the possibility of jurors who were |
| 12:04:49 | 18 | chosen to be seated who discover at the last minute that |
| 12:04:52 | 19 | their employers will not allow them.  And I wondered whether |
| 12:04:56 | 20 | the Court would consider this:  Would the Court consider |
| 12:05:00 | 21 | choosing all the jurors and the alternate jurors, and then |
| 12:05:05 | 22 | giving them the admonishment, and having them come back on |
| 12:05:09 | 23 | the day of opening statement and swear them only immediately |
| 12:05:13 | 24 | prior to opening? |
| 12:05:15 | 25 | THE COURT:  I might do that.  I had another |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

106

| | | |
|---|---|---|
| 12:05:17 | 1 | technique that I was going to use.  And I'm -- your wisdom |
| 12:05:22 | 2 | and the defense's wisdom would be appreciated. |
| 12:05:26 | 3 | I was going to swear the twelve jurors and the |
| 12:05:31 | 4 | eight alternates today, but hold in reserve the next twenty, |
| 12:05:36 | 5 | and bring back that next twenty, literally, the day of the |
| 12:05:41 | 6 | opening statement, so in case we lost one or two, that we -- |
| 12:05:46 | 7 | you know, we had a reserve.  We need to start with eight |
| 12:05:50 | 8 | alternate jurors. |
| 12:05:51 | 9 | Number two, I was actually thinking this evening |
| 12:05:53 | 10 | about, even if you got a jury and the eight alternates, |
| 12:05:58 | 11 | sending them all home -- because I really think we'll be |
| 12:06:01 | 12 | close today, frankly, to getting a jury -- sending them |
| 12:06:03 | 13 | home, having them check with their families, giving them a |
| 12:06:06 | 14 | time schedule, telling them when we're in session and when |
| 12:06:10 | 15 | we're not in session up through June, and then having them |
| 12:06:13 | 16 | come back and re-swearing them tomorrow.  That means I'm |
| 12:06:18 | 17 | bringing everybody back.  But for goodness sakes, on a |
| 12:06:22 | 18 | nine-month case, we can bring back the extra hundred people |
| 12:06:26 | 19 | for one day. |
| 12:06:27 | 20 | And frankly, we're saving an incredible amount of |
| 12:06:27 | 21 | time the way we've conducted ourselves.  We've been working |
| 12:06:31 | 22 | hard for eight days, all of you have, and you have my |
| 12:06:33 | 23 | compliments, especially with the hours we've been keeping |
| 12:06:36 | 24 | and the Saturdays and late hours during the weekday.  But |
| 12:06:39 | 25 | the jurors haven't been inconvenienced.  And I think with |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

107

| | | |
|---|---|---|
| 12:06:42 | 1 | 250, this process could have been eight, nine day's bedlam. |
| 12:06:50 | 2 | So it's worked well. |
| 12:06:50 | 3 | All of you can meet and confer, but I'm open to |
| 12:06:54 | 4 | any suggestion, as long as all of you agree to it.  But my |
| 12:06:58 | 5 | preference is that there's some time period, Mr. Wolfe, that |
| 12:07:03 | 6 | they check and just double check with their employers.  But |
| 12:07:07 | 7 | I don't want to hear by opening statement that we've lost |
| 12:07:09 | 8 | two jurors because their employer finally is facing reality, |
| 12:07:09 | 9 | or what happened to me on the Mexican Mafia case.  Some of |
| 12:07:14 | 10 | the jurors didn't tell their employers, thinking jury |
| 12:07:17 | 11 | service was a grand idea.  And then when they finally went |
| 12:07:19 | 12 | to their employers and said it was a six-month case, we lost |
| 12:07:25 | 13 | two jurors almost immediately.  And I can't afford that.  So |
| 12:07:29 | 14 | I'm open to any suggestion. |
| 12:07:31 | 15 | But why don't you discuss that informally.  Okay? |
| 12:07:34 | 16 | Mr. Fleming, Mr. Steward, anything further? |
| 12:07:37 | 17 | MR. FLEMING:  No, Your Honor. |
| 12:07:38 | 18 | MR. STEWARD:  No, Your Honor. |
| 12:07:39 | 19 | THE COURT:  Mr. White?  Mr. Harris? |
| 12:07:40 | 20 | MR. WHITE:  No. |
| 12:07:42 | 21 | MR. HARRIS:  No, Your Honor. |
| 12:07:42 | 22 | THE COURT:  Mr. Calabria?  Mr. Rosen? |
| 12:07:44 | 23 | MR. CALABRIA:  No, Your Honor. |
| 12:07:45 | 24 | MR. ROSEN:  No. |
| 12:07:45 | 25 | THE COURT:  Mr. Reed? |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

108

| | | |
|---|---|---|
| 12:07:46 | 1 | MR. REED:  No. |
| 12:07:47 | 2 | THE COURT:  Then if you would be here at 1:10, |
| 12:07:57 | 3 | please. |
| 12:07:57 | 4 | *(Lunch recess held at 12:07 p.m.)* |
| 12:07:59 | 5 | *(Further proceedings reported by* |
| 12:07:59 | 6 | *Deborah Parker in Volume II.)* |
| 12:34:00 | 7 | -oOo- |
| 12:34:00 | 8 | |
| | 9 | |
| | 10 | |
| | 11 | |
| | 12 | |
| | 13 | |
| | 14 | |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

CR 02-938 DOC - 2/22/2006 - Day 1, Volume I

108

12:07:46   1           MR. REED:  No.

12:07:47   2           THE COURT:  Then if you would be here at 1:10,

12:07:57   3   please.

12:07:57   4           *(Lunch recess held at 12:07 p.m.)*

12:07:57   5           *(Further proceedings reported by*

12:07:57   6       *Deborah Parker in Volume II.)*

12:07:59   7

           8

           9

          10

          11

          12

          13

          14

          15

          16

          17

          18

          19

          20

          21

          22

          23

          24

          25

CR 02-938 DOC – 2/22/2006 – Day 1, Volume I

109

| | | |
|---|---|---|
| 12:34:00 | 1 | -oOo- |
| 12:34:00 | 2 | |
| 12:34:00 | 3 | CERTIFICATE |
| 12:34:00 | 4 | |
| 12:34:00 | 5 | I hereby certify that pursuant to Section 753, |
| 12:34:00 | 6 | Title 28, United States Code, the foregoing is a true and |
| 12:34:00 | 7 | correct transcript of the stenographically reported |
| 12:34:00 | 8 | proceedings held in the above-entitled matter and that the |
| 12:34:00 | 9 | transcript page format is in conformance with the |
| 12:34:00 | 10 | regulations of the Judicial Conference of the United States. |
| 12:34:00 | 11 | |
| 12:34:00 | 12 | Date:  February 23, 2006 |
| 12:34:00 | 13 | |
| 12:34:00 | 14 | |
| 12:34:00 | 15 | |
| 12:34:00 | 16 | DEBBIE GALE, U.S. COURT REPORTER |
| 12:34:00 | | CSR NO. 9472, RPR |
| 12:34:00 | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |