

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
JUL 27 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES OF AMERICA,      )
                              )    CASE NO: CR-02-938-GHK
            Plaintiff,        )
                              )      CRIMINAL
    vs.                       )
                              )    Los Angeles, California
STEVE LOREN SCOTT, ET. AL.,   )
                              )    Tuesday, December 10, 2002
            Defendants.       )

POST-INDICTMENT ARRAIGNMENT

BEFORE THE HONORABLE ROBERT N. BLOCK,
CHIEF UNITED STATES MAGISTRATE JUDGE



DOCKETED ON CM
AUG - 1 2007
BY _____ 207

EXCEPTIONAL REPORTING SERVICES, INC
14493 S PADRE ISLAND DRIVE
#A-400
CORPUS CHRISTI, TX 78418-5940
361 949-2988

5412

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | CASE NO: CR-02-938-GHK |
| Plaintiff,   ) | |
| ) | CRIMINAL |
| vs.   ) | |
| ) | Los Angeles, California |
| STEVE LOREN SCOTT, ET. AL.,   ) | |
| ) | Tuesday, December 10, 2002 |
| Defendants.   ) | |

POST-INDICTMENT ARRAIGNMENT

BEFORE THE HONORABLE ROBERT N. BLOCK,
CHIEF UNITED STATES MAGISTRATE JUDGE

Appearances:              See next page

Court Reporter:           Taped: #02-51

Court Clerks:             Maria Cortez
                          Alex Silverio

Transcribed by:           Exceptional Reporting Services, Inc.
                          14493 S. Padre Island Drive
                          Suite A-400
                          Corpus Christi, TX 78418-5940
                          361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

EXCEPTIONAL REPORTING SERVICES, INC

2

<u>APPEARANCES FOR</u>:

Plaintiff:                    DEBORAH WONG YANG, ESQ.
                              Acting United States Attorney
                              THOMAS P. O'BRIEN, ESQ.
                              Assistant United States Attorney
                              Chief, Criminal Division
                              GREG JESSNER, ESQ.
                              CRAIG MASSAKIAN, ESQ.
                              Assistant United States Attorney
                              312 North Spring Street
                              Los Angeles, CA 90012

Barry B. Mills:               MARK OVERLAND, ESQ.
                              Overland Borenstein Scheper & Kim
                              300 S. Grand Ave., Suite 2750
                              Los Angeles, CA 90071

Tyler D. Bingham:             WILLIAM HARRIS, ESQ.
                              Stewart & Harris
                              1499 Huntington Dr., Suite 403
                              S. Pasadena, CA 91030

John W. Stinson:              PAUL POTTER, ESQ.
                              Potter Cohen & Samulon
                              3852 E. Colorado Blvd.
                              Pasadena, CA 91107

Richard L. Terflinger:        LARRY BAKMAN, ESQ.
                              10100 Santa Monica Blvd., Suite 300
                              Los Angeles, CA 90067

Robert L. Griffin:            JOSEPH WALSH, ESQ.
                              316 W. Second St., Suite 1200
                              Los Angeles, CA 90012

David A. Chance:              KNUT JOHNSON, ESQ.
                              1010 2nd Ave., Suite 1850
                              San Diego, CA 92101

Cleo Roy:                     FREDRICO MCCURRY, ESQ.
                              14659 Hamlin St.
                              Van Nuys, CA 91411

Glenn R. Filkins:             ERROL STAMBLER, ESQ.
                              10880 Wilshire Blvd., Suite 1050
                              Los Angeles, CA 90024

3

<u>APPEARANCES FOR:</u>   (Cont'd)


Christopher O. Gibson:     MICHAEL SHANNON, ESQ.
                           301 E. Colorado Blvd., Suite 320
                           Pasadena, CA 91101

4

1          **Los Angeles, California; Tuesday, December 10, 2002**

2                              **(Call to Order)**

3          **THE CLERK:**  First indictment arraignment calendar for

4    Tuesday, December 10th, 2002; Tape Number 02-51; before The

5    Honorable Chief Magistrate Judge Robert N. Block.

6          The United States District Court is now in session.

7    The Honorable Chief Magistrate Judge Robert N. Block,

8    presiding.  Please be seated.

9          **THE COURT:**  All right.  Before I call the arraignment

10   calendar, I wish to advise all the defendants here present of

11   their Constitutional rights in connection with these

12   proceedings and explain the procedures followed in this Court.

