ORIGINAL

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE DAVID O. CARTER, JUDGE PRESIDING

UNITED STATES OF AMERICA,

                    Plaintiff,

        vs.

BARRY BYRON MILLS;                  CR-02-938(C)
TYLER DAVIS BINGHAM;                VOL. 3
CHRISTOPHER OVERTON                 STATUS CONFERENCE
GIBSON; EDGAR WESLEY
HEVLE,
                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - -


REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

June 29, 2006


SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

```
 1    APPEARANCES OF COUNSEL:

 2    For the Plaintiff:

 3    DEBRA W. YANG
      United States Attorney
 4    STEVEN D. CLYMER
      Special Assistant United States Attorney
 5    Chief, Criminal Division
      MICHAEL EMMICK
 6    STEPHEN WOLFE
      TERRI FLYNN
 7    JOEY BLANCH
      Assistant United States Attorneys
 8    1400 United States Courthouse
      312 North Spring Street
 9    Los Angeles, CA  90012
      (213) 894-0511
10

11    For Defendant BARRY BYRON MILLS:

12    H. DEAN STEWARD
      LAW OFFICES OF H. DEAN STEWARD
13    107 Avenida Miramar, Suite C
      San Clemente, CA
14    (949) 481-4900

15    MARK F. FLEMING
      LAW OFFICES OF MARK F. FLEMING
16    433 "G" Street, Suite 202
      San Diego, CA  92101
17    (619) 652-9970

18    For Defendant TYLER DAVIS BINGHAM:

19    MICHAEL  V. WHITE
      LAW OFFICES OF MICHAEL V. WHITE
20    1717 Fourth Street, Third Floor
      Santa Monica, CA  90401
21    (310) 576-6242

22    WILLIAM S. HARRIS
      STEWART & HARRIS
23    1499 Huntington Drive, Suite 403
      South Pasadena, CA  91030
24    (626) 441-9300

25
```

```
 1

 2    For Defendant CHRISTOPHER OVERTON GIBSON:

 3    KENNETH A. REED
      LAW OFFICES OF KENNETH A. REED
 4    404 West 4th Street, Suite C
      Santa Ana, CA  92701
 5    (714) 953-7400

 6    For Defendant EDGAR WESLEY HEVLE:

 7    BERNARD J. ROSEN
      LAW OFFICES OF BERNARD J. ROSEN
 8    1717 Fourth Street, Suite 300
      Santa Monica, CA  90401
 9    (310) 451-4577

10    DONALD J. CALABRIA
      LAW OFFICES OF DONALD J. CALABRIA
11    16133 Ventura Boulevard, Suite 600
      Encino, CA  91436
12    (818) 990-0110

13

14

15

16

17

18

19

20

21

22

23

24

25
```

4

1                           INDEX

2                                                    PAGE

3    STATUS CONFERENCE (Cont'd)                        5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    SANTA ANA, CALIFORNIA; THURSDAY, JUNE 29, 2006; 11:45 A.M.

2              (Vol. II reported by Jane Rule.)

3              (Jury not present.)

4              MR. ROSEN:  A normal means of communicating from

5    prison to prison when an inmate gets transferred from one

6    prison to another -- that's one of the means of passing

7    information and passing news.  According to Lee's testimony,

8    there would have been others aware that he was suddenly

9    being transferred back to Marion.  That's all it was.  When

10   you get back there, tell the guys we have had problems here

11   and be on guard.  Get ready.

12             What Mr. Lee then wanted to make of that is on

13   Mr. Lee.  It can't be proof that a rational jury could find

14   beyond a reasonable doubt what was in Mr. Hevle's mind when

15   Lee himself denied anything that -- when asked on cross at

16   the Sahakian trial, which came out affirmatively in this

17   case --

18             Mr. Calabria found his notes.

19             He is at ADX.  At the time, he was in the Control

20   Unit out of the loop, the single most secure unit in the

21   penitentiary.  It's the hole of administrative maximum.

22             We will submit.

23             Counsel, would you care to respond?

24             MS. FLYNN:  No.

25             THE COURT:  All the parties are satisfied?

1             MR. ROSEN:  Yes.

2             THE COURT:  All right, let's do this.  Why don't I

3    send you all to lunch and be back at 1:15.

4             MR. WHITE:  Can we provide the Court with the

5    defense proposed instructions?

6             THE COURT:  Yes.

7             MR. HARRIS:  We renumbered them, Your Honor.

8             THE COURT:  Do you have a copy of this?

9             MR. BLANCH:  Yes.

10            THE COURT:  For the record, we are in recess.

11            (Recess.)

12            (Jury not present.)