13         You are here because you've been charged with one or

14   more violations of federal law.  The charges against you are

15   contained in an indictment and a copy of those charges has been

16   given to you already or will be given to you this morning.

17         You have the following Constitutional rights.  Please

18   listen carefully.  You are entitled to a speedy and public

19   trial by a jury, or by a judge alone if jury is waived by you

20   and by counsel for the government.

21         You have a right to retain and be represented by an

22   attorney of your choosing at all stages of the proceedings.  If

23   you cannot afford an attorney, you have a right to request that

24   the Court appoint an attorney to represent you at the

25   government's expense.

5

1        You have a right to be personally present at this

2   arraignment and all the proceedings which may follow,

3   including, without limitation, the time of the plea and every

4   stage of the trial, including the empanelment of the jury and

5   the return of the verdict.  But you are warned that you may be

6   tried and/or sentenced in absentia, that is, without you being

7   there, if you deliberately absent yourself without cause.

8        You are entitled to see and hear the evidence and

9   witnesses against you and to cross-examine those witnesses.

10  You are entitled to subpoena witnesses and compel the

11  production of other evidence on your own behalf.  This will all

12  be without cost to you, if you are indigent.  It is not

13  necessary for you to prove your innocence; rather, it is the

14  burden of the government to prove your guilt beyond a

15  reasonable doubt.

16       You have a privilege against self-incrimination.

17  This means that you have a right to remain silent.  Anything

18  that you say, sign, or write which tends to incriminate you may

19  be introduced against you.  You may refuse to make any such

20  statements.  A plea of guilty will involve a waiver of your

21  privilege against self-incrimination.

22       For your plea and all further proceedings, your case

23  will be transferred to a district judge of this court.  The

24  particular district judge for your case has already been

25  selected by lots.  All motions are reserved and must be made

1   before the district judge to whom the case is transferred.

2          If you are pleading not guilty, you will be asked to

3   plead at today's arraignment and a trial date will be set.

4   When I transfer a case to the district judge of this court and

5   announce the time for appearance, defendant and counsel of

6   record are ordered to appear before that judge at the time I

7   specify.

8          Now, I ask the Clerk to please call the first

9   defendant.

10          THE CLERK:  Yes, your Honor.  Calling Case Number

11  CR:02-938 GHK, *U.S.A. versus Barry Byron Mills.*

12          MR. JESSNER:  Good morning, your Honor, Gregory

13  Jessner and Craig Massakian for the government.

14          MR. OVERLAND:  Good morning, your Honor, Mark

15  Overland seeking appointment on behalf of Mr. Mills.

16          THE COURT:  Sir, is your true name Barry Byron Mills?

17          DEFENDANT MILLS:  Yes, it is.

18          THE COURT:  And did you sign this financial affidavit

19  form?

20          DEFENDANT MILLS:  Yes, I did.

21          THE COURT:  And are the statements, sir, on your

22  financial affidavit true?

23          DEFENDANT MILLS:  Yes, they are.

24          THE COURT:  All right.  Mr. Overland, based on the

25  financial affidavit, I'm going to appoint you as counsel, then.

1  As I understand it, you've been recommended by the public

2  defender to be the capital counsel and there's going to be a

3  second counsel appointed.  It's Judge King's intention, I

4  think, to issue a special order for capital counsel and then

5  when the second counsel is identified, that counsel will also

6  be appointed.  So, I'm going to appoint you at this time, but

7  we're probably going to have to get it straightened out through

8  a separate order from Judge King, to exactly confirm the fact

9  that you're actually the capital counsel.  Do you understand?

10            MR. OVERLAND:  Very well.

11            THE COURT:  All right.  The clerk may proceed.

12            THE CLERK:  Yes, your Honor.  Is Barry Byron Mills

13  your true name?

14            DEFENDANT MILLS:  Yes, it is.

15            THE CLERK:  Did you hear and understand the

16  statements of this Court pertaining to your rights in the

17  appointment of counsel.

18            DEFENDANT MILLS:  Yes, I did.

19            THE CLERK:  Did you see and sign a statement of your

20  rights?

21            DEFENDANT MILLS:  Yes.

22            THE CLERK:  Did you receive a copy of the indictment?

23            DEFENDANT MILLS:  Yes.

24            THE CLERK:  Do you want the indictment read to you at

25  this time?