13            THE COURT:  We are back on the record.  All

14   counsel and the defendants are present.  The government is

15   present.

16            Have each of you had a chance to examine the

17   exhibit list that Christy passed out?

18            MR. FLEMING:  Yes.

19            THE COURT:  Is this acceptable?

20            MR. FLEMING:  Yes.

21            THE COURT:  Mr. White?

22            MR. WHITE:  Yes.

23            THE COURT:  Mr. Calabria?

24            MR. CALABRIA:  Yes.

25            THE COURT:  Mr. Reed?

1          MR. REED:  Yes.

2          THE COURT:  The government?

3          MS. FLYNN:  Yes.

4          THE COURT:  Also, we just went over informally a

5    redacted copy of the notes that counsel has made.  We are

6    all in agreement the government will start deleting those

7    portions.

8          Have a nice lunch.  We will see you at 1:30

9    instead of 1:15.  Read the instructions over the hour.

10          (Lunch recess.)

11                    *      *      *

1                         1:30 P.M.

2           (Jury not present.)

3           THE COURT:  We are back on the record.  All

4    counsel are present.  The defendants are present, and the

5    government is present.

6           I have got two packets of the defendants'

7    instructions.

8           Christy, I am going to hand those back.

9           I just want one packet back.  I want the packet

10   you are submitting to me.

11          MR. HARRIS:  Are you starting the deletions on the

12   redacted Indictment?

13          MS. FLYNN:  Yes.

14          THE COURT:  About how long do you think before we

15   can consider that again?  An hour?  Two hours?

16          MS. FLYNN:  An hour at the most.

17          THE COURT:  I am not holding you to that time.  I

18   just want to take the instructions next and go back through

19   them again.

20          Counsel, I am going to force us back through these

21   instructions again instruction by instruction.  That will

22   help me create a final record.  Then what we will have is

23   about a week to read all of these at our leisure.  After we

24   go through these and get a general consensus, then we will

25   put them in any order that you choose, and I will let

1    government counsel get together with defense counsel and

2    whatever you each think is appropriate.  If not, then I will

3    just set my own order.

4            Concerning Government's Proposed Instruction No. 1

5    at page 13, any objection?

6            MR. FLEMING:  No.

7            THE COURT:  Concerning Government's Proposed

8    Instruction No. 2, any objections, additions, or deletions?

9            MR. FLEMING:  No.

10           THE COURT:  Concerning Government's Proposed

11   Instruction No. 3, any additions, or deletions?

12           MR. FLEMING:  No.

13           THE COURT:  Concerning Government's Proposed

14   Instruction No. 4, any additions, or deletions?

15           MR. FLEMING:  No.

16           THE COURT:  Concerning Government's Proposed

17   Instruction No. 5, any additions or deletions?

18           MR. FLEMING:  No.

19           THE COURT:  Concerning Governments Proposed

20   Instruction No. 6, any additions or deletions?

21           MR. FLEMING:  No.

22           THE COURT:  Concerning Government's Proposed

23   Instruction No. 7 at page 20, any additions or deletions?

24           MR. FLEMING:  No.

25           THE COURT:  Concerning Government's Proposed

1   Instruction No. 8, page 22, any objections, additions, or

2   deletions?

3               MR. FLEMING:   Is there supposed to be a Subsection

4   (c) on line 5?   That appears to have been mistyped.

5               THE COURT:   Yes.

6               THE COURT:   Concerning Government's Proposed

7   Instruction No. 9, any additions or deletions?

8               MR. FLEMING:   No.

9               THE COURT:   Concerning Government's Proposed

10  Instruction No. 10, any additions or deletions?

11              MR. FLEMING:   No.

12              THE COURT:   As an aside, when you are arguing your

13  case on July 11, remind me to have the lectern turned so

14  it's facing the jury.   Although it may seem like an oddity,

15  in the last couple years in the state court, I got

16  comfortable reading the instructions from the lectern also.

17  It allows me to face the jury, and the TV screens aren't in

18  the way.   Unless any of you object, I would just as soon

19  come down and read the instructions to the jury from the

20  lectern also.

21              MR. FLEMING:   That's fine.

22              THE COURT:   Government's Proposed Instruction No.

23  10, any additions or deletions?