8

1          DEFENDANT MILLS:  No.

2          THE COURT:  All right.  This matter has been assigned

3   to Judge King, who has asked that the magistrate judge take the

4   not guilty plea, if your client is pleading not guilty, Mr.

5   Overland.  Is your client pleading not guilty?

6          MR. OVERLAND:  Yes, your Honor.

7          THE COURT:  I'll ask the clerk to please take the

8   plea.

9          THE CLERK:  Barry Byron Mills, how do you plead to

10   the charges on the indictment?

11          DEFENDANT MILLS:  Not guilty.

12          THE COURT:  This matter is set for jury trial before

13   Judge King on January 21st, 2003, at 9:30 a.m.  Judge King is

14   located in Courtroom 660 of the Roybal Building.  Judge King

15   has a discovery order, which I see the clerk has served on

16   defense counsel.

17          There'll be a status conference, Mr. Overland, on

18   January 6th, 2003, at 3:30 p.m.

19          All right.  So, defendant is ordered to appear on

20   those dates and times.  In the meantime, he's remanded back to

21   the custody of the United States marshal.

22          MR. JESSNER:  Your Honor, I wonder if I could be

23   heard briefly?

24          THE COURT:  Yes.

25          MR. JESSNER:  My understanding and, of course, the

1    Court may have heard otherwise, is that Judge King did not want

2    these cases set for trial.  He just wanted them set for status

3    conference.

4              THE COURT:  Well, this instruction we got from him --

5              THE CLERK:  From his clerk.

6              THE COURT:  From his clerk yesterday.  So, I think

7    it's a -- I assume it's a tentative trial date and that would

8    be, I take it, straightened out on January 6th.

9              MR. JESSNER:  I would imagine, your Honor.  Thank

10   you.

11             THE COURT:  But if you have any questions about that,

12   Mr. Jessner, why don't you contact his clerk after this

13   morning's proceeding?

14             MR. JESSNER:  Very well, your Honor.

15             THE COURT:  All right.  So, is there anything

16   further, counsel?

17             MR. OVERLAND:  No, your Honor.

18             THE COURT:  All right.  Thank you.

19             Oh, for the record, the government has filed a notice

20   of request for a detention order.

21             MR. JESSNER:  That's correct, your Honor.

22             THE CLERK:  Calling Tyler David Bingham.

23             MR. JESSNER:  Good morning again, your Honor, Gregory

24   Jessner and Craig Massakian for the government.  And can we

25   just have a standing appearance, your Honor?

1          THE COURT:  Yes.  You don't have to re-announce

2    yourself.

3          MR. JESSNER:  Thank you, your Honor.

4          MR. HARRIS:  Good morning, your Honor, William S.

5    Harris, seeking appointment as second counsel.  With me is

6    Michael White, capital counsel.

7          MR. WHITE:  Good morning, your Honor.

8          THE COURT:  Sir, is your true name Tyler Davis

9    Bingham?

10          DEFENDANT BINGHAM:  No, sir.  It's not.  My name is

11   T. D. Bingham.

12          THE COURT:  T. D. Bingham?

13          DEFENDANT BINGHAM:  Yes, sir.

14          THE COURT:  All right.  Thank you.  And did you sign

15   this financial affidavit form?

16          DEFENDANT BINGHAM:  Yes, sir, I did.

17          THE COURT:  And are the statements on your financial

18   affidavit true?

19          DEFENDANT BINGHAM:  Yes, sir.

20          THE COURT:  All right.  Based on the financial

21   affidavit, the Court finds the defendant has qualified for the

22   appointment of counsel and I'm appointing Mr. Harris of the

23   indigent defense panel to represent the defendant.

24          Now, Mr. White, your appointment will be subject to a

25   separate order by Judge King.  I'll notify him this morning

1    that you're ready to be appointed.

2              MR. WHITE:  Thank you.

3              THE COURT:  The clerk may proceed.

4              THE CLERK:  Yes, your Honor.  Is T. D. Bingham your

5    true name?

6              DEFENDANT BINGHAM:  Yes, ma'am.

7              THE CLERK:  Did you hear and understand the

8    statements of this Court pertaining to your rights and the

9    appointment of counsel?