24              MR. FLEMING:   No.

25              THE COURT:   Government's Proposed Instruction No.

```
 1   11, any additions or deletions?

 2            MR. FLEMING:  No.

 3            THE COURT:  Government's Proposed Instruction No.

 4   12, any additions or deletions?

 5            MR. FLEMING:  No.

 6            MR. REED:  There's a typo on line 21 at the end of

 7   the line.

 8            THE COURT:  "In other words, there must be at

 9   least" --

10            MR. REED:  And farther down.  Both ends of that

11   need corrected.

12            THE COURT:  "In other words, there must be at

13   least two specific racketeering acts that all" -- and then

14   just a space -- "of you find were committed by the defendant

15   in order to convict the defendant of Count One."

16            Any other additions or deletions?

17            MR. FLEMING:  No.

18            THE COURT:  Instruction No. 13, any additions or

19   deletions?

20            MR. FLEMING:  No.

21            THE COURT:  I do want typos, so if you see

22   anything, tell me now.

23            Instruction No. 14, page 29, any additions or

24   deletions?

25            MR. FLEMING:  No.
```

```
 1              MR. EMMICK:  Actually, I think I found a typo.  On
 2   page 30, line 12, in the third -- probably the fourth --
 3              THE COURT:  That's right.  We corrected that last
 4   evening.
 5              MR. CALABRIA:  Also, on page 27, line 21, it says
 6   "missed."  I think the word is supposed to be "must."
 7              THE COURT:  We just got that.
 8              Any others on page 14?
 9              MR. FLEMING:  On 29, Your Honor?  No.
10              THE COURT:  On page 29 and page 30?
11              Mr. Calabria, also on that instruction, the "of"
12   and "you" are ran together.  There should be a space there.
13              On page 31, is everybody satisfied?
14              MR. FLEMING:  Yes.
15              THE COURT:  Then I will move on.
16              Page 15 -- now, last evening I tried to go over
17   these again, and I had the terrific idea of trying to
18   combine these into one instruction with a different Georgia
19   code, et cetera.  I agree with you.  It can't be done.  For
20   a while, I thought I could condense this down.  I am firmly
21   convinced, although there is a rereading in a number of the
22   sections, that -- the end result is I am concerned about
23   missing an element without going into each state law, so I
24   think it has to be set out this way.
25              MR. FLEMING:  No objection.
```

1          THE COURT:  Instruction No. 16 starting at page
2   35.

3          MR. FLEMING:  No.

4          THE COURT:  Page 36, page 37, including on page
5   38?

6          MR. FLEMING:  No.

7          THE COURT:  Acceptable?

8          MR. FLEMING:  Yes.

9          THE COURT:  Page 39, which is Instruction No. 17?

10         MR. FLEMING:  No.

11         THE COURT:  Moving to Instruction No. 18,
12  Racketeering Act 6, Thomas Lamb?

13         MR. FLEMING:  No.

14         THE COURT:  Instruction No. 19, page 47, Arva Lee
15  Ray?

16         MR. FLEMING:  No objection to 19, Your Honor.

17         THE COURT:  Instruction No. 20, Racketeering
18  Act --

19         MR. FLEMING:  No objection.

20         THE COURT:  Instruction No. 21, Racketeering Act
21  9, Ismal Benitez Mendez.

22         MR. HARRIS:  No objection.

23         THE COURT:  On page 61, line 23, you are going to
24  move that 3 obviously over and --

25         MR. EMMICK:  Yes.

1           THE COURT:   Instruction No. 22, Racketeering Act
2   10, Joel Burkett?
3           MR. FLEMING:   No objection.
4           THE COURT:   Instruction No. 23, Racketeering Act
5   15, William McKinney?
6           MR. FLEMING:   No objection.
7           THE COURT:   Instruction No. 24, Racketeering Act
8   20, Jimmy Inman?  Wasn't it Jimmy Lee Inman?  Is Lee his
9   middle name?
10           MR. EMMICK:   Yes.
11           THE COURT:   Do you want "Jimmy Lee Inman" in
12   there?
13           MR. EMMICK:   That's fine.
14           MR. FLEMING:   That's fine.
15           THE COURT:   We use Jimmy Lee Inman on line 15, so
16   you are going to insert "Lee."  It should be "Jimmy Lee
17   Inman" in Racketeering Act 20.  He has been referred to as
18   that so many times.
19           MR. FLEMING:   No objection.
20           MR. REED:   Also, it should be at lines 7 and 9 on
21   page 74.   It's already on line 26.
22           THE COURT:   Okay, so on line 7, let's just insert
23   "Lee" so we are consistent, "Jimmy Lee Inman," and on line 9
24   just insert "Lee," "Jimmy Lee Inman," so it's consistent.
25           MR. FLEMING:   Line 22, page 75, and line 26.

1       THE COURT:  On line 26 insert "Lee" and on line

2  22.