10              DEFENDANT BINGHAM:  Yes, ma'am, I did.

11              THE CLERK:  Did you see and sign a statement of your

12    rights?

13              DEFENDANT BINGHAM:  Yes, ma'am.

14              THE CLERK:  Did you receive a copy of the indictment?

15              DEFENDANT BINGHAM:  Yes, ma'am, I have.

16              THE CLERK:  Do you want the indictment read to you at

17    this time?

18              DEFENDANT BINGHAM:  No.  That's not necessary.

19              THE COURT:  And for the record, the government has

20    filed a notice of request for detention in this matter.

21              As I've indicated, this case is assigned to Judge

22    King, who has asked the magistrate judge to take the not guilty

23    plea, if the defendant is pleading not guilty.  Is that how

24    defendant is pleading, counsel?

25              MR. HARRIS:  Yes, your Honor.

EXCEPTIONAL REPORTING SERVICES, INC

1          **THE COURT:**  All right.  I'll ask the clerk to please

2    take the plea.

3          **THE CLERK:**  Yes, your Honor.  T. D. Bingham, how do

4    you plead to the charges of the indictment?

5          **DEFENDANT BINGHAM:**  Not guilty.

6          **THE COURT:**  Judge King has a discovery order, which

7    is being served on defense counsel.

8          This matter is set, or tentatively set, for jury

9    trial January 21st, 2003, at 9:30 a.m. in Courtroom 660 before

10   Judge King and there'll be a status conference on January 6th,

11   2003, at 3:30 p.m. before Judge King.

12         The defendant, in the meantime, is remanded back to

13   the custody of the United States marshal.

14         **THE CLERK:**  Calling Glenn Richard Filkins.

15         **THE COURT:**  Sir, is your true name Glenn Richard

16   Filkins?

17         **DEFENDANT FILKINS:**  Yes, it is.

18         **THE COURT:**  And did you sign this financial affidavit

19   form?

20         **DEFENDANT FILKINS:**  Yes, I did.

21         **THE COURT:**  Are the statements on this financial

22   affidavit true?

23         **DEFENDANT FILKINS:**  Yes, they are.

24         **THE COURT:**  All right, based on the financial

25   affidavit, the Court finds this defendant qualifies for the

1    appointment of counsel and appoints Mr. Stambler of the

2    indigent defense panel to represent the defendant.

3             MR. STAMBLER:  Thank you, your Honor.

4             THE COURT:  The clerk may proceed.

5             THE CLERK:  Yes, your Honor.  Is Glenn Richard

6    Filkins your true name?

7             DEFENDANT FILKINS:  Yes.

8             THE CLERK:  Did you hear and understand the

9    statements of this Court pertaining to your rights and the

10   appointment of counsel?

11            DEFENDANT FILKINS:  Yes.

12            THE CLERK:  Did you see and sign a statement of your

13   rights?

14            DEFENDANT FILKINS:  Yes.

15            THE CLERK:  Did you receive a copy of the indictment?

16            DEFENDANT FILKINS:  Yes.

17            THE CLERK:  Do you want the indictment read to you at

18   this time?

19            DEFENDANT FILKINS:  No.

20            THE COURT:  For the record, the Court has received a

21   notice for request of detention as to this defendant.

22            This case has been assigned to Judge King, Mr.

23   Stambler.  Will your client be pleading guilty or not guilty?

24            MR. STAMBLER:  Not guilty, your Honor.

25            THE COURT:  I'll ask the clerk to please take the

14

1    plea.

2              THE CLERK:  Glenn Richard Filkins, how do you plead

3    to the charges of the indictment?

4              DEFENDANT FILKINS:  Not guilty.

5              THE COURT:  This case is set for jury trial on

6    January 21st, 2003, at 9:30 a.m. before Judge King in Courtroom

7    660.  Judge King has a discovery order, which has been served

8    on defense counsel?

9              MR. STAMBLER:  Yes, your Honor.

10             THE COURT:  Okay.  And there'll be a status

11   conference on January 6th, 2003, at 3:30 p.m. before Judge

12   King.

13             Defendant, in the meantime, is remanded back to the

14   custody of United States marshals.

15             THE CLERK:  Calling Defendant Christopher Overton

16   Gibson.

17             MR. GREGORY:  Your Honor, James Gregory, seeking

18   appointment as capital counsel in this case and Mike Shannon is

19   not a panel attorney, but he's been approved as second counsel

20   in this case.