3       THE COURT:  Instruction No. 25, Racketeering Act

4  No. 32, Michael Nevergall?

5       MR. FLEMING:  No objection.

6       THE COURT:  Instruction No. 26, do you want Walter

7  Buch Johnson or just leave it Walter Johnson?

8       MR. EMMICK:  We are happy with Walter Johnson.

9       THE COURT:  Counsel?

10       MR. FLEMING:  Leave it.

11       THE COURT:  Okay, Walter Johnson.

12       MR. FLEMING:  No objection.

13       THE COURT:  Instruction No. 27?

14       MR. FLEMING:  No objection.

15       MR. EMMICK:  Your Honor, I think I find a typo on

16  page 83, line 25.  I think this one does not have an (a) and

17  a (b).

18       THE COURT:  Thank you.  So we will strike "of

19  Subpart (a)."

20       MR. EMMICK:  I think it should also be "defendant

21  Mills" rather than "defendants Mills."

22       THE COURT:  Strike the "s" on line 25.

23       Is that acceptable?

24       MR. FLEMING:  Yes.

25       THE COURT:  Government's Proposed Instruction No.

1    28?

2              MR. FLEMING:  No objection.

3              THE COURT:  Instruction No. 29?

4              MR. HARRIS:  No objection.

5              MR. FLEMING:  Page 91, line -- there's just one

6    word on --

7              MR. EMMICK:  I'm with you.

8              Can we force it onto the page by going into the

9    margin on line 28?

10             THE COURT:  You are going to try to force it onto

11   the same page?

12             MR. EMMICK:  Yes.

13             MR. FLEMING:  That's okay.

14             MR. EMMICK:  I think that's fine.

15             THE COURT:  It will just require a renumbering of

16   all the pages.

17             MR. EMMICK:  It's automatic anyway.

18             MR. REED:  There is another page that has the same

19   thing.

20             MS. BLANCH:  I fixed it.

21             THE COURT:  What was the other problem?

22             MR. REED:  I think that occurred on more than one

23   page.

24             THE COURT:  Why don't you find it now.

25             MR. HARRIS:  That's Instruction 30.

```
1              THE COURT:   Instruction 30 does the same thing.
2              MS. BLANCH:   I will fix it.
3              THE COURT:   Moving to Instruction 30 now.
4              MR. FLEMING:   We have no objection to 30.
5              THE COURT:   Instruction No. 31, Racketeering Act
6   41, Byron Ball?
7              MR. EMMICK:   I think on line 5 we have a point of
8   emphasis that could be deemphasized.
9              THE COURT:   So we will take out the underlining on
10  "not."
11             MR. FLEMING:   No objection.
12             THE COURT:   Moving to Instruction No. 32.
13             MR. EMMICK:   Your Honor, on line 22, I see a word
14  that is missing at the end of the line.  It says, "It is not
15  completed until that conspirator has joined the" -- I think
16  the word conspiracy should be in there, and then --
17             MR. REED:   I have a problem with this instruction
18  as a whole.  It smacks as highlighting Mr. Gibson.  I don't
19  recall ever reading an instruction before where an example
20  has used one of the defendants in the case.  If it was the
21  government arguing the instruction, I probably wouldn't
22  care, but the Court reading the instruction -- I think it
23  highlights Mr. Gibson.  By highlighting Mr. Gibson as an
24  example to explain this instruction -- I just think that's a
25  problem, and I am objecting to it.
```

1    MR. FLEMING:  In rereading this instruction, we

2    have an objection to the similar language.  Specifically, on

3    page 98, line 10, where it reads, "It is easy to determine

4    when racketeering acts occurred" -- we object to the

5    language of any inference at all that it's easy to determine

6    when a racketeering act occurred.  We don't think this

7    instruction is even necessary.

8    MR. EMMICK:  I think an instruction of this sort

9    is necessary.  We have no problem changing the language from

10   "It is easy" --

11   THE COURT:  "As I instructed you earlier, to find

12   the defendant guilty of Count One, the government must prove

13   beyond a reasonable doubt that the defendant committed two

14   racketeering acts within a ten-year period as part of a

15   pattern of racketeering."

16   MR. FLEMING:  We don't have any objection to that

17   sentence.

18   THE COURT:  In relooking at this, I don't choose

19   to give examples.  I am going to rework this instruction.

20   MR. EMMICK:  However we may rework it, I do note

21   that there are two underlinings on page 99 that perhaps

22   should be deleted.

23   THE COURT:  You can rework it in just a moment.  I

24   am going to take a recess.