21             THE COURT:  Mr. Shannon?

22             MR. SHANNON:  I'm Shannon.

23             THE COURT:  Okay.  For today's proceeding, I'm going

24   to appoint Mr. Shannon, because Judge King will be appointing

25   you pursuant to a separate order.

1     MR. GREGORY:  Thank you very much.

2     THE COURT:  Again, let me ask the defendant.  Sir, is

3   your true name Christopher Gibson?

4     DEFENDANT GIBSON:  Yes, sir.

5     THE COURT:  All right.  And did you sign this

6   financial affidavit form?

7     DEFENDANT GIBSON:  Yes, sir.

8     THE COURT:  Based on the financial affidavit, the

9   Court is appointing Mr. Shannon as second counsel in this

10  matter.  And the clerk may now proceed.

11    THE CLERK:  Thank you, your Honor.  Is Christopher

12  Overton Gibson your true name?

13    DEFENDANT GIBSON:  Yes.

14    THE CLERK:  Did you hear and understand the

15  statements of this Court pertaining to your rights and the

16  appointment of counsel?

17    DEFENDANT GIBSON:  Yes.

18    THE CLERK:  Did you see and sign a statement of your

19  rights?

20    DEFENDANT GIBSON:  Yes.

21    THE CLERK:  Did you receive a copy of the indictment?

22    DEFENDANT GIBSON:  Yes.

23    THE CLERK:  Do you want the indictment read to you at

24  this time?

25    DEFENDANT GIBSON:  No.

16

1        **THE COURT:**  This case is assigned to Judge King.

2  Will your client be pleading guilty or not guilty today,

3  counsel?

4        **MR. GREGORY:**  He'll be pleading not guilty, your

5  Honor.

6        **THE COURT:**  I'll ask the clerk to please take the

7  plea.

8        **THE CLERK:**  Christopher Overton Gibson, how do you

9  plead to the charges of the indictment?

10       **DEFENDANT GIBSON:**  Not guilty.

11       **THE COURT:**  For the record, a notice for request of

12  detention has been filed by the government.

13       This case is set for jury trial before Judge King on

14  January 21st, 2003, at 9:30 a.m. in Courtroom 660.  The clerk

15  has issued a copy of Judge King's discovery order and served it

16  on defense counsel.

17       There'll be a status conference on January 6th, 2003,

18  at 3:30 p.m. before Judge King.

19       The defendant, in the meantime, is remanded back to

20  the custody of the United States marshal.

21       **MR. GREGORY:**  All right.  Thank you, your Honor.

22       **THE COURT:**  You're welcome.

23       **THE CLERK:**  Calling Robert Lee Griffin.

24       **THE COURT:**  Sir, is your true name Robert Lee

25  Griffin?

1        **DEFENDANT GRIFFIN:**  Yes, sir, it is.

2        **THE COURT:**  And did you sign this financial affidavit

3  form?

4        **DEFENDANT GRIFFIN:**  Yes, sir, I did.

5        **THE COURT:**  And are the statements on your financial

6  affidavit true?

7        **DEFENDANT GRIFFIN:**  Yes, sir, they are.

8        **THE COURT:**  All right.  Did we -- I don't think we

9  have the appearances by counsel yet.

10       **MR. WALSH:**  I'm sorry.  I'm Joseph Walsh and I'm

11  seeking appointment for the defendant.  And also present is

12  capital counsel Michael Crane.

13       **THE COURT:**  Very well.  Based on the financial

14  affidavit, the Court finds this defendant qualifies for the

15  appointment of counsel and I'm appointing Mr. Walsh of the

16  indigent defense panel as second counsel.  Mr. Crane, your

17  appointment will be subject of separate order by Judge King.

18       **MR. CRANE:**  Yes, your Honor.

19       **THE COURT:**  The clerk may proceed.

20       **THE CLERK:**  Yes, your Honor.  Is Robert Lee Griffin

21  your true name?

22       **DEFENDANT GRIFFIN:**  Yes, ma'am, it is.

23       **THE CLERK:**  Did you hear and understand the

24  statements of this Court pertaining to your rights and the

25  appointment of counsel?

1          **DEFENDANT GRIFFIN:**  Yes, ma'am, I did.

2          **THE CLERK:**  Did you see and sign a statement of your

3    rights?