25   Let me take broad categories.  Starting on page

```
 1   98, line 9, you are going to add the word "racketeering
 2   activity."  You are going to strike beginning with "In many"
 3   the entirety of the remainder of that paragraph.  You are
 4   going to start the next paragraph with "The crime of
 5   conspiracy is committed when two persons" -- and that entire
 6   paragraph will be allowed down to line 26 where it says
 7   "withdrawn from the conspiracy."  Everything else is
 8   stricken, including up to -- strike that -- up to page 100.
 9              "These same principles also apply to any
10   racketeering acts charging the defendants with conspiracy."
11   Take out the words "Mills or Bingham," so I have a general
12   instruction.  Also, on line 22, it will read, "However, the
13   crime is not completed until that conspirator has joined the
14   conspiracy and a conspirator has committed an overt act
15   pursuant to that conspiracy."
16              MR. EMMICK:  Fine, Your Honor.
17              THE COURT:  You have got your chart.
18              MR. HARRIS:  While we are on that one, on page
19   100, line 2, you should take out the word "also" because I
20   believe "also" refers to the example.
21              THE COURT:  Instruction No. 33, any disagreement
22   with 33?
23              MR. FLEMING:  No, Your Honor.  Just on page 102 in
24   the box for Frank Rupoli next to conspiracy, it looks like
25   there may be a typo.  Just take out that bracket.
```

```
 1                THE COURT:  Take out that bracket.

 2                THE COURT:  Then 34?

 3                MR. FLEMING:  No objection to 34.

 4                THE COURT:  Why do we have brackets around "Aryan

 5     Brotherhood" on line 14, and on line 16 "various state

 6     laws," and on line 20 --

 7                MR. EMMICK:  Does somebody have a copy of the

 8     Indictment?  I think it's -- "and others," it was because

 9     there were a whole lot of others named.  Let me just take a

10     look.

11                THE COURT:  I hadn't seen "Aryan Brotherhood"

12     bracketed.

13                MR. EMMICK:  Let's take a look.

14                THE COURT:  And the question is even if it's in

15     the Indictment do we want it to be bracketed?

16                MR. EMMICK:  Let's take a look.

17                (Pause in proceedings.)

18                MR. EMMICK:  The problem is we are looking at a

19     copy of the Indictment that has got a lot of deletions

20     already.

21                Do we have one that does not?

22                THE COURT:  Yes.  There are numerous brackets in

23     these instructions.  I don't know why they are there.  You

24     are going to take them out eventually.

25                MR. EMMICK:  In general, if I left a word out, I
```

1  put a bracket.  If there was something else in there,

2  sometimes I put in "and others" rather than all the names.

3          THE COURT:  Take those out.

4          MR. EMMICK:  Your Honor, I would be fine with

5  taking out "and others."

6          THE COURT:  How about "Aryan Brotherhood"?

7          MR. EMMICK:  Just so we are clear I think the "and

8  others" were in reference to --

9          THE COURT:  I understand the reason why, but I

10 don't think we are going to need any brackets.

11         MR. EMMICK:  Do we want to have elipses just to

12 show -- or not?  On line 12, I put "Aryan Brotherhood

13 enterprise."

14         THE COURT:  You are really on line 14.

15         MR. EMMICK:  We are quoting from the Indictment.

16 The Indictment just says "in the conduct or affairs of an

17 enterprise."  We can just take out "Aryan Brotherhood."  I

18 just thought it was clearer, "Aryan Brotherhood."

19         THE COURT:  Take out "Aryan Brotherhood."

20         MR. EMMICK:  Fine.

21         THE COURT:  And take out the parentheses around

22 "various state laws."  On line 20, take out "activities of

23 the."

24         Now, you can include "Aryan Brotherhood

25 enterprise."  I don't want to highlight a word --

1          MR. EMMICK:  Let's back up just one second

2    because --

3          THE COURT:  Let's go off the record for a moment.

4          Mr. Fleming, Mr. White, you can approach

5    Mr. Emmick.  All of you can work it out.  We will let

6    counsel work quitely and look back through all the documents

7    to get rid of the parentheses.  We will take a break so the

8    gentlemen can have a recess at this time.

9          (Recess.)

10          (Vol. V was reported by Debbie Gale.)

11                              -oOo-

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                               -oOo-

2

3                           CERTIFICATE

4

5          I hereby certify that pursuant to Section 753,

6    Title 28, United States Code, the foregoing is a true and

7    correct transcript of the stenographically reported

8    proceedings held in the above-entitled matter and that the

9    transcript page format is in conformance with the

10   regulations of the Judicial Conference of the United States.

11

12   Date:   June 29, 2006

13

14                      Sharon A. Seffens  6/29/06

15                      SHARON A. SEFFENS, U.S. COURT REPORTER

16

17

18

19

20

21

22

23

24

25