4          **DEFENDANT GRIFFIN:**  Yes, ma'am, I did.

5          **THE CLERK:**  Did you receive a copy of the indictment?

6          **DEFENDANT GRIFFIN:**  Yes, ma'am, I did.

7          **THE CLERK:**  Do you want the indictment read to you at

8    this time?

9          **DEFENDANT GRIFFIN:**  No, ma'am, I don't.

10          **THE COURT:**  For the record, the Court has received a

11    notice for request of detention as to this defendant.

12          This case is assigned to Judge King.  How will your

13    client be pleading, counsel?

14          **MR. WALSH:**  Not guilty, your Honor.

15          **THE COURT:**  I'll ask the clerk to please take the

16    plea.

17          **THE CLERK:**  Robert Lee Griffin, how do you plead to

18    the charges of the indictment?

19          **DEFENDANT GRIFFIN:**  Not guilty.

20          **THE COURT:**  This case is set for jury trial before

21    Judge King on January 21st, 2003, at 9:30 a.m. in Courtroom

22    660.  Judge King has a discovery order, which I see has been

23    served on defense counsel.

24          There'll be a status conference on January 6th, 2003,

25    at 3:30 p.m. before Judge King.

19

1          The defendant, in the meantime, is remanded back to

2   the custody of the United States marshal.

3          THE CLERK:  Calling Cleo Roy.

4          THE COURT:  Do you want to make your appearance,

5   counsel?

6          MR. MCCURRY:  Good morning, your Honor, Fredrico

7   McCurry, appearing and asking to be appointed on behalf of Mr.

8   Roy.

9          THE COURT:  Sir, is your true name Cleo Roy?

10         DEFENDANT ROY:  Yes, sir.

11         THE COURT:  And did you sign this financial affidavit

12  form?

13         DEFENDANT ROY:  Yes, sir.

14         THE COURT:  And are the statements on your financial

15  affidavit true?

16         DEFENDANT ROY:  Yes.

17         THE COURT:  Based on the financial affidavit, the

18  Court finds this defendant qualifies for the appointment of

19  counsel and the Court appoints Mr. McCurry of the indigent

20  defense panel to be second counsel in this matter.

21         MR. MCCURRY:  Thank you, your Honor.

22         THE COURT:  Well, this is actually -- you're the only

23  counsel in this matter.

24         MR. MCCURRY:  Right.

25         THE COURT:  All right.  I appoint Mr. McCurry as

1    counsel for this defendant.  The clerk may proceed.

2              THE CLERK:  Yes, your Honor.  Is Cleo Roy your true

3    name?

4              DEFENDANT ROY:  Yes, ma'am.

5              THE CLERK:  Did you hear and understand the

6    statements of this Court pertaining to your rights and the

7    appointment of counsel?

8              DEFENDANT ROY:  Yes, ma'am.

9              THE CLERK:  Did you see and sign a statement of your

10   rights?

11             DEFENDANT ROY:  Yes.

12             THE CLERK:  Did you receive a copy of the indictment?

13             DEFENDANT ROY:  Yes, ma'am.

14             THE CLERK:  Do you want the indictment read to you at

15   this time?

16             DEFENDANT ROY:  No.

17             THE COURT:  For the record, I've received a notice

18   for request of detention by the government.

19             This case is assigned to Judge King.  Counsel, how

20   will your client be pleading?

21             MR. MCCURRY:  Not guilty, your Honor.

22             THE COURT:  I'll ask the clerk to please take the

23   plea.

24             THE CLERK:  Cleo Roy, how do you plead to the charges

25   of the indictment?

21

1          **DEFENDANT ROY:**  Not guilty.

2          **THE COURT:**  This case is set for jury trial before

3   Judge King on January 21st, 2003, at 9:30 a.m. and that will be

4   in Courtroom 660.  Judge King has a discovery order, which I

5   see has been served on defense counsel.

6               There will be a status conference in this matter on

7   January 6th, 2003, at 3:30 p.m. before Judge King.

8               The defendant, in the meantime, is remanded back to

9   the custody of the United States marshal.

10          **THE CLERK:**  Calling John William Stinson.

11          **MR. POTTER:**  Good morning, your Honor.  I'm Paul

12   Potter.  I'm seeking appointment in this case.  Capital counsel

13   Terrance Bennett was here earlier, but he had an appearance and

14   Mr. Stinson has executed designations in both of our favor.

15          **THE COURT:**  Thank you.  Sir, is your true name John

16   William Stinson?

17          **DEFENDANT STINSON:**  Yes.

18          **THE COURT:**  And did you sign this financial affidavit

19   form?

20          **DEFENDANT STINSON:**  Yes.

21          **THE COURT:**  Are the statements in this financial

22   affidavit true?

23          **DEFENDANT STINSON:**  Yes.

24          **THE COURT:**  All right.  The Court finds this

25   defendant entitled to the appointment of counsel, based on the

1    financial affidavit, and the Court appoints Mr. Potter of the

2    indigent defense panel to serve as second counsel.  Mr.

3    Bennett's appointment will be the subject of a separate order

4    by Judge King.

5              The clerk may proceed.

6              THE CLERK:  Yes, your Honor.  Is John William Stinson

7    your true name?

8              DEFENDANT STINSON:  Yes.

9              THE CLERK:  Did you hear and understand the

10   statements of this Court pertaining to your rights and the

11   appointment of counsel?

12             DEFENDANT STINSON:  Yes.

13             THE CLERK:  Did you see and sign a statement of your

14   rights?

15             DEFENDANT STINSON:  Yes.

16             THE CLERK:  Did you receive a copy of the indictment?

17             DEFENDANT STINSON:  Yes, ma'am.

18             THE CLERK:  Do you want the indictment read to you at

19   this time?

20             DEFENDANT STINSON:  No.

21             THE COURT:  This case has been assigned to Judge

22   King.  How will your client be pleading, counsel?

23             MR. POTTER:  Not guilty, your Honor.

24             THE COURT:  I'll ask the clerk to please take the

25   plea.

23

1          **THE CLERK:**  John William Stinson, how do you plead to

2     the charges of the indictment?

3          **DEFENDANT STINSON:**  Not guilty.

4          **THE COURT:**  For the record, I've received a notice of

5     a request for detention as to this defendant.

6          The case is set for jury trial before Judge King on

7     January 21st, 2003, at 9:30 a.m. in Courtroom 660.  Judge King

8     has a discovery order, which has been served.  Correct, Mr.

9     Potter?

10         **MR. POTTER:**  Yes, sir.

11         **THE COURT:**  There will be a status conference on

12    January 6th, 2003, at 3:30 p.m.

13         The defendant, in the meantime, is remanded back to

14    the custody of the United States marshal.

15         **THE CLERK:**  Calling David Allen Chance.

16         **MR. JOHNSON:**  Good morning, your Honor, Knut Johnson,

17    seeking appointment for Mr. Chance.  Your Honor, I'm not on the

18    indigent defense panel in this district, but I understand my

19    appointment has been approved by whoever's supposed to do this.

20         **THE COURT:**  That's correct.  Thank you, Mr. Johnson.

21         Let me ask the defendant.  Sir, is your true name

22    David Allen Chance?

23         **DEFENDANT CHANCE:**  Yes.

24         **THE COURT:**  And did you sign this financial affidavit

25    form?

1          **DEFENDANT CHANCE:**  Yes.

2          **THE COURT:**  Are the statements in the financial

3    affidavit true?

4          **DEFENDANT CHANCE:**  Yes.

5          **THE COURT:**  All right.  Based on the financial

6    affidavit, the Court finds this defendant qualifies for the

7    appointment of counsel, and the Court is appointing Mr. Johnson

8    to serve as second counsel in this matter.  There'll be

9    separate counsel appointed by separate order of Judge King for

10   the capital counsel.

11         **MR. JOHNSON:**  Yes, your Honor.

12         **THE COURT:**  The clerk may proceed.

13         **THE CLERK:**  Yes, your Honor.  David Allen Chance, is

14   this your true name?

15         **DEFENDANT CHANCE:**  Yes.

16         **THE CLERK:**  Did you hear and understand the

17   statements of this Court pertaining to your rights and the

18   appointment of counsel?

19         **DEFENDANT CHANCE:**  Yes.

20         **THE CLERK:**  Did you see and sign a statement of your

21   rights?

22         **DEFENDANT CHANCE:**  Yes.

23         **THE CLERK:**  Did you receive a copy of the indictment?

24         **DEFENDANT CHANCE:**  Yes.

25         **THE CLERK:**  Do you want the indictment read to you at

1    this time?

2            DEFENDANT CHANCE:  No.

3            THE COURT:  This case has been assigned to Judge

4    King.  How will your client be pleading, counsel?

5            MR. JOHNSON:  Not guilty.

6            THE COURT:  I'll ask the clerk to please take the

7    plea.

8            THE CLERK:  David Allen Chance, how do you plead to

9    the charges of the indictment?

10           DEFENDANT CHANCE:  I state not guilty.

11           THE COURT:  For the record, the Court's received a

12   notice of a request for detention as to this defendant.

13           MR. JOHNSON:  Thank you, your Honor.

14           THE COURT:  This case is set for jury trial before

15   Judge King on January 21st, 2003, at 9:30 a.m. in Courtroom

16   660.  Judge King has a discovery order, which I see was served

17   on defense counsel.  There will be a status conference on

18   January 6th, 2003, at 3:30 p.m.

19           The defendant, in the meantime, is remanded back to

20   the custody of the United States marshal.

21           MR. JOHNSON:  Thank you, your Honor.

22           THE CLERK:  Calling Richard Lloyd Terflinger.

23           MR. RUBIN:  Good morning, your Honor, Dale Rubin,

24   seeking appointment as capital counsel.

25           MR. BAKMAN:  Good morning, your Honor, Larry Bakman

26

1  on behalf of Mr. Terflinger, seeking appointment as second

2  counsel.

3         THE COURT:  All right.  The way we're doing it, Mr.

4  Rubin, I'm appointing the second counsel.  Judge King will

5  issue a separate order (***).

6         Sir, is your true name Richard Lloyd Terflinger?

7         DEFENDANT TERFLINGER:  Yes, sir.

8         THE COURT:  Did you sign this financial affidavit

9  form?

10        DEFENDANT TERFLINGER:  Yes, I did.

11        THE COURT:  Are the statements on your financial

12 affidavit true?

13        DEFENDANT TERFLINGER:  Yes.

14        THE COURT:  All right.  Based on the financial

15 affidavit, the Court finds this defendant qualifies for the

16 appointment of counsel and appoints Mr. Bakman of the indigent

17 defense panel to represent the defendant.

18        MR. BAKMAN:  Thank you.

19        THE COURT:  You're welcome.  The clerk may proceed.

20        THE CLERK:  Yes, your Honor.  Is Richard Lloyd

21 Terflinger your true name?

22        DEFENDANT TERFLINGER:  Yes, it is.

23        THE CLERK:  Did you hear and understand the

24 statements of this Court pertaining to your rights and the

25 appointment of counsel?

1          **DEFENDANT TERFLINGER:**  Yes, I did.

2          **THE CLERK:**  Did you see and sign a statement of your

3     rights?

4          **DEFENDANT TERFLINGER:**  Yes.

5          **THE CLERK:**  Did you receive a copy of the indictment?

6          **DEFENDANT TERFLINGER:**  Yes, I did.

7          **THE CLERK:**  Do you want the indictment read to you at

8     this time?

9          **DEFENDANT TERFLINGER:**  No.

10          **THE COURT:**  For the record, I notice a request for

11     detention has been filed as to this defendant.

12          This case has been assigned to Judge King.  How will

13     your client be pleading today, counsel?

14          **MR. BAKMAN:**  Not guilty, your Honor.

15          **THE COURT:**  I'll ask the clerk to please take the

16     plea.

17          **THE CLERK:**  Richard Lloyd Terflinger, how do you

18     plead to the charges of the indictment?

19          **DEFENDANT TERFLINGER:**  Not guilty.

20          **THE COURT:**  This case is set for jury trial before

21     Judge King on January 21st, 2003, at 9:30 a.m. in Courtroom

22     660.  Judge King has a discovery order, which I see has been

23     served on defense counsel.

24          There will be a status conference in this matter on

25     January 6th, 2003, at 3:30 p.m. before Judge King.

28

1          Defendant, in the meantime, is remanded back to the

2   custody of the United States marshal.

3          **MR. BAKMAN:**  Thank you.

4          **THE COURT:**  You're welcome.

5          **THE CLERK:**  That concludes the calendar.  All rise.

6       **(Proceeding was adjourned)**

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

July 19, 2007

_____

Signed                                          Dated

*TONI HUDSON, TRANSCRIBER